UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

JORDAN MANN,

        Plaintiff,

-v-

PLUS ONE FITNESS; TRUMP WORLD TOWERS;
"ROBERT" DOE; JOHN HENDRICK;
JAMIE MACDONALD;
DOES 1-10 INCLUSIVE,

        Defendants.

Civil Action No.:
07-CV-5691

**ANSWER WITH
AFFIRMATIVE
DEFENSES
AND CROSS-CLAIMS**

---

Defendants Board of Managers of Trump World Tower Condominium s/h/a Trump World Towers (the "Board") and John Henriques s/h/a John Hendrick ("Henriques" or collectively, the "Condominium Defendants") appear herein by their attorneys Belkin Burden Wenig & Goldman, LLP and interpose the following Answer with Counterclaims and Cross-Claims to plaintiff Jordan Mann's ("Plaintiff") Second Amended Complaint dated August 1, 2007 (the "Complaint"):

    1.    The Condominium Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, but the Board specifically denies that it had any involvement in Plaintiff's employment with or by Defendant Plus One Fitness.

-2-

2. The Condominium Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs 2 through 8 of the Complaint.

3. The Condominium Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Complaint, but the Board specifically denies any employment of the Plaintiff with or by the Board.

4. The Condominium Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs 10 through 13, 15 through 19, 21 through 24, 26 through 29, 43, 45, 47, 49, 51, 53, 55, 57, and 59 of the Complaint.

5. The Condominium Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs 31 and 32 on page 4 of the Complaint.

6. The Condominium Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs 33 and 34 on page 5 of the Complaint.

7. The Condominium Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 on page 5 of the Complaint, but the Condominium Defendants specifically deny any involvement in Plus One Fitness' personnel decisions.

8. The Condominium Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 30 on page 5 of the Complaint.

9. The Condominium Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 32 on page 5 of the Complaint.

10. The Condominium Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 34 on page 6 of the Complaint.

11. The Condominium Defendants deny the allegations set forth in Paragraphs 14, 20, 25, 37, 39, 41, and 61 through 65 of the Complaint.

12. The Condominium Defendants deny the allegations set forth in Paragraph 30 on page 4 of the Complaint.

13. The Condominium Defendants deny the allegations set forth in Paragraph 36 on page 6 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14. The Condominium Defendants repeat and reallege each and every allegation contained in Paragraphs 1 through 13 of this Answer as if more fully set forth herein at length.

15. The Complaint in this action, as a whole and by its individual causes of action, fails to state any cause of action against the Condominium Defendants upon which relief can be granted.

16. Accordingly, this action must be dismissed as against the Condominium Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17. The Condominium Defendants repeat and reallege each and every allegation contained in Paragraphs 1 through 16 of this Answer as if more fully set forth herein at length.

18. Upon information and belief, any damages sustained by Plaintiff as alleged in the Complaint were caused by the intervening acts of others and not by the Condominium Defendants.

19. This action must be dismissed as against the Condominium Defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20. The Condominium Defendants repeat and reallege each and every allegation contained in Paragraphs 1 through 19 of this Answer as if more fully set forth herein at length.

21. Upon information and belief, the Complaint in this action was not served on the Condominium Defendants in accordance with the law.

22. Upon information and belief, the Complaint in this action was not served on the Board by service on any officer or agent as required by or in accordance with F.R.C.P. Rule 4(h).

23. Upon information and belief, the Complaint in this action was not served on John Henriques by personal service as required by or in accordance with F.R.C.P. Rule 4(e).

24. By virtue of the foregoing, this Court lacks jurisdiction over the Condominium Defendants, and the Complaint must be dismissed as against the Condominium Defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25. The Condominium Defendants repeat and reallege each and every allegation contained in Paragraphs 1 through 24 of this Answer as if more fully set forth herein at length.

-5-

26. There is no contract, agreement or applicable provision of law which obligates the Condominium Defendants to reimburse Plaintiff for her legal fees and expenses.

27. Based upon the foregoing, the Complaint should be dismissed to the extent it seeks from the Condominium Defendants recovery of Plaintiff's legal fees and expenses.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT PLUS ONE FITNESS

28. The Condominium Defendants repeat and reallege each and every allegation contained in Paragraphs 1 through 27 of this Answer as if more fully set forth herein at length.

29. On or about July 1, 2005, the Board entered into a Management Agreement with Plus One Health Management, Inc. s/h/a Plus One Fitness ("Plus One Fitness") pursuant to which Plus One Fitness operates the health club (the "Health Club") at 845 U.N. Plaza, New York, New York 10017 (the "Condominium").

30. Pursuant to the terms of the Management Agreement, Plus One Fitness is obligated to indemnify and hold harmless the Board and its officers, members, directors, employees and agents from all liability whatsoever to all persons, including employees of Plus One Fitness, arising out of the acts, errors, or omissions in the performance of services by Plus One Fitness.

31. In the event that judgment is rendered in Plaintiff's favor and against the Condominium Defendants in this action, the Condominium Defendants are entitled to contractual indemnification and/or contribution from Plus One Fitness, and judgment over against Plus One Fitness in the full amount of any such judgment against Condominium Defendants.

## AS AND FOR A SECOND CROSS-CLAIM
## AGAINST DEFENDANT PLUS ONE FITNESS

32. The Condominium Defendants repeat and reallege each and every allegation contained in Paragraphs 1 through 31 of this Answer as if more fully set forth herein at length.

33. Since on or about July 1, 2005, Plus One Fitness operated the Health Club in the Condominium.

34. Upon information and belief, Plaintiff was hired by Plus One Fitness to work in the Health Club in the Condominium.

35. Upon information and belief, Plaintiff was discharged from her employment at the Health Club in the Condominium.

36. The Condominium Defendants were not involved in Plaintiff's hiring for her employment at the Health Club in the Condominium.

37. The Condominium Defendants were not involved in supervising Plaintiff's employment at the Health Club in the Condominium.

38. The Condominium Defendants were not involved in Plaintiff's discharge from her employment at the Health Club in the Condominium.

39. In the event that judgment is rendered in Plaintiff's favor and against the Condominium Defendants in this action, the Condominium Defendants are entitled to common law indemnification and/or contribution from Plus One Fitness, and judgment over against Plus One Fitness in the full amount of any such judgment against Condominium Defendants.

**WHEREFORE**, Defendants the Board of Managers of Trump World Tower Condominium and John Henriques respectfully request the following relief:

(a) A judgment dismissing the Second Amended Complaint against the Board of Managers of Trump World Tower Condominium and John Henriques in its entirety, with prejudice;

(b) On the first cross-claim against Defendant Plus One Fitness, awarding the Board of Managers of Trump World Tower Condominium and John Henriques judgment against Plus One Fitness for any sums that Defendants, jointly or individually, are adjudged to owe to Plaintiff, by contractual indemnification and/or contribution;

(c) On the second cross-claim against Defendant Plus One Fitness, awarding the Board of Managers of Trump World Tower Condominium and John Henriques judgment against Plus One Fitness for any sums that Defendants, jointly or individually, are adjudged to owe to Plaintiff, by common law indemnification and/or contribution; and

(d) Awarding the Board of Managers of Trump World Tower Condominium and John Henriques such other and further relief as to this Court may seem just and proper under the circumstances.

Yours, etc.

Dated:  New York, New York
        September 4, 2007

BELKIN BURDEN WENIG & GOLDMAN, LLP
Attorneys for Defendants Board of Managers of Trump World Tower Condominium and John Henriques
270 Madison Avenue
New York, New York 10016
(212) 867-4466

By: _____
Sofia Lambrou, Esq. (SL0200)

-8-

TO:  Nkereuwem Inyang Umoh
Law Office of Uwem Umoh
Attorney for Plaintiff
255 Livingston Street
4th Floor
Brooklyn, NY 11217
(718) 360-0527
(718) 360-1916 (fax)
<u>numoh@umohlaw.com</u>

Deborah Ann Martin Norcross
Martinnorcross LLC
Attorney for Defendants Plus One Fitness and Jamie MacDonald
60 Marion Road West
Princeton, NJ 08540
(609) 249-5860
(609) 945-3912 (fax)
dmnorcross@martinnorcross.com