UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jordan Mann, | CIVIL ACTION NO. |
| Plaintiff, | 07-CV-5691 (NRB/DF) |
| v. | |
| Plus One Fitness; Trump World Towers; "Robert" Doe; Jamie MacDonald; Does 1 – 10 inclusive, | |
| Defendant(s). | |

**FIRST AMENDED ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANTS NAMED HEREIN AS PLUS ONE FITNESS AND JAMIE MacDONALD**

DEFENDANTS Plus One Holdings, Inc. (Plus One), named herein as Plus One Fitness, and Jamie McDonald, through their attorneys MARTINNORCROSS LLC, hereby respond to the allegations contained in the Second Amended Complaint as follows:

**AS TO INTRODUCTION**

1.  Deny the allegations contained in paragraph 1 of the Second Amended Complaint, except admit that plaintiff seeks the relief recited therein.

**AS TO JURISDICTION AND VENUE**

2.  Deny the allegations contained in paragraph 2 of the Second Amended Complaint, except admit that this Court has jurisdiction over this matter.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Second Amended Complaint, except admit that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and that the charge sent to Plus One was designated Charge No. 520-2006-01431.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Second Amended Complaint, except admit that the EEOC issued a Notice of Right to Sue and deny that a copy of the charge was attached to the Second Amended Complaint that was served on Plus One.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Second Amended Complaint.

6. Deny the allegations contained in paragraph 6 of the Second Amended Complaint, except admit that venue in this District is proper.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Second Amended Complaint.

## AS TO PARTIES

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Second Amended Complaint.

9. Deny the allegations contained in paragraph 9 of the Second Amended Complaint, except admit that plaintiff was hired by Plus One in August 2002, that she worked as a massage therapist and subsequently as a receptionist at Trump World Towers, and that she was terminated on or about June 16, 2006.

10. Deny that any answer is required to the allegations contained in paragraph 10 of the Second Amended Complaint to the extent that they assert conclusions of law, but admit that Plus One employed plaintiff.

11. Admit the allegations contained in paragraph 11 of the Second Amended Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Second Amended Complaint, except admit that Mr. MacDonald resides in New York and is and was employed by Plus One.

13. Deny the allegations contained in paragraph 13 of the Second Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Second Amended Complaint, except deny that any unlawful conduct occurred in connection with Plaintiff.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Second Amended Complaint, except deny that any unlawful conduct occurred in connection with plaintiff.

### AS TO FACTUAL ALLEGATIONS

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Second Amended Complaint, except admit that Plus One employed plaintiff; that plaintiff held the positions of massage therapist and receptionist at different times; and that plaintiff's last annualized rate of pay was approximately $20,000.00.

17.     Admit the allegations contained in paragraph 17 of the Second Amended Complaint.

18.     Deny the allegations contained in paragraph 18 of the Second Amended Complaint.

19.     Deny the allegations contained in paragraph 19 of the Second Amended Complaint.

20.     Deny the allegations contained in paragraph 20 of the Second Amended Complaint.

21.     Deny the allegations contained in paragraph 21 of the Second Amended Complaint.

22.     Deny the allegations contained in paragraph 22 of the Second Amended Complaint.

23.     Deny the allegations contained in paragraph 23 of the Second Amended Complaint.

24.     Deny the allegations contained in paragraph 24 of the Second Amended Complaint.

25.     Admit the allegations contained in paragraph 25 of the Second Amended Complaint.

26.     Defendants are incapable of answering the allegations contained in paragraph 26 of the Second Amended Complaint because it is too vague as to time, place, and content. Defendants admit, however, that Plus One personnel discussed grooming standards with plaintiff.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Second Amended Complaint, except admit that John Henriques, on behalf of the Board of Managers of Trump World Towers Condominiums (TWT), had complained to Plus One about plaintiff's performance and told Plus One that plaintiff could not continue to work at the TWT facility because of her inappropriate conduct after June 8, 2006.

28. Deny the allegations contained in paragraph 28 of the Second Amended Complaint.

29. Deny the allegations contained in paragraph 29 of the Second Amended Complaint.

30. Deny the allegations contained in paragraph 30 of the Second Amended Complaint.

31. Deny the allegations contained in paragraph 30 of the Second Amended Complaint.

32. Deny the allegations contained in paragraph 32 of the Second Amended Complaint.

33. Deny the allegations contained in paragraph 33 of the Second Amended Complaint, except admit that a TWT resident behaved inappropriately toward plaintiff on or about June 8, 2006.

34. Deny the allegations contained in paragraph 34 of the Second Amended Complaint, except admit that plaintiff was allowed to go home early on or about June 8, 2006.

35. Deny the allegations contained in paragraph 35 of the Second Amended Complaint, except admit that plaintiff was terminated on or about June 16, 2006.

## AS TO FIRST CAUSE OF ACTION

36. Repeat and reallege their responses to the allegations contained in paragraphs 1 through 35 of the Second Amended Complaint as if fully set forth in response to paragraph 34 of the Second Amended Complaint.

37. Deny the allegations contained in paragraph 37 (inaccurately numbered "30") of the Second Amended Complaint.

## AS TO SECOND CAUSE OF ACTION

38. Repeat and reallege their responses to the allegations contained in paragraphs 1 through 37 of the Second Amended Complaint as if fully set forth in response to paragraph 38 (inaccurately numbered "31") of the Second Amended Complaint.

39. Deny the allegations contained in paragraph 39 (inaccurately numbered "32") of the Second Amended Complaint.

## AS TO THIRD CAUSE OF ACTION

40. Repeat and reallege their responses to the allegations contained in paragraphs 1 through 39 of the Second Amended Complaint as if fully set forth in response to paragraph 40 (inaccurately numbered "33") of the Second Amended Complaint.

41. Deny the allegations contained in paragraph 41 (inaccurately numbered "34") of the Second Amended Complaint.

## AS TO FOURTH CAUSE OF ACTION

42. Repeat and reallege their responses to the allegations contained in paragraphs 1 through 41 of the Second Amended Complaint as if fully set forth in response to paragraph 42 (inaccurately numbered "35") of the Second Amended Complaint.

43. Deny the allegations contained in paragraph 43 (inaccurately numbered "36") of the Second Amended Complaint.

44. Deny the allegations contained in paragraph 44 (inaccurately numbered "37") of the Second Amended Complaint.

### AS TO FIFTH CAUSE OF ACTION

45. Repeat and reallege their responses to the allegations contained in paragraphs 1 through 44 of the Second Amended Complaint as if fully set forth in response to paragraph 45 (inaccurately numbered "38") of the Second Amended Complaint.

46. Deny the allegations contained in paragraph 46 (inaccurately numbered "39") of the Second Amended Complaint.

### AS TO SIXTH CAUSE OF ACTION

47. Repeat and reallege their responses to the allegations contained in paragraphs 1 through 46 of the Second Amended Complaint as if fully set forth in response to paragraph 47 (inaccurately numbered "40") of the Second Amended Complaint.

48. Deny the allegations contained in paragraph 48 (inaccurately numbered "41") of the Second Amended Complaint.

### AS TO SEVENTH CAUSE OF ACTION

49. Repeat and reallege their responses to the allegations contained in paragraphs 1 through 48 of the Second Amended Complaint as if fully set forth in response to paragraph 49 (inaccurately numbered "42") of the Second Amended Complaint.

50. Deny the allegations contained in paragraph 50 (inaccurately numbered "43") of the Second Amended Complaint.

### AS TO EIGHTH CAUSE OF ACTION

51. Repeat and reallege their responses to the allegations contained in paragraphs 1 through 50 of the Second Amended Complaint as if fully set forth in response to paragraph 51 (inaccurately numbered "44") of the Second Amended Complaint.

52. Deny the allegations contained in paragraph 52 (inaccurately numbered "45") of the Second Amended Complaint.

### AS TO NINTH CAUSE OF ACTION

53. Repeat and reallege their responses to the allegations contained in paragraphs 1 through 52 of the Second Amended Complaint as if fully set forth in response to paragraph 53 (inaccurately numbered "46") of the Second Amended Complaint.

54. Deny the allegations contained in paragraph 54 (inaccurately numbered "47") of the Second Amended Complaint.

### AS TO TENTH CAUSE OF ACTION

55. Repeat and reallege their responses to the allegations contained in paragraphs 1 through 54 of the Second Amended Complaint as if fully set forth in response to paragraph 55 (inaccurately numbered "48") of the Second Amended Complaint.

56. Deny the allegations contained in paragraph 56 (inaccurately numbered "49") of the Second Amended Complaint.

### AS TO ELEVENTH CAUSE OF ACTION

57. Repeat and reallege their responses to the allegations contained in paragraphs 1 through 56 of the Second Amended Complaint as if fully set forth in response to paragraph 57 (inaccurately numbered "50") of the Second Amended Complaint.

58. Deny the allegations contained in paragraph 58 (inaccurately numbered "51") of the Second Amended Complaint.

## AS TO TWELFTH CAUSE OF ACTION

59. Repeat and reallege their responses to the allegations contained in paragraphs 1 through 58 of the Second Amended Complaint as if fully set forth in response to paragraph 59 (inaccurately numbered "52") of the Second Amended Complaint.

60. Deny the allegations contained in paragraph 60 (inaccurately numbered "53") of the Second Amended Complaint

## AS TO THIRTEENTH CAUSE OF ACTION

61. Repeat and reallege their responses to the allegations contained in paragraphs 1 through 60 of the Second Amended Complaint as if fully set forth in response to paragraph 61 (inaccurately numbered "54") of the Second Amended Complaint.

62. Deny the allegations contained in paragraph 62 (inaccurately numbered "55") of the Second Amended Complaint.

## AS TO FOURTEENTH CAUSE OF ACTION

63. Repeat and reallege their responses to the allegations contained in paragraphs 1 through 62 of the Second Amended Complaint as if fully set forth in response to paragraph 63 (inaccurately numbered "56") of the Second Amended Complaint.

64. Deny the allegations contained in paragraph 64 (inaccurately numbered "57") of the Second Amended Complaint.

## AS TO FIFTEENTH CAUSE OF ACTION

65.     Repeat and reallege their responses to the allegations contained in paragraphs 1 through 64 of the Second Amended Complaint as if fully set forth in response to paragraph 65 (inaccurately numbered "58") of the Second Amended Complaint.

66.     Deny the allegations contained in paragraph 66 (inaccurately numbered "59") of the Second Amended Complaint.

## AS TO SIXTEENTH CAUSE OF ACTION

67.     Repeat and reallege their responses to the allegations contained in paragraphs 1 through 66 of the Second Amended Complaint as if fully set forth in response to paragraph 67 (inaccurately numbered "60") of the Second Amended Complaint.

68.     Deny the allegations contained in paragraph 68 (inaccurately numbered "61") of the Second Amended Complaint, except admit that plaintiff's employment with Plus One was at-will, and denies knowledge or information sufficient to form a belief as to what if any knowledge Defendants Henriques, Trump World Tower, or "Robert Doe" may have possessed.

69.     Deny that any response is required of these Defendants because the allegations contained in paragraph 69 (inaccurately numbered "62") of the Second Amended Complaint are directed solely to other defendants. To the extent that a response may be required of these Defendants, deny said allegations except admit that neither John Henriques nor the TWT resident identified as "Robert" were parties to a contract with Plus One.

70.     Deny the allegations contained in paragraph 70 (inaccurately numbered "63") of the Second Amended Complaint.

71. Deny that any response is required of these Defendants because the allegations contained in paragraph 71 (inaccurately numbered "64") of the Second Amended Complaint are directed solely to other defendants. To the extent that a response may be required of these Defendants, deny said allegations.

72. Deny the allegations contained in paragraph 72 (inaccurately numbered "65") of the Second Amended Complaint.

## AS AND FOR A FIRST DEFENSE

73. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

74. Plaintiff's claims are barred by the applicable statute(s) of limitations and/or the doctrine of laches.

## AS AND FOR A THIRD DEFENSE

75. Plaintiff's claims are barred by her failure to satisfy the conditions precedent or jurisdictional prerequisites for asserting or maintaining said claims.

## AS AND FOR A FOURTH DEFENSE

76. Plaintiff's federal statutory claims against Defendant MacDonald are barred because said claims are not actionable against individuals.

## AS AND FOR A FIFTH DEFENSE

77. Plaintiff's federal constitutional claims are barred because said claims are not actionable against private entities or individuals.

## AS AND FOR A SIXTH DEFENSE

78. Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A SEVENTH DEFENSE

79. Plaintiff's claims for damages are barred or reduced by the requirement that she mitigate her alleged damages.

## AS AND FOR AN EIGHTH DEFENSE

80. The actions taken by Plus One and Mr. MacDonald in connection with Plaintiff were undertaken in good faith for legitimate, non-discriminatory, and non-retaliatory business reasons.

## AS AND FOR A NINTH DEFENSE

81. Plaintiff's claims are barred by the after-acquired evidence doctrine.

## AS AND FOR A TENTH DEFENSE

82. Plaintiff's contract claims are barred because she was employed at-will, subject to termination without notice or cause.

## AS AND FOR AN ELEVENTH DEFENSE

83. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## AS AND FOR A TWELFTH DEFENSE

84. Plaintiff's contract claims are barred because she failed to perform the terms and conditions she was required to perform as an employee of Plus One.

## AS AND FOR A THIRTEENTH DEFENSE

85. Plaintiff's claims are barred or reduced to the extent that her alleged damages were proximately caused by her own acts or omissions, by the acts or omissions of others for whom Defendants are not liable, or by other independent intervening causes that Defendants did not control or have the right to control.

## AS AND FOR A FOURTEENTH DEFENSE

86. Plaintiff's hostile work environment claims are barred by the doctrine set forth in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

### AS AND FOR A FIFTEENTH DEFENSE

87. Plaintiff's claims are barred because Plus One took prompt and effective remedial action to address her complaints.

**WHEREFORE**, Defendants Plus One Holdings, Inc. and Jamie MacDonald respectfully request that the Court: (1) dismiss this action in its entirety; (2) deny each and every prayer for relief contained in the Second Amended Complaint; (3) order Plaintiff to pay to Defendants the costs, including attorneys' fees, Defendants incur in defending this meritless, vexatious, and frivolous action; and (4) award to Defendants such other and further relief as the Court may deem just and appropriate.

Yours, etc.

MARTINNORCROSS LLC
RCG Suite, 26th Floor
110 Wall Street
New York, New York 10004
    --
60 Marion Road West
Princeton, New Jersey 08540
Tel: (609) 249-5860
Fax: (609) 945-3912
dmnorcross@martinnorcross.com

By:   /s/  **Deborah Martin Norcross**
      Deborah Martin Norcross (DN0289)

December 21, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of December, 2007, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Nkereuwem Inyang Umoh, Esq.
Attorney for Plaintiff
255 Livingston Street, 4th Floor
Brooklyn, NY 11217
numoh@umohlaw.com


Harold J. Derschowitz, Esq.
LESTER SCHWAB KATZ & DWYER, LLP
Attorneys for Defendants Board of Managers of Trump World Tower Condominium and John Henriques
120 Broadway
New York, NY 10271
hderschowitz@lskdnylaw.com


By:   **/s/ Deborah Martin Norcross**
Deborah Martin Norcross (DN0289)

December 21, 2007