# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Jordan Mann
        Plaintiff(s),

v.

Plus One Fitness; Trump World Towers
"Robert" Doe; John Henriques
Jamie MacDonald
Does 1-10 inclusive
        Defendant(s)

CIVIL ACTION NO. 07 CV 5691
THIRD AMENDED COMPLAINT

JURY TRIAL DEMANDED



Plaintiff JORDAN MANN as and for her complaint, by her undersigned counsel, allege as follows:

## INTRODUCTION

1. This is a suit to obtain relief for retaliation, hostile work environment, and racial discrimination s arising from the ill-treatment and termination of plaintiff's employment by Plus One Fitness ("Plus One") and Trump Towers , ( "Trump") on or about June 16, 2006. The Plaintiff also seeks to recover damages for Common Law Tortious Interference with Contractual Relations.

## JURISDICTION and VENUE

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C.A. §2000e-5(f) and 28 U.S.C.A. §§ 1331 and 1343(4), 29 U.S.C.A. §216, et seq. and 29 U.S.C.A. §216(b), 28 U.S.C.A. §§1343 and 1343(4) and under 42 U.S.C.A. §1981, 29 U.S.C.A. §207(a)(1). This Court's supplemental jurisdiction is invoked on state law claims pursuant to 28 U.S.C.A. § 1367. Venue is proper under 28 U.S.C. § 1391, as the events in question occurred in New York County, New York.

1

3. A charge of discrimination by plaintiff was filed with the Equal Employment Opportunity Commission ("EEOC") on or about June 23, 2006 (Charge No. 520-2006-01431).

4. On or about March 23, 2007, plaintiff received from the EEOC a notice informing her of her right to sue, attached here as Exhibit A.

5. Plaintiff has complied with all prerequisites to jurisdiction in this Court under Title VII.

6. As the unlawful employment practices complained of herein occurred within the New York Judicial District, venue is proper in this District.

7. Before the institution of this action, plaintiff served a copy of this complaint on the City Corporation Counsel's Office as well as on the New York Commission on Human Rights in accordance with the requirements of the Administrative Code of the City of New York §8-502(c).

## PARTIES

8. The plaintiff, Jordan Mann, female, is a resident of the City, County and State of New York.

9. Plaintiff was employed by defendant Plus One Fitness on or about August 8, 2002. Plaintiff worked as a message therapist. Subsequently she assumed a position as a receptionist at Trump World Towers. She was terminated on or about June 16, 2006.

10. At all times relevant plaintiff was an "employee" of Plus One Fitness within the meaning of the aforementioned statutes.

11. Upon information and belief, Plus One is a New York corporation, and is engaged in business in the state of New York, with an office and place of business in New York, New York.

12. Defendant MacDonald, upon information and belief, resides in New York. At all times relevant herein, MacDonald was employed by Plus One Fitness.

13. As plaintiff's supervisor during her employment at Plus One Fitness, MacDonald had the power to make personnel decisions regarding Jordan Mann's employment. MacDonald has aided and abetted the unlawful conduct described herein

14. Upon information and belief, at all relevant times, John Henriques was an employee of Trump Towers and aided and abetted the unlawful conduct described herein.

15. At all relevant times Robert "Doe" was a resident of Trump World Towers and aided and abetted the unlawful conduct described herein.

## FACTUAL ALLEGATIONS

16. Plus One hired Jordan Mann at a salary of approximately $20,000.00 per annum. She was employed as a receptionist and massage therapist, for which she earned approximately $10,000.

17. Plaintiff was hired on or about August 2002.

18. At all times plaintiff was competent and qualified for this position.

19. At all times herein, plaintiff was an exemplary employee and did not disobey orders and directives from her superiors.

20. During plaintiff's employment she was the target of racial hostility by the defendants stemming from her "Afro" hair style.

21. The actions of MacDonald injected hostility into the work environment.

22. On or about April 5, 2006, MacDonald visited the Plus One facility, looked at plaintiff and his body jolted back in disgust. With his hand on his waist he asked plaintiff is Tom

3

had talked to her about her hair. He went on to state that her hair was inappropriate for the site and it must be changed.

23. Plaintiff asked if he was joking, and when it became clear he was not, Ms. Mann indicated that his statement was racially insensitive.

24. Nevertheless, MacDonald remained adamant and insisted she change her hair.

25. Plaintiff was given a "grooming standard" from Trump Towers.

26. A meeting was held to discuss the issue and plaintiff indicated her hair did not violate any of their standards.

27. During plaintiff's employment she was informed that John Hendrick, on behalf of Trump Towers, had informed Plus One that plaintiff had violated Trump Tower policy with her hair and they wanted her removed from the premises.

28. Shortly thereafter, a meeting was held with Human Resources Manager, Heather Davis who stated that plaintiff had to either cut her hair or get a transfer, stating that "people shouldn't be shocked when they come off the elevator."

29. Human Resources proposed placing plaintiff in a position when it opened up 2 months later, but refused to state whether plaintiff would be paid.

30. Plaintiff then informed the defendants of the EEOC filing and the meeting was immediately adjourned.

31. The next day the Chief Operating Officer paid plaintiff an impromptu visit, again reiterating the previous demands that plaintiff change her hair.

32. On or about April 21, 2006, Plaintiff met with the Vice President of Human Resources, Bob Welter. In this meeting a measurement of plaintiff's hair was taken, the result of

which indicated her hair fell within the company guidelines, i.e. no longer than 3 inches. Nevertheless, Welter directed plaintiff not to return to work that day, insisting she consider what to do about her hair.

33. On or about June 8, 2006, while plaintiff was a pool lifeguard, a patron of Trump Towers, Robert "Doe" harassed her and cursed at her because he wrongly believe she was about to give out his contact information. His actions continued the following day and were so egregious that plaintiff had to call the police.

34. However, Robert was allowed to continue working out at the facility and plaintiff was sent home.

35. On or about June 16, 2006, Plaintiff was told she was fired from all Plus One facilities as well as all Trump Tower sites. It was stated that her hair violated Trump Towers policy and Trump Towers has requested her removal from the building.

## AS AND FOR A FIRST CAUSE OF ACTION

36. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

30. In light of the foregoing therefore, Plus One and Jamie MacDonald subjected plaintiff to a discriminatory hostile work environment on account of her race, being black, in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq.

## AS AND FOR A SECOND CAUSE OF ACTION

31. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

32. The Plus One and Jamie MacDonald terminated plaintiff from employment on account of her race, being Black, in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq.

## AS AND FOR A THIRD CAUSE OF ACTION

33. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

34. The Plus One and Jamie MacDonald retaliated against plaintiff by terminating her employment, because she complained about the racially discriminatory treatment she was subjected to, in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq.

## AS AND FOR A FOURTH CAUSE OF ACTION

35. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

36. In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory hostile work environment on account of her race, being black, in violation of the Civil Rights Act of 1866, an amended 42 U.S.C. Section 1981.

37. Defendant's employment practices and procedures have a disparate impact on plaintiff's equal employment opportunity based on her race, in violation of the Civil Rights Act of 1866, as amended 42 U.S.C. §1981.

## AS AND FOR A FIFTH CAUSE OF ACTION

38. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

39. The defendants terminated plaintiff from employment on account of her race, being Black, in violation of the Civil Rights Act of 1866, as amended 42 U.S.C. Section 1981.

## AS AND FOR A SIXTH CAUSE OF ACTION

40. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

41. The defendants retaliated against plaintiff by terminating her employment, because she complained about the racially discriminatory treatment she was subjected to, in violation of the Civil Rights Act of 1866, as amended 42 U.S.C. Section 1981.

### AS AND FOR A SEVENTH CAUSE OF ACTION

42. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

43. Plus One and Jamie MacDonald retaliated against plaintiff by terminating plaintiff's employment for complaining about discriminatory employment practices to which she was subjected based on her race and/or national origin, in violation of New York State Executive Law (Human Rights Law) §296.

### AS AND FOR AN EIGHTH CAUSE OF ACTION

44. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

45. In light of the foregoing therefore, the Plus One and Jamie MacDonald subjected plaintiff to a discriminatory hostile work environment on account of her race, being black, in violation of the New York State Executive Law (Human Rights Law) §296.

### AS AND FOR A NINTH CAUSE OF ACTION

46. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

47. Plus One and Jamie MacDonald terminated plaintiff from employment on account of her race, being Black, in violation of the New York State Executive Law (Human Rights Law) §296.

### AS AND FOR A TENTH CAUSE OF ACTION

48. Plaintiff repeats and re-alleges each allegation set forth above in support of this

count.

49. The Plus One and Jamie MacDonald terminated plaintiff's employment on account of her race and/or national origin, in violation of the Administrative Code of the City of New York, §§8-107.1(a) et seq.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION

50. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

51. In light of the foregoing therefore, Plus One and Jamie MacDonald subjected plaintiff to a discriminatory hostile work environment on account of her race, being black, in violation of the Administrative Code of the City of New York, §§8-107.1(a) et seq.

### AS AND FOR A TWELFTH CAUSE OF ACTION

52. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

53. Plus One and Jamie MacDonald retaliated against plaintiff by terminating plaintiff's employment for complaining about discriminatory employment practices to which she was subjected based on her race and/or national origin, in violation of Administrative Code of the City of New York, §§8-107.1(a) et seq.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION

54. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

55. Plus One and Jamie MacDonald discriminated against plaintiff by terminating plaintiff's employment for engaging in lawful off-duty activities in violation of N.Y. Lab. L. §201-d

### AS AND FOR A FOURTEENTH CAUSE OF ACTION

56. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

57. Plus One and Jamie MacDonald's actions negligently inflicted plaintiff with emotional distress, the effects of which plaintiff continues to suffer from.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION

58. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

59. Plaintiff had an at-will contract of employment with Plus One, and had a reasonable expectation of its continued existence. Defendants John Henriques, Trump World Towers and Robert Doe knew that plaintiff had said contract, but intentionally and arbitrarily procured the breach of same by terminating plaintiff's employment thereof.

60. Defendants John Henriques, Trump World Towers and Robert Doe were not parties to said contract, thus in terminating same arbitrarily, acted in violation of a duty owed to plaintiff by virtue of a special and confidential relationship between herself and Plus One.

61. In terminating plaintiff's employment on the basis of race and national origin, defendants acted in bad faith, self-interest, malice and personal animosity toward plaintiff, thus exceeded the limits of her authority. With reference to the foregoing therefore, their actions were neither justified nor taken in the interest of Plus One.

62. In termination plaintiff's employment, defendants John Henriques, Trump Towers and Robert "Doe" acted outside the boundaries of their employment and relationship with Plus One and intentionally and tortiously interfered with plaintiff's contract of employment with Plus One, and by so doing became liable to Plaintiff for the Common Law of Tortious Interference with Contractual Relations.

63. As actions of the defendants were callous, reckless, willful and totally in disregard of plaintiff's rights, plaintiff is therefore entitled to punitive damages against them

9

## PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Plaintiff Jordan Mann, demands judgment as follows:

1. against defendants, declaring the acts and practices complained of herein are in violation of Title VII, Section 1981, New York State Human Rights Law, the New York City Administrative Law and the common law of New York;

2. enjoining and permanently restraining these violations of Title VII, the New York State Human Rights Law, the New York City Administrative Law.

3. directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities;

4. directing defendants to make them whole for all earnings she would have received but for defendants' unlawful conduct, including, but not limited to, wages, pension, bonuses, and other lost benefits;

5. Directing defendants Plus One to reinstate plaintiff or if reinstatement is not possible, to award plaintiff front pay, including, but not limited to, wages, pension, bonuses, and lost benefits;

6. Directing defendants to pay plaintiff an additional amount as compensatory damages for her pain and suffering;

7. Directing defendants to pay plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for plaintiff's statutory rights;

8. Awarding plaintiff such interest as is allowed by law;

9. Awarding plaintiff reasonable attorneys' fees and costs;

10. Trial by Jury; and

11. Granting such and further relief as this Court deems necessary and proper.

**2. Under common Law of Tortuous Interference with Contractual Relations against John Henriques, Robert "Doe" and Trump World Towers:**

Awarding plaintiff such damages as may be proved at trial, including reinstatement, back pay, front pay, compensatory damages and punitive damages as well as costs and disbursements of this action.

Dated: Brooklyn, New York

January 22, 2008

Respectfully submitted,

Law Offices of Chidi Eze

NKEREUWEM UMOH [NU 7233]
Attorney for Plaintiff
255 Livingston Street, 4th Floor
Brooklyn, NY 11217
718.360.0527

TO:
Defendant's Address:
Plus One Fitness
75 Maiden Lane
New York, NY 10038

Trump World Towers
120 Broadway
New York, NY 10271