**LSK&D #: 163-8001 / 979877**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JORDAN MANN,

|  | **Docket No.: 07 CV 5691 (NRB)** |
|---|---|

Plaintiff,

-against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN
HENRIQUES, JAMIE MACDONALD DOES 1-
10 Inclusive

Defendants.
-----------------------------------------------------------------x

**ANSWER TO THIRD
AMENDED COMPLAINT
WITH AFFIRMATIVE
DEFENSES AND
CROSS-CLAIMS**

**DEFENDANTS DEMAND
TRIAL BY JURY**

Defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER

CONDOMINIUM, s/h/i as "TRUMP WORLD TOWERS", and JOHN HENRIQUES, by

their attorneys, LESTER SCHWAB KATZ & DWYER, LLP, answering plaintiff's Third

Amended Complaint dated January 22, 2008, respectfully state as follows:

<u>ANSWERING INTRODUCTION</u>

1.  Deny any knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "1" of the Third Amended Complaint,

except deny the answering defendants had any involvement in plaintiff's employment

with or by defendant, PLUS ONE FITNESS.

<u>ANSWERING JURISDICTION AND VENUE</u>

2.    Deny any knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "2" of the Third Amended Complaint, but

begs leave to refer all questions of law to the Court at the trial of this action.

3.      Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action, and refers to any such documents for their terms and contents.

4.      Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action, and refers to such document for its terms and contents.

5.      Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

6.      Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action, except deny that any unlawful employment practices occurred.

7.      Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

## ANSWERING PARTIES

8.      Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Third Amended Complaint.

9.      Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Third Amended Complaint,

except deny any employment of the plaintiff with or by the BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM.

10.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Third Amended Complaint.

11.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Third Amended Complaint.

12.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Third Amended Complaint.

13.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Third Amended Complaint.

14.    Deny each and every allegation contained in paragraph "14" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

15.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action, except deny that any unlawful conduct occurred as alleged.

## **ANSWERING FACTUAL ALLEGATIONS**

16.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Third Amended Complaint.

17.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Third Amended Complaint.

18.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Third Amended Complaint.

19.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Third Amended Complaint.

20.    Deny each and every allegation contained in paragraph "20" of the Third Amended Complaint as to defendants BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, but begs leave to refer all questions of law to the Court at the trial of this action.

21.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Third Amended Complaint.

22.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Third Amended Complaint.

23.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Third Amended Complaint.

24.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Third Amended Complaint.

25.    Deny each and every allegation contained in paragraph "25" of the Third Amended Complaint.

26.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Third Amended Complaint.

27.    Deny each and every allegation contained in paragraph "27" of the Third Amended Complaint.

28.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Third Amended Complaint.

29.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Third Amended Complaint.

30.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" on page 4 of the Third Amended Complaint.

31.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" on page 4 of the Third Amended Complaint.

32.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first numbered paragraph "32" on pages 4 and 5 of the Third Amended Complaint.

33.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" on page 5 of the Third Amended Complaint.

34.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" on page 5 of the Third Amended Complaint.

35.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "35" on page 5 of the Third Amended Complaint, except deny that the answering defendants had requested plaintiff's removal

from the building and due to her hair, and deny that the answering defendants had any involvement in PLUS ONE FITNESS' personnel decisions.

## ANSWERING THE FIRST CAUSE OF ACTION

36.    In answering paragraph "36" on page 5 of the Third Amended Complaint, the answering defendants repeat, reiterate and reallege each and every denial hereinbefore made with the same force and effect as though the same were set forth more fully at length herein in answer to paragraph numbers "1" through 35" of the Third Amended Complaint.

37.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" on page 5 of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

## ANSWERING THE SECOND CAUSE OF ACTION

38.    In answering paragraph "31" on page 5 of the Third Amended Complaint, the answering defendants repeat, reiterate and reallege each and every denial hereinbefore made with the same force and effect as though the same were set forth more fully at length herein in answer to paragraph numbers "1" through "36" and the second paragraph numbered "30" of the Third Amended Complaint.

39.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" on page 5 in the Second Cause Of Action of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

**ANSWERING THE THIRD CAUSE OF ACTION**

40.    In answering paragraph "33" on page 6 of the Third Amended Complaint, the answering defendants repeat, reiterate and reallege each and every denial hereinbefore made with the same force and effect as though the same were set forth more fully at length herein in answer to paragraphs numbered "1" through "36" and second numbered paragraphs "30" through "32" of the Third Amended Complaint

41.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph numbered "34" on page 6 of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

**ANSWERING THE FOURTH CAUSE OF ACTION**

42.    In answering paragraph "35" on page 6 of the Third Amended Complaint, the answering defendants repeat, reiterate and reallege each and every denial hereinbefore made with the same force and effect as though the same were set forth more fully at length herein in answer to paragraphs numbered "1" through "36" and second numbered paragraphs "30" through "34" of the Third Amended Complaint.

43.    Deny each and every allegation contained in paragraph "36" on page 6 of the Third Amended Complaint as to defendants BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, but begs leave to refer all questions of law to the Court at the trial of this action.

44.    Deny each and every allegation contained in paragraph "37" of the Third Amended Complaint as to defendants, BOARD OF MANAGERS OF TRUMP

WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, but begs leave to refer all questions of law to the Court at the trial of this action.

## ANSWERING THE FIFTH CAUSE OF ACTION

45.     In answering paragraph "38" of the Third Amended Complaint, the answering defendants repeat, reiterate and reallege each and every denial hereinbefore made with the same force and effect as though the same were set forth more fully at length herein in answer to the paragraphs numbered "1" through "37" and second numbered paragraphs "30" through "36" of the Third Amended Complaint.

46.     Deny each and every allegation contained in paragraph "39" of the Third Amended Complaint as to defendants BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, but begs leave to refer all questions of law to the Court at the trial of this action.

## ANSWERING THE SIXTH CAUSE OF ACTION

47.     In answering paragraph "40" of the Third Amended Complaint, the answering defendants repeat, reiterate and reallege each and every denial hereinbefore made with the same force and effect as though the same were set forth more fully at length herein in answer to paragraphs numbered "1" through "39" and second numbered paragraphs "30" through "36" of the Third Amended Complaint.

48.     Deny each and every allegation contained in paragraph "41" of the Third Amended Complaint as to defendants BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, but begs leave to refer all questions of law to the Court at the trial of this action.

## ANSWERING THE SEVENTH CAUSE OF ACTION

49.    In answering paragraph "42" of the Third Amended Complaint, the answering defendants repeat, reiterate and reallege each and every denial hereinbefore made with the same force and effect as though the same were set forth more fully at length herein in answer to paragraphs numbered "1" through "41" and second numbered paragraphs "30" through "36" of the Third Amended Complaint.

50.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

## ANSWERING THE EIGHTH CAUSE OF ACTION

51.    In answering paragraph "44" of the Third Amended Complaint, the answering defendants repeat, reiterate and reallege each and every denial hereinbefore made with the same force and effect as though the same were set forth more fully at length herein in answer to paragraphs numbered "1" through "43" and second numbered paragraphs "30" through "36" of the Third Amended Complaint.

52.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

## ANSWERING THE NINTH CAUSE OF ACTION

53.    In answering paragraph "46" of the Third Amended Complaint, the answering defendants repeat, reiterate and reallege each and every denial hereinbefore made with the same force and effect as though the same were set forth more fully at

length herein in answer to paragraphs numbered "1" through "45" and second numbered paragraphs "30" through "36" of the Third Amended Complaint.

54.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

## ANSWERING THE TENTH CAUSE OF ACTION

55.    In answering paragraph "48" of the Third Amended Complaint, the answering defendants repeat, reiterate and reallege each and every denial hereinbefore made with the same force and effect as though the same were set forth more fully at length herein in answer to paragraphs numbered "1" through "47" and second numbered paragraphs "30" through "36" of the Third Amended Complaint.

56.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

## ANSWERING THE ELEVENTH CAUSE OF ACTION

57.    In answering paragraph "50" of the Third Amended Complaint, the answering defendants repeat, reiterate and reallege each and every denial hereinbefore made with the same force and effect as though the same were set forth more fully at length herein in answer to paragraphs numbered "1" through "49" and the second numbered paragraphs "30" through "36" of the Third Amended Complaint.

58.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

## ANSWERING THE TWELFTH CAUSE OF ACTION

59.     In answering paragraph "52" of the Third Amended Complaint, the answering defendants repeat, reiterate and reallege each and every denial hereinbefore made with the same force and effect as though the same were set forth more fully at length herein in answer to paragraphs numbered "1" through "51", and second numbered paragraphs "30" through "36" of the Third Amended Complaint.

60.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "53" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

## ANSWERING THE THIRTEENTH CAUSE OF ACTION

61.     In answering paragraphs "54" of the Third Amended Complaint, the answering defendants repeat, reiterate and reallege each and every denial hereinbefore made with the same force and effect as though the same were set forth more fully at length herein in answer to paragraphs numbered "1" through "53" and second numbered paragraphs "30 through "36" of the Third Amended Complaint.

62.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

## ANSWERING THE FOURTEENTH CAUSE OF ACTION

63.     In answering paragraph "56" of the Third Amended Complaint, the answering defendants repeat, reiterate and reallege each and every denial hereinbefore made with the same force and effect as though the same were set forth more fully at

length herein in answer to paragraphs numbered "1" through "55" and second numbered paragraphs "30" through "36" of the Third Amended Complaint.

64.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

## ANSWERING THE FIFTEENTH CAUSE OF ACTION

65.     In answering paragraph "58" of the Third Amended Complaint, the answering defendants repeat, reiterate and reallege each and every denial hereinbefore made with the same force and effect as though the same were set forth more fully at length herein in answer to paragraphs numbered "1" through "57" and second numbered paragraphs "30" through 36" of the Third Amended Complaint.

66.     Deny each and every allegation contained in paragraph "59" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

67.     Deny each and every allegation contained in paragraph "60" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

68.     Deny each and every allegation contained in paragraph "61" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

69.     Deny each and every allegation contained in paragraph "62" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

70.    Deny each and every allegation contained in paragraph "63" of the Third Amended Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

71.    The answering defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, repeat and reallege each and every allegation contained in Paragraphs "1" through "70" of this Answer as if more fully set forth herein at length.

72.    The Third Amended Complaint in this action, as a whole and by its individual causes of action, fails to state any cause of action against the answering defendants upon which relief can be granted.

73.    Accordingly, this action must be dismissed as against the answering Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

74.    The answering defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, repeat and reallege each and every allegation contained in Paragraphs "1" through "73" of this Answer as if more fully set forth herein at length.

75.    Upon information and belief, any damages sustained by Plaintiff as alleged in the Third Amended Complaint were caused by the intervening acts of others and not by the answering Defendants.

76.    This action must be dismissed as against the answering Defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

77.    The answering defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, repeat and reallege each and every allegation contained in Paragraphs "1" through "76" of this Answer as if more fully set forth herein at length.

78.    Upon information and belief, the Third Amended Complaint in this action was not served on the answering defendants in accordance with the law.

79.    Upon information and belief, the Third Amended Complaint in this action was not served on the Board by service on any officer or agent as required by or in accordance with F.R.C.P. Rule 4(h).

80.    Upon information and belief, the Third Amended Complaint in this action was not served on John Henriques by personal service as required by or in accordance with F.R.C.P. Rule 4(e).

81.    By virtue of the foregoing, this Court lacks jurisdiction over the answering defendants, and the Third Amended Complaint must be dismissed as against the answering Defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

82.    The answering defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, repeat and reallege each and every allegation contained in Paragraphs 1 through 81 of this Answer as if more fully set forth herein at length.

83.    There is no contract, agreement or applicable provision of law which obligates the answering Defendants to reimburse Plaintiff for her legal fees and expenses.

84.    Based upon the foregoing, the Third Amended Complaint should be dismissed to the extent it seeks from the answering Defendants recovery of Plaintiff's legal fees and expenses.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

85.    Plaintiff fails to set forth any basis for an award of punitive damages against the answering defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

86.    Plaintiff's cause(s) of action are barred by the applicable Statute of Limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

87.    Plaintiff's claim for damages is barred or reduced by her failure to mitigate damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

88.    Plaintiff's claims are barred or reduced to the extent that her alleged damages were proximately caused by her own acts or omissions.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS PLUS ONE FITNESS AND JAMIE MACDONALD

89.    The answering Defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, repeat and reallege each

and every allegation contained in Paragraphs "1" through "88" of this Answer as if more fully-set forth herein at length.

90.    On or about July 1, 2005, THE BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM entered into a Management Agreement with Plus One Health Management, Inc. slhla Plus One Fitness ("Plus One Fitness") pursuant to which Plus One Fitness operates the health club (the "Health Club") at 845 U.N. Plaza, New York, New York 10017 (the "Condominium").

91.    Pursuant to the terms of the Management Agreement, Plus One Fitness is obligated to indemnify and hold harmless the BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and its officers, members, directors, employees and agents from all liability whatsoever to all persons, including employees of Plus One Fitness, arising out of the acts, errors, or omissions in the performance of services by Plus One Fitness.

92.    In the event that judgment is rendered in Plaintiff's favor and against the answering Defendants in this action, the answering Defendants are entitled to contractual indemnification and/or contribution from Plus One Fitness and Jamie MacDonald, and judgment over against Plus One Fitness and Jamie MacDonald, in the full amount of any such judgment against the answering Defendants.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS PLUS ONE FITNESS AND JAIME MACDONALD

93.    The answering defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, repeat and reallege each

and every allegation contained in Paragraphs "1" through "92" of this Answer as if more fully set forth herein at length.

94.    Since on or about July 1, 2005, Plus One Fitness operated the Health Club in the Condominium.

95.    Upon information and belief, Plaintiff was hired by Plus One Fitness to work in the Health Club in the Condominium.

96.    Upon information and belief, Plaintiff was discharged from her employment at the Health Club in the Condominium.

97.    The answering defendants were not involved in Plaintiff's hiring for her employment at the Health Club in the Condominium.

98.    The answering defendants were not involved in supervising Plaintiff's employment at the Health Club in the Condominium.

99.    The answering Defendants were not involved in Plaintiff's discharge from her employment at the Health Club in the Condominium.

100.    In the event that judgment is rendered in Plaintiff's favor and against the answering Defendants in this action, the answering defendants are entitled to common law indemnification and/or contribution from Plus One Fitness and Jamie MacDonald, and judgment over against Plus One Fitness and Jamie MacDonald in the full amount of any such judgment against the answering defendants.

WHEREFORE, Defendants BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, s/h/i as "TRUMP WORLD TOWERS", and JOHN HENRIQUES, respectfully request the following relief:

    (a)       A judgment dismissing the Third Amended Complaint against the Board of Managers of Trump World Tower Condominium and John Henriques in its entirety, with prejudice;

    (b)       On the first cross-claim against Defendant Plus One Fitness and Jamie MacDonald, awarding the Board of Managers of Trump World Tower Condominium and John Henriques judgment against Plus One Fitness and Jamie MacDonald, for any sums that Defendants, jointly or individually, are adjudged to owe to Plaintiff, by contractual indemnification and/or contribution;

    (c)       On the second cross-claim against Defendant Plus One Fitness and Jamie MacDonald, awarding the Board of Managers of Trump World Tower Condominium and John Henriques judgment against Plus One Fitness and Jamie MacDonald for any sums that Defendants, jointly or individually, are adjudged to owe to Plaintiff, by common law indemnification and/or contribution; and

    (d)       Awarding the Board of Managers of Trump World Tower Condominium and John Henriques such other and further relief as to this Court may seem just and proper under the circumstances.

Dated:      New York, New York
              February 8, 2008

                          Respectfully submitted,

                          LESTER SCHWAB KATZ & DWYER, LLP

                          _____

                          Harold J. Derschowitz (HJD-9910)
                          Attorneys for Defendants
                          BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, s/h/i as "TRUMP WORLD TOWERS", and JOHN HENRIQUES
                          120 Broadway
                          New York, New York  10271
                          (212)  964-6611

TO:

LAW OFFICES OF CHIDI EZE
NKEREUWEM UMOH, ESQ.
255 LIVINGSTON STREET, 4TH FLOOR
BROOKLYN, NEW YORK  11217
Attorneys for Plaintiff
Tele No.: (718) 360-0527
E-mail: numoh@umohlaw.com

DEBORAH MARTIN NORCROSS
MARTIN NORCROSS, LLC
110 WALL STREET, RCG SUITE 26th FLOOR
NEW YORK, NEW YORK  10004
Attorneys for Defendant
PLUS ONE FITNESS and
JAMIE MACDONALD
E-Mail: dmnorcross@martinnorcross.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JORDAN MANN,

                                Plaintiff,

             -against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN
HENRIQUES, JAMIE MACDONALD DOES 1-
10 Inclusive

                             Defendants.
----------------------------------------------------------------x

**Docket No.: 07 CV 5691 (NRB)**

**ANSWER TO THIRD AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS**

**DEFENDANTS DEMAND TRIAL BY JURY**

### Lᴇꜱᴛᴇʀ Sᴄʜᴡᴀʙ Kᴀᴛᴢ & Dᴡʏᴇʀ, LLP

**ATTORNEYS FOR**  **Defendants**
**BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, S/H/I AS "TRUMP WORLD TOWERS", AND JOHN HENRIQUES**

120 Bʀᴏᴀᴅᴡᴀʏ
Nᴇᴡ Yᴏʀᴋ, N.Y. 10271-0071
(212) 964-6611
FAX:   (212) 267-5916

Declaration of Service

I served the annexed **ANSWER TO THIRD AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS by E-Mail and by First-Class Mail** on the following persons on February 11, 2008:

> LAW OFFICES OF CHIDI EZE
> NKEREUWEM  UMOH, ESQ.
> 255 LIVINGSTON STREET, 4TH FLOOR
> BROOKLYN, NEW YORK  11217
> Attorneys for Plaintiff
> Tele No.: (718) 360-0527
> E-mail: numoh@umohlaw.com

> DEBORAH MARTIN NORCROSS
> MARTIN NORCROSS, LLC
> 110 WALL STREET, RCG SUITE 26th FLOOR
> NEW YORK, NEW YORK  10004
> Attorneys for Defendant
> PLUS ONE FITNESS and
> JAMIE MACDONALD
> E-Mail: dmnorcross@martinnorcross.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 11, 2008.

_____
DEBBIE A. CAMPBELL