UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jordan Mann, | CIVIL ACTION NO. |
|     Plaintiff, | 07-CV-5691 (NRB/DF) |
| v. | |
| | CERTIFICATION IN |
| Plus One Fitness; Trump World | SUPPORT OF |
| Towers; "Robert" Doe; | DEFENDANTS' MOTION |
| Jamie MacDonald; | TO PRECLUDE OR |
| Does 1 – 10 inclusive, | COMPEL |
|     Defendant(s). | |

DEBORAH MARTIN NORCROSS, ESQ., Counsel for Defendants Plus One Holdings, Inc., s/h/a Plus One Fitness, and Jamie Macdonald (henceforth collectively the "Plus One Defendants") respectfully submits this Certification in Support of Defendants' Motion to Preclude under Fed. R. Civ. P. 37(b)(2) and (c) or to compel under Fed. R. Civ. P. 37(a):

**BACKGROUND**

1. Plaintiff filed this action in or around June 2007. In her Third Amended Complaint, Plaintiff alleges, in pertinent part, that the Plus One Defendants terminated her from her employment as a receptionist at the Trump World Towers fitness center run by Plus One because of "her race, being Black." THIRD AMENDED COMPLAINT ¶37 (mistakenly numbered "30," on page 5 of the Third Amended Complaint), *et seq*. and in retaliation for having complained about what she perceived as discrimination. Plaintiff asserts federal, state, and local statutory causes of action as well as common law claims for tortious interference with contractual relations and negligent infliction of emotional distress.

2. On December 10, 2007, the Court entered a scheduling order requiring service of interrogatories and document requests by January 7, 2008 and setting April 15, 2008 as the fact discovery deadline.

3. On January 2, 2008, the Plus One Defendants served Plaintiff with their First Set of Interrogatories (henceforth "Interrogatories"), EXHIBIT 1, and their First Request for Production of Documents (henceforth "Requests"), EXHIBIT 2.

4. Plaintiff **did not comply with the scheduling order**. On or about January 17, Nkereuwem (Uwem) Umoh, Esq., co-counsel for Plaintiff, sought leave to serve out-of-time interrogatories and document requests. The Plus One Defendants did not oppose counsel's application, and the Court granted Plaintiff's request. Plaintiff served her written discovery requests on January 31. The Plus One Defendants responded to those requests timely.

5. On February 1, Plaintiff's counsel requested an extension of time to February 4 to respond to the Plus One Defendants' written discovery. Plus One consented.

6. Plaintiff responded by e-mail at **11:44 p.m.** on February 4. A true and correct copy of Plaintiff's e-mailed responses to the Plus One Defendants' Interrogatories is attached as EXHIBIT 3. A true and correct copy of Plaintiff's e-mailed responses to the Plus One Defendants' Requests is attached as EXHIBIT 4.

7. Plaintiff's counsel **did not append any documents** to his e-mailed responses, but represented he had mailed them that day**.** Contrary to counsel's representation, and although it appears that counsel made an earlier attempt to mail his responses but failed to comply with post office requirements, the postmark on the package we finally received revealed that the responses were **not mailed until ten (10) days later.** EXHIBIT 5. That

package contained only the same narrative counsel had previously e-mailed. It **did not contain any documents**.

8. Upon our inquiry, Plaintiff's counsel eventually advised us to accept documents produced to co-defendants as Plaintiff's responses to the Plus One Defendants' discovery requests. EXHIBIT 6.

9. As is detailed more fully below, Plaintiff's responses were so deficient as to reflect no good faith effort to comply with Rules 33 and 34 at all. She asserted **identical spurious objections** to, and refused to answer, all but seven (7) Interrogatories; even as to those seven, she failed to answer properly. Similarly, Plaintiff asserted **identical boilerplate objections** to **every one** of the Requests, and invoked privilege as to **every single** Request without identifying any specific privilege and without providing a privilege log.

10. Counsel for Co-Defendants Board of Managers of Trump World Towers Condominiums and John Henriques (henceforth collectively the "Trump Defendants") and I tried to obtain Plaintiff's voluntary and efficient compliance with Plaintiff's discovery obligations. Ignoring every obligation under Rules 26 through 37 and under Rule 11, Plaintiff's lawyer refused to supplement, insisting on a detailed "deficiency letter" before he would make any effort to provide proper responses. *See e.g.* EXHIBIT 7.

11. Despite his transparent efforts to avoid providing adequate discovery to Defendants, on March 25 Plaintiff's counsel sought and received our consent to an extension of the discovery deadline so he could serve additional written discovery. The Court granted Plaintiff's application, extended the discovery deadline to **June 30, 2008**, extended the time to serve interrogatories and document requests to **April 4, 2008**, and ruled that no further extensions would be permitted.

12. Plaintiff's counsel **did not meet** the extended date he himself sought. He did not send additional written discovery until May 16, more than a month after the new deadline, when he served the Plus One Defendants with a second set of document requests. Even though these requests were untimely, Plus One responded to them on June 6. *See* EXHIBIT 8.

13. The Plus One Defendants had noticed Plaintiff's deposition on January 7 for February 12. That and all other scheduled depositions were adjourned primarily because of Plaintiff's failure to provide anything close to adequate discovery responses, but also because counsel for the Trump Defendants requested additional time to respond to discovery the Plus One Defendants had served on them. Significantly, counsel for Plaintiff **did not tell defense counsel, then or at any time before he was forced to tell the Court in June, that his client had accepted a year-long employment contract in Guam and would not be available to be deposed before the close of discovery.**

14. By April 2008, Plaintiff had not supplemented responses to any defendant's discovery requests, and depositions still had not been rescheduled. Accordingly, on May 9 I sent to counsel for Plaintiff a ten-page letter detailing the multiple uncorrected deficiencies in Plaintiff's discovery responses, proposing deposition dates for both Plaintiff and defendants, and setting May 16 as the date by which he needed to respond. EXHIBIT 9.

15. Plaintiff's counsel responded by letter dated May 16. EXHIBIT 10. That letter failed to correct any of the substantive deficiencies. Worse, it contained repeated **untrue statements**, claiming that Plaintiff did not have responsive information and documents that, as it turned out, she either did in fact have or for which she had not conducted any search. Significantly, counsel also **continued to conceal** his client's employment status

and location, where she already had been working for more than two months, stating only that she was "unable to be deposed in May as she is currently in Guam **through this month**" and asking for June dates. We concluded, as upon information and belief Plaintiff's counsel intended, that Plaintiff was on a short trip. Counsel ignored the full week of dates we had offered for the depositions of defendants. (Because those depositions have now been set for the week of September 7, we will not discuss that issue further).

16. As counsel had requested, on May 19 we asked him to select dates for our examination of Plaintiff from among the dates we had reserved and offered for his depositions of defense witnesses. *See* EXHIBIT 8. Counsel **did not respond**.

17. Accordingly, on May 29 Plus One re-noticed Plaintiff's deposition for June 9. When we again received no response from counsel, we confirmed the deposition.

18. At 3:18 p.m. on Friday afternoon June 6, Chidi Eze, Esq. left me a voicemail. He identified himself as "lead counsel" for Plaintiff and stated, "We will not be going to be going forward with that deposition" and asking "for a little more time **to get ready** for that deposition." EXHIBIT 11. At 5:45 p.m., Mr. Umoh e-mailed that "we need more time **to produce** Ms. Mann for depositions. She is **not available** for June 9 and 11." EXHIBIT 12. While providing inconsistent excuses for the last minute cancellation, both lawyers continued to withhold their client's location and employment status.

19. On June 10, 2008, we requested a Rule 37.3 conference. EXHIBIT 13. During that conference on June 11, Mr. Eze agreed to supplement his client's written discovery responses by June 16, and to produce Plaintiff for deposition on June 24 and 30. EXHIBIT

14. When they agreed to these dates, Mr. Eze and Mr. Umoh **still did not reveal that their client was working in Guam even when asked directly if she was employed**.

20. On Friday afternoon, June 20, and only in response to my request for confirmation that Plaintiff would in fact appear on the following Tuesday (made in conjunction with yet another effort to obtain responsive written discovery), **Plaintiff's counsel advised that Defendants had been provided with all documents in counsel's possession, AND again cancelled the deposition.** Even then, counsel did not reveal that their client was in Guam. **Although counsel stated he would again move for an extension of the discovery deadline, he did not make any such motion.** EXHIBIT 15.

21. On June 23, we wrote to the Court explaining the difficulties we were having getting written discovery and getting Plaintiff to appear for her deposition. EXHIBIT 16.

22. Plaintiff's counsel responded on June 24. In his letter to the Court, Mr. Umoh disclosed **for the first time** that his client was **working in Guam under a one-year employment contract that did not expire until February 2009**. He also revealed that **Plaintiff intended to abandon her Guam position in or around August 2008** to begin classes in another country (the classes turned out to be in Singapore). He asked the Court to order Defendants to depose Plaintiff by phone. EXHIBIT 17A-B.

23. On June 27, I wrote to Mr. Eze regarding the hundreds of e-mail documents produced after he personally had assured all Defendants that such documents did not exist. Mr. Umoh responded at 8:13 p.m., producing yet more documents we had been told did not exist. EXHIBIT 18.

24. The Court conducted the requested conference on July 7. During the conference, Mr. Umoh announced that his client would be coming to New York, and would be available

to be deposed between August 5 and August 12. Counsel had not so much as called either defense counsel before making this announcement. The dates conflicted with the previously scheduled vacation plans of counsel for the Trump Defendants and the designated representative for Plus One. Nonetheless, Plaintiff was accommodated and the depositions were scheduled for **August 5** by the Plus One Defendants and for **August 12** by the Trump Defendants. The Court also gave Plaintiff one more week to supplement her written discovery responses.

25. On July 7, I wrote to counsel confirming the Court's directives. EXHIBIT 19. His responses are attached as EXHIBIT 20.

26. On August 1, yet another Friday afternoon, Mr. Umoh notified defense counsel that his client would not, after all, be available for deposition on August 5 as he had represented to both counsel and the Court on July 7. EXHIBIT 21. Multiple communications among counsel and with the Court followed. Ultimately, the Court ruled that Defendants could depose Plaintiff for ten (10) hours on August 12 and a few hours if needed on August 13, noting that Plaintiff might need to return if her written discovery responses continued to prove deficient.

27. Plaintiff was deposed on August 12. During the deposition, Plaintiff acknowledged she had pertinent requested discovery that she had never produced and for which she had not conducted any search. TRANSCRIPT OF JORDAN SUDAN MANN (a/k/a/ Rhonda Mann, a/k/a/ Jordan Rhonda Mann) DEPOSITION (henceforth "TR __") at TR 38-39. Moreover, Plaintiff's counsel asserted objections under the "seven-hour rule" after only six hours of deposition, and refused to permit defense counsel to allocate the thirteen or so hours the Court had allowed between them as they found necessary. Instead of referring to the

Rules themselves, Mr. Umoh insisted upon telephoning the Court to obtain a ruling on whether breaks are counted in the seven-hour calculation. TR 202-205. Because of counsel's behavior, and because Plaintiff even still has not responded properly to written discovery requests, the deposition was concluded but not closed at 9:00 p.m. COPIES OF THE DEPOSITION PAGES CITED HEREIN ARE ATTACHED, COLLECTIVELY, AS EXHIBIT 22.

28. At 10:06 p.m. on August 6, Mr. Umoh sent defense counsel an e-mail stating he would not be providing any supplementation to Plaintiff's written discovery responses. EXHIBIT 23.

### SPECIFIC DEFICIENCIES IN PLAINTIFF'S DISCOVERY RESPONSES

29. Every one of Plaintiff's discovery responses is deficient in some respect. For the purpose of this motion, however, we have focused on the most important items and grouped them by topical category. The specific Interrogatories and Requests upon which this motion is based are as follows:

   a. **Requests and Interrogatories Concerning Plaintiff's Emotional Distress Claims**

   **Request No. 23:** All documents concerning any physician, psychologist, social worker, counselor, or other health care professional who has treated you within the past ten (10) years and the treatment you received from that professional.

   Plaintiff's February 4 Response: Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. <u>Note</u>: *Plaintiff has never produced a privilege log.*

   Plaintiff's May 16 Response: Plaintiff is not in possession of any document responsive to this request. *<u>Note</u>: On July 2,, Mr. Umoh advised me he had just requested these documents. EXHIBIT 25. To date, he has not produced any of them.*

   Plaintiff's July 14 Response: … I refer you to the responses furnished in my May 16, 2006 [sic[ letter.

Plaintiff's August 6 Response:    Plaintiff has responded in good faith. We await your motion.

Request for Authorizations:    Because Plaintiff professed not to possess responsive documents, Defendants sought properly executed authorizations from her. The few authorizations she provided were defective, either because they were not properly executed or dated, or because they were made in the wrong name for Plaintiff. Despite repeated requests, and even though she was directed to do so by the Court during the July 7 conference, Plaintiff has not supplied any usable authorizations that would enable defense counsel to obtain these records.

**Request No. 26**:    All documents concerning any hospital or other psychiatric or medical institution to which you have been admitted in the past ten (10) years and the treatment you received in that institution.

Plaintiff's February 4 Response:    Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. *Note: Plaintiff has never produced a privilege log.*

Plaintiff's May 16 Response: Plaintiff is not in possession of any document responsive to this request.

Plaintiff's July 14 Response: … I refer you to the responses furnished in my May 16, 2006 [sic[ letter.

Plaintiff's August 6 Response:    Plaintiff has responded in good faith. We await your motion.

Request for Authorizations:    Because Plaintiff professed not to possess responsive documents, Defendants also sought properly executed authorizations from her. The few authorizations she provided were defective and rejected by the recipient providers. Despite repeated requests, and even though she was directed to do so by the Court on July 7, Plaintiff has not supplied any usable authorizations that would enable defense counsel to obtain these records. Moreover, although Mr. Umoh advised me on July 29 that he had just requested copies of these records, he has not supplied them. EXHIBIT 24.


**Interrogatory No. 23**:    Identify each and every physician, psychologist, social worker, counselor, or other health care professional who has treated you within the last ten (10) years and specifically identify:

    a.    the dates of any consultation, examination and/or periods of treatment;

    b.    the purpose of each such consultation, examination and/or periods of treatment;

      c.      whether any written report or memorandum was prepared by such individual concerning the consultation, examination and/or treatment; and

      d.      identify all documents concerning the information requested in this interrogatory.

Plaintiff's February 4 Response:    Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3.

Plaintiff's May 16 Response:    Plaintiff has a good faith basis for refusing to provide this information because it violates Local Rule 33.3.

Plaintiff's July 14 Response:    Also find authorizations to doctors Retha Buck and Ann Boris as well as for Medicaid. Plaintiff is unable to locate the addresses of Ms. Higgins and Friedman.

Plaintiff's August 6 Response:    Plaintiff has responded in good faith. We await your motion.

Request for Authorizations:    In an effort to avoid motion practice, and because Plaintiff's response to the parallel Requests for Documents, Defendants also sought properly executed authorizations from her. The few authorizations she provided were defective and rejected by the recipient providers. Despite repeated requests, and even though she was directed to do so by the Court on July 7, Plaintiff has not supplied any usable authorizations that would enable defense counsel to obtain records that might reveal the answers to this Interrogatory.


**Interrogatory No. 26**:    Have you been admitted to any hospital or other psychiatric or medical institution in the past ten (10) years? If so, please state:
    a.    the full name and address of each such hospital or other institution;
    b.    the dates of your confinement to each such hospital or other institution;
    c.    the reason for your confinement in such hospital or other institution; and
    d.    identify all documents concerning the information requested in this interrogatory.

Plaintiff's February 4 Response:    Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996).

Plaintiff's May 16 Response:    Plaintiff's objections are made in good faith because both defendants served the First Set of Interrogatories together. The language used in the First Set of Interrogatories indicates the interrogatories are being offered by both defendants. If your argument is that they get, to serve 25 each, please let me know how many have been served by each defendant so one defendant does not get to serve 49 interrogatories.

Plaintiff's July 14 Response:    … I refer you to the responses furnished in my May 16, 2006 [sic] letter.

<u>Plaintiff's August 6 Response</u>:     Plaintiff has responded in good faith. We await your motion.

<u>Request for Authorizations</u>:     In an effort to avoid motion practice, and because Plaintiff's response to the parallel Requests for Documents was equally defective, Defendants also sought properly executed authorizations from her. The few authorizations she provided were defective and rejected by the recipient providers. Despite repeated requests, and even though she was directed to do so by the Court on July 7, Plaintiff has not supplied any usable authorizations that would enable defense counsel to obtain records that might reveal the answers to this Interrogatory.

Basis for Motion

Plaintiff claims she experienced "emotional distress, the effects of which plaintiff continues to suffer from." THIRD AMENDED COMPLAINT ¶57 (which is actually the 64th paragraph). She testified she experienced anger, depression, stomach cramps, and headaches, but acknowledged that she had experienced some or all of the symptoms before her employment with Plus One. TR 215-218. Defendants are entitled to explore not only the validity of that claim and what treatment and symptoms Plaintiff experienced following her Plus One employment, but also whether there are/were other or preexisting causes for the symptoms she attributes to Defendants. We have made multiple requests over the past eight months for this discovery. We repeatedly have asked for usable authorizations. Even the Court has directed Plaintiff's counsel to provide them. **Plaintiff has ignored it all**.

While the Court has been appropriately accommodating to Plaintiff despite her lawyers' conduct, there comes a point when discovery must close. None of the Defendants in this case should be required to continue expending both time and resources trying to obtain discovery that should have been produced long ago. We therefore submit that Plaintiff's negligent infliction of emotional distress cause of action and any claim she has for

emotional distress damages should be dismissed, and that Plaintiff should be precluded from presenting any evidence, whether from a fact witness or from any expert witness, concerning any emotional or physical distress she claims to have experienced.

### b. Requests and Interrogatories Concerning Plaintiff's Pre- and Post-Plus One Employment

**Request No. 20:** All documents concerning any employment (including self-employment and independent contractor activities) you have had during the past ten (10) years and the cessation of such employment.

Plaintiff's February 4 Response: Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. *Note: Plaintiff has never produced a privilege log*.

Plaintiff's May 16 Response: Plaintiff is not in possession of any documents that relate to her previous employment other than documents Bates Stamped JM 0103, 0107-0110 (Plaintiff's resume and Plus One employment application).

Plaintiff's July 14 Response: In response to your request for documents that pertain to plaintiff's employment in the last 10 years to the present, plaintiff directs you to the documents attached herein entitled "Massage Therapist Employment Agreement." She also directs your attention to the emails produced entitled Jordan Mann and Mann Jordan—emails 2, 3. They were produced on June 26 and July 1, 2008. Plaintiff did not work while in New Zealand and as such as no documentation of her working there. She has also produced authorizations for her taxes for 2006 and 2007. She has no other documentation of previous employment.

Plaintiff's August 6 Response: Plaintiff has responded in good faith. We await your motion.

Request for Authorizations: Defendants also sought properly executed authorizations from her. Despite repeated requests, and even though she was directed to do so by the Court on July 7, Plaintiff has not supplied any authorizations that would enable defense counsel to obtain these records.

**Request No. 22:** All documents concerning each and every employer or potential employer you have contacted in search of employment, and any other efforts made by you to obtain employment, since the cessation of your employment with Plus One.

<u>Plaintiff's February 4 Response</u>:     Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff states she is constituting [sic[ to search for responsive documents. <u>Note</u>:  *Plaintiff has never produced a privilege log*.

<u>Plaintiff's May 16 Response</u>:     Plaintiff directs defendants to Bates Stamped Documents JM 0063, 0208-0224. (Document No. 0063 is not responsive; Document Nos. 208-224 are e-mail "sent" lists revealing only partial information; none of the actual e-mails were produced).

<u>Plaintiff's July 14 Response</u>:     She also directs your attention to the emails produced entitled Jordan Mann and Mann Jordan—emails 2, 3.  They were produced on June 26 and July 1, 2008. <u>Note</u>: *On June 20, Mr. Eze told us emphatically that she had only a very few responsive documents and that they all had been produced. Despite this representation, on June 26 and again on July 1, counsel e-mailed literally hundreds of responsive e-mails. The e-mails themselves show that Plaintiff's counsel had had them in their possession long before they produced them, and that they could and should have been obtained and produced when they were first requested in January.*

<u>Plaintiff's August 6 Response</u>:     Plaintiff has responded in good faith. We await your motion.

**Interrogatory No. 20:**     Identify each and every employment (including self-employment and independent contractor activities) you have had during the past ten (10) years, listing the current or last known address and telephone number of each employer, and state the following:
   a.   the dates of each such employment;
   b.   the job title(s) held by you and the duties performed during each such employment;
   c.   your rate(s) of pay (include bonuses, if any) and any employee benefits received by you during each such employment;
   d.   the reasons for the termination or conclusion of each such employment, if applicable, including but not limited to a statement as to whether the severance of such employment was voluntary or involuntary; and
   e.   identify all documents concerning the information requested in this Interrogatory.

<u>Plaintiff's February 4 Response</u>:     Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3.

<u>Plaintiff's May 16 Response</u>:     Plaintiff has a good faith basis for refusing to provide this information because it violates Local Rule 33.3.

<u>Plaintiff's July 14 Response</u>:	… I refer you to the responses furnished in my May 16, 2006 [sic] letter.

<u>Plaintiff's August 6 Response</u>:	Plaintiff has responded in good faith. We await your motion.

**Interrogatory No. 22:**    Identify each and every employer or potential employer that you contacted in search of employment, and describe any other efforts made by you to obtain employment, since the cessation of your employment with Plus One. For each such employer or potential employer, state:
a.	the date of each contact;
b.	the exact nature of each potential employment;
c.	the rate or range of pay for each potential employment;
d.	whether you were offered employment, and if so, the nature and/or title of the job offered;
e.	whether you rejected such offer, and if so, the date of, and reason for, each rejection; and
f.	attach a copy of each and every document that reflects or relates to the information requested in this Interrogatory.

<u>Plaintiff's February 4 Response</u>:	Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3.

<u>Plaintiff's May 16 Response</u>:	Plaintiff has a good faith basis for refusing to provide this information because it violates Local Rule 33.3.

<u>Plaintiff's July 14 Response</u>:	… I refer you to the responses furnished in my May 16, 2006 [sic] letter.

<u>Plaintiff's August 6 Response</u>:	Plaintiff has responded in good faith. We await your motion.

<u>Basis for Motion</u>

Defendants are entitled to discovery concerning all efforts Plaintiff may have made to secure employment following her separation from Plus One's employ, particularly any employment she actually obtained. Because Plaintiff's counsel has so often represented that information and documents did not exist, only to have the fallacy of those representations established, the Plus One Defendants cannot determine whether responsive documents and information are absent or whether counsel and their client just

did not look for them. This problem became even more apparent during Plaintiff's deposition, when Plaintiff testified:

> Q. Are there documents that remain in storage that may pertain to anything relating to this case, meaning your employment with Plus One or anything else you discussed in your complaint?
>
> A. There could be. **I have not gone through. I just got into town a few days ago. I have not been able to go through myself**.

TR38. (Emphasis added).

It must be sufficed that Plaintiff has not produced even a scintilla of the documents and information she was obligated to provide. In that same deposition, for example, Plaintiff identified two entities for which she worked following her Plus One employment. TR100-107. Plaintiff has never identified these entities and has never produced any documents concerning them. She also did not identify the P.I.C. Resort Guam as a post-Plus One employer until six days before the close of discovery and then only in an effort to avoid an in-person deposition. Moreover, although we requested properly executed authorizations for each of these entities, Plaintiff's counsel has ignored those requests and has not supplied **any** employment authorizations at all.

These actions by Plaintiff and her counsel cannot all have been inadvertent. Regardless, they have cost the Plus One Defendants inordinately unnecessary time and expense trying to obtain what most counsel in their produce Rule 26(1) disclosures. We therefore submit that Plaintiff's claims for back or front lost wages should be dismissed for failure to disclose, and that Plaintiff should be precluded from introducing any evidence,

whether from a fact witness or from any expert witness, concerning back or front last wages.

    c. **Discovery Requests Concerning Mitigation**

**Request No. 17**:   All documents concerning any application for unemployment insurance benefits or other public assistance you made since the cessation of your employment with Plus One.

Plaintiff's February 4 Responses:   Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff states she is constituting [sic[ to search for responsive documents. Note: Plaintiff has never produced a privilege log.

Plaintiff's May 17 Response:   Plaintiff is not in possession of any documents responsive to this request.

Plaintiff's July 14 Response:   … I refer you to the responses furnished in my May 16, 2006 [sic] letter.

Plaintiff's August 6 Response:   Plaintiff has responded in good faith. We await your motion.

**Interrogatory No. 18**:   State whether you have applied for unemployment compensation benefits or other public assistance since the cessation of your employment with Plus One. If the answer is in the affirmative, identify the agency or agencies to which such application was made and state with respect to each:
a.   the date of the application;
b.   any and all rulings by said agency;
c.   the weekly benefit rates;
d.   the period for which benefits were received;
e.   the total amount received; and
f.   identify each and every document that reflects or relates to the information requested in this Interrogatory.

Plaintiff's February 4 Response:   Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3.

Plaintiff's May 16 Response:   Plaintiff has a good faith basis for refusing to provide this information because it violates Local Rule 33.3.

    <u>Plaintiff's July 14 Response</u>:       … I refer you to the responses furnished in my May 16, 2006 [sic] letter.

    <u>Plaintiff's August 6 Response</u>:      Plaintiff has responded in good faith. We await your motion.

<u>Basis for Motion</u>

Plaintiff's counsel has repeatedly raised that his client "had to go on public assistance" after her termination. That she appears actually to have been employed prior to relocating to Guam, and that she has abandoned employment to pursue a degree in Singapore (rather than, say, New York) notwithstanding, she has produced no information or documents relating to that claim. She therefore should be precluded for introducing any evidence relating thereto, whether through any fact witness or an expert.

I certify under the penalties of perjury that the foregoing is true and correct to the best of my knowledge.

                                                  Respectfully submitted,

                                                  **/s/ Deborah Martin Norcross**

                                                  Deborah Martin Norcross

Dated:    August 28, 2008