## MARTINNORCROSS LLC

*PRACTICE LIMITED TO EMPLOYMENT MATTERS AND RELATED LITIGATION*

| | |
|---|---|
| 60 MARION ROAD WEST | 379 THORNALL STREET |
| PRINCETON, NEW JERSEY 08540 | EDISON, NEW JERSEY 08837 |
| DIRECT DIAL:     (609) 249-5860 | |
| FACSIMILE:     (609) 945-3912 | 110 WALL STREET |
| E-mail:    dmnorcross@martinnorcross.com | NEW YORK,  NEW  YORK |
| 10005 | |

May 9, 2008

By E-Mail: numoh@umohlaw.com
By Facsimile: (718) 360-1916

Nkereuwem Umoh, Esq.
255 Livingston Street
4th Floor
Brooklyn, New York 11217

Re:    *Mann v. Plus One Holdings, Inc., et al*

Dear Uwem:

We are concerned over Plaintiff's failure to provide properly responsive discovery, even after being afforded extensions and other accommodations by both counsel for co-defendants and by us. Our concern is heightened because there have been times when you have represented that you have sent items, or sent them on certain dates, only to have it turn out that you did not. Much time has passed without supplementation; we cannot wait any longer to obtain the discovery to which our clients are entitled and which is necessary for our proper preparation for depositions and trial. Accordingly, this letter shall serve as Defendants' formal demand for responses and supplemental responses to their discovery demands, to be received in my New York City office by no later than 5:00 p.m. on May 16, 2008.

Throughout this letter, "Defendants" refers to our clients Plus One Holdings, Inc. (Plus One) and Jamie Macdonald.

1.    General Deficiencies

Your signatures on Plaintiff's Rule 26(a) disclosures and on her responses and objections to our discovery requests operate as a certification that: (1) the disclosures were complete and correct when made, *Fed. R. Civ. P. 26(a))(1)(A)*; and (2) that the responses and objections were "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or need-lessly increase the cost of litigation," *Fed. R. Civ. P. 26(a)(1)(B)(ii)*. Interrogatories must be an-

swered, to the extent not objected to, fully; grounds for objections must be stated with specificity. *Fed. R. Civ. P. 33(b)(3) and (4)*. The reasons for any objections to Rule 34 Requests must be similarly proper and specific, and documents responsive to all requests not objected to must be produced or made available for inspection and copying. *Fed. R. Civ. P. 34(B) and (C)*.

Plaintiff's disclosures and responses not only fail to comply with these mandates, they also fail to reflect even a good faith effort to meet her discovery obligations. This is very troubling, especially given the many accommodations Defendants and the co-defendants have made at your request.[1] Your e-mails on the subject reflect a belief that, no matter how deficient your responses, you are under no obligations unless and until you get a detailed "deficiency letter." This is not so, as even the most cursory reading of the Federal Rules reveals. Nonetheless, since it now has become clear that you are not going to produce even those items you promised to supply, it is necessary for Defendants to expend the time and resources attempting to compel your compliance.

2.    Plaintiff's Rule 26(a)(1) Disclosures Are Incomplete

Plaintiff served "Revised Initial Disclosures" on January 31, 2008. Despite the clear requirements of Rule 26(a)(1), Plaintiff has not: (1) provided any witness addresses or telephone numbers; (2) provided copies, or detailed descriptions or locations, of documents; or (3) provided any damage computations. We had expected she would correct these deficiencies when responding to Defendants' interrogatories and document requests. Instead, she merely incorporated by reference her non-compliant disclosures. *See also* discussion of specific interrogatories and requests below. Please provide all of the information required by Rule 26(a)(1).

3.    Plaintiff's Continuing Failure to Produce Recording

In Plaintiff's Initial, and Revised Initial, Disclosures, and in her February 4, 2008 e-mailed narrative response to Defendants' First Request for Production of Documents, Plaintiff did not transmit any documents. She did, however, represent that she mailed responsive documents on that date, including a CD recording of an alleged conversation with Mr. Macdonald made without Mr. Macdonald's knowledge. When I notified you on February 9 that nothing had arrived, you promised to "re-send" the documents on Monday, February 11. You did not.

Your package (bearing a February 14, 2008 postmark) arrived on February 19, 15 days after the deadline, as extended at your request, had expired. This package contained documents responsive to co-defendants' requests, but no documents responsive to Defendants' demands. In addition, while a CD was enclosed, it contained only untitled music and nothing pertaining to this case. (You similarly sent a music CD to counsel for co-defendants. It is difficult to imagine how this error, if it was an error, could have been made twice). Although I immediately notified you of this by e-mail, I received no response and you did not send the correct CD. After repeating my request on March 26, 2008, you promised to send it. While we did eventually receive another CD, it does not contain any "conversation between Jamie MacDonald and Jordan Mann." Moreover, we have not received a CD of any conversation between Plaintiff and Mr. Ciatto, as

---

[1] Among these accommodations was the consent you received from both defense counsel for an extension of the scheduling order so that you could serve additional discovery – which you then did not serve.

described in your May 8, 2008 response Mr. Derschowitz' April 1, 2008 inquiry.[2]  Please imme-
diately deliver these items to us.

4.    <u>Plaintiff Has Not Provided a Privilege Log as Required by Rule 26(b)(5)</u>

Throughout her discovery responses, Plaintiff repeatedly, and in boilerplate fashion, in-
vokes unspecified privilege(s) without stating the nature of the privilege or providing any of the
other information required by Rule 26(b)(5) or Local Rule 26.2. Please provide all of the infor-
mation required, with the specificity mandated, by the foregoing Rules.

5.    <u>Plaintiff's Responses to Defendants' First Request for Production of Documents are En-
tirely Deficient</u> [3]

Plaintiff has not produced any documents in response to Defendants' Requests. Only af-
ter our inquiry, you advised that we should refer to documents Plaintiff produced in response to
co-defendants' requests. Since Plaintiff is not a business, Rule 34(2)(E)(i) clearly required her to
"organize and label" her production to "correspond to the categories in the request."    Accord-
ingly, please provide Defendants with a revised response to Defendants' First Request for Pro-
duction of Documents containing the proper identification of documents that complies with this
Rule.

Multiple and repeated deficiencies also exist in Plaintiff's responses to the specific Re-
quests contained in Defendants' First Request for Production of Documents. Your boilerplate
objections -- which are <u>identical</u> in Plaintiff's responses to every one of Defendants' Requests --
are not legitimate and do not comply with Rule 34. There is nothing overly broad or burdensome
about any of these Requests. Moreover, although you invoke privilege <u>as to every single Re-
quest,</u> you have not identified any specific privilege upon which you rely and have not provided
a privilege log.  Additionally --

Request No. 1:        You have neither categorized and labeled, nor identified by bates
numbers or otherwise, what documents among those produced in response to co-
defendants' discovery, are responsive to this Request. Please correct and supplement
Plaintiff's response to this Request and produce the requested documents.

Request No. 2:        Since some of the documents contained in your responses to co-
defendants' discovery concern persons you have (inadequately) identified as witnesses
(including your client) elsewhere, your response that Plaintiff "has no documents that re-
late to any witnesses in this matter" cannot be accurate. Please correct and supplement
Plaintiff's responses to these Requests and produce the requested documents.

Request No. 3:        Since some of the documents contained in your responses to co-
defendants' discovery concern persons you have (inadequately) identified as witnesses

---

[2] We do not understand why it took well over a month for you to respond to such a simple inquiry.
[3] Please advise who "Plaintiff Carol Miller" is, as set forth in the introductory paragraph of Plaintiff's Response. If
this is just a typographical error resulting from your having "cut and paste" from a document in another case, please
so advise.

(including your client) elsewhere, your response that Plaintiff "has no documents that relate to any witnesses in this matter" cannot be accurate. Please correct and supplement Plaintiff's responses to these Requests and produce the requested documents.

<u>Request No. 5</u>:        Plaintiff's incorporation of her Revised Initial Disclosures, which are inadequate as described above, is not a satisfactory response to this Request. Defendants are entitled to all of the requested documents. Please correct and supplement Plaintiff's responses to these Requests and produce the requested documents.

<u>Request No. 6</u>:        Defendants are entitled to all of the requested documents, including but not limited to documents contained in Plaintiff's personal e-mail accounts. Please correct and supplement Plaintiff's responses to these Requests and produce the requested documents.

<u>Request No. 7</u>:        Defendants are entitled to any documents Plaintiff has concerning any of the defendants she has sued. Please correct and supplement Plaintiff's responses to these Requests and produce the requested documents.

<u>Request No. 8</u>:        *Fed. R. Civ. P. 11* requires that factual contentions, unless specifically identified in compliance with Rule 11(b)(3), have evidentiary support. Defendants are entitled to any non-privileged documents Plaintiff has concerning any investigation she has done, as well as a proper identification of any documents being withheld as privileged. Please comply.

<u>Request No. 9</u>:        You did not attach any documents, and have not identified which if any of the documents produced in response to co-defendants' requests are responsive to Defendants' Request No. 9. Plaintiff's response to this Request therefore is wholly inadequate and improper. Please correct and supplement it, and produce the requested documents.

<u>Request No. 10</u>:        It is difficult to imagine that Plaintiff has taken so many statements regarding her factual allegations in this case that their production would be burdensome; even if that is so, it cannot be argued that production would be "unduly" burdensome. Additionally, although you invoke privilege, you have not identified any specific privilege upon which you rely and have not provided a privilege log. Plaintiff's response to this Request therefore is wholly inadequate and improper. Please correct and supplement it, and produce the requested documents.

<u>Request No. 11</u>:        Defendants are entitled to any documents Plaintiff has concerning any of the defendants she has sued. She now has had more than enough time to "search for documents responsive to this request." Please produce them.

<u>Request No. 12</u>:        You did not attach any documents and have not identified which of the documents produced in response to co-defendants' requests are responsive to Defendants' Request No. 12. Plaintiff's response to this Request therefore is wholly inadequate and improper. Please correct and supplement it, and produce the requested documents.

Request No. 13:      It is difficult to imagine that Plaintiff has accused so many persons of committing a crime that the production of the requested documents would be burdensome; even if that is so, it cannot be argued that production would be "unduly" burdensome. Additionally, although you invoke privilege, you have not identified any specific privilege upon which you purportedly rely and have not provided a privilege log. Plaintiff's response to this Request therefore is wholly inadequate and improper. Please correct and supplement it, and produce the requested documents.

Request No. 14:      Defendants are entitled to any e-mails Plaintiff has concerning any of the defendants she has sued. Please correct and supplement her response to this Request, and produce the requested documents.

Request No. 15:      Unless Plaintiff has been charged repeatedly for criminal conduct, there can be no good faith basis for claiming that this Request in unduly burdensome. Additionally, although you invoke privilege, you have not identified any specific privilege upon which you rely and have not provided a privilege log. Defendants are entitled to documents that may lead to the discovery of evidence pertaining to Plaintiff's credibility. Please correct and supplement her response to this Request, and produce the requested documents.

Request No. 16:      You did not attach any documents and have not identified which of the documents produced in response to co-defendants' requests are responsive to Defendants' Request No. 16. In this employment discrimination action, Defendants are entitled to any documents Plaintiff has concerning her employment with Plus One. Plaintiff's response to this Request therefore is wholly inadequate and improper. Please correct and supplement it, and produce the requested documents.

Request No. 17:      Defendants are entitled to any documents Plaintiff has concerning efforts she may have made to mitigate her alleged damages. She now has had more than enough time to "search for documents responsive to this request." Please correct and supplement Plaintiff's response to this Request and produce the requested documents.

Request No. 18:      You did not attach any documents and have not identified which of the documents produced in response to co-defendants' requests, if any, are responsive to Defendants' Request No. 18. Defendants are entitled to any documents Plaintiff has concerning admissions she alleges were made. Her response to this Request therefore is wholly inadequate and improper. Please correct and supplement it, and produce the requested documents.

Request No. 19:      You did not attach any documents and have not identified which of the documents produced in response to co-defendants' requests, if any, are responsive to Defendants' Request No. 19. Defendants are entitled to any documents Plaintiff has concerning any statements against interest she claims have been made. Her response to this Request therefore is wholly inadequate and improper. Please correct and supplement it, and produce the requested documents.

Request No. 20:      Defendants are entitled to discovery of documents pertaining to Plaintiff's past employment, within the requested reasonable ten year period; such discovery goes to pattern and credibility, as well as the potential identification of witnesses and Plaintiff's demand for damages. Plaintiff's response to this Request therefore is wholly inadequate and improper. Please correct and supplement it, and produce the requested documents.

Request No. 22:      You did not attach any documents, despite language to the contrary, and have not identified which of the documents produced in response to co-defendants' requests, if any, are responsive to Defendants' Request No. 22.[4] Defendants are entitled to any documents Plaintiff has concerning efforts she may have made to mitigate her alleged damages. She now has had more than enough time to "search for documents responsive to this request." Please correct and supplement Plaintiff's response to this Request and produce the requested documents.

Request No. 23:      Defendants are entitled to discovery concerning Plaintiff's emotional distress claims. Plaintiff now has had more than enough time to "search for documents responsive to this request." Please correct and supplement Plaintiff's response to this Request and produce the requested documents.

Request No. 24:      Your objections to requests for information regarding Plaintiff, including her name and changes to it, defy credulity. Defendants are entitled to discovery concerning Plaintiff and her background, which goes to pattern, credibility, and damages especially where, as here, your client has changed her name at least once that we know of.  Please correct and supplement Plaintiff's response to this Request and produce the requested documents.

Request No. 25:      Your objections to requests for information regarding other litigation in which Plaintiff was a party similarly lacks any justification. Defendants are entitled to this discovery, which goes to pattern, credibility, and damages. Please correct and supplement Plaintiff's response to this Request and produce the requested documents.

Request No. 26:      Defendants are entitled to discovery concerning Plaintiff's emotional distress claims. Plaintiff now has had more than enough time to "search for documents responsive to this request." Please correct and supplement Plaintiff's response to this Request and produce the requested documents.

Request No. 28:      After multiple requests, you finally voluntarily dismissed the cause of action to which this Request was directed. We do not understand why this cause was interposed in the first place, or why it took so long – requiring Defendants to respond to it unnecessarily – when it was clear that Plaintiff's First Amendment claim could not lie

---

[4] Document Nos. JM0208 through JM0224 appear to be e-mail "sent" lists that we think (Plaintiff's failure to comply with Rule 34 unfortunately requires us to guess) may be related to this Request. Please produce all of the actual e-mails, as well as any responses Plaintiff received, that correspond to this list, in addition to all other responsive documents.

against purely private parties. We therefore withdraw Request No. 28, but reserve our right to seek recovery of the unnecessary costs our clients incurred with respect to this cause of action.

Request No. 30:     Defendants are entitled to any documents Plaintiff has concerning efforts she may have made to mitigate her alleged damages. She now has had more than enough time to "search for documents responsive to this request." Please correct and supplement Plaintiff's response to this Request and produce the requested documents.

Request No. 31:     Defendants are entitled to the documents concerning the information sought in their First Set of Interrogatories. Please correct and supplement Plaintiff's response to this Request and produce the requested documents.

Request No. 32:     Defendants are entitled to all non-privileged documents concerning Plaintiff's claims.  Please correct and supplement Plaintiff's response to this Request and produce the requested documents.

6.     Plaintiff's Responses to Defendants' First Set of Interrogatories Fail to Comply with *Fed. R.Civ. P. 33* or *Local Rule 33.*

Plaintiff's responses to Defendants' interrogatories are similarly non-compliant.[5] *Fed. R. Civ. P. 33(b)(3)* requires a responding party to answer interrogatories "fully" to the extent no objection is made. Objections must be "stated with specificity." *Fed. R. Civ. P. 33(b)(4).* None of your objections provide the required, or indeed any, specificity. Additionally, you have ignored the requirements of *Local Rule 26.3* by not providing any of the information you are required to supply when identifying persons and documents. Moreover, your general "confidentiality" objection has no basis in any applicable rule; even if it did, you did not supply any proposed confidentiality stipulation. Finally, your boilerplate *Local Rule 33.3* objections are without merit because: (1) none of Defendants' interrogatories can even arguably be viewed as contention interrogatories; (2) you failed to answer any of the interrogatories where you improperly interposed this objection by, at the very least, identifying documents and witnesses; and (3) you failed to provide any specificity, leaving us to guess as to the nature of the objections, a deficiency that is not cured by your citation in some instances to a single decision from another jurisdiction.

Plaintiff's responses to specific interrogatories are deficient for other reasons as well:

Interrogatory Nos. 2 and 3:     Plaintiff has not properly identified witnesses, and has not identified any documents. She has had more than sufficient time to correct these deficiencies. Please correct and supplement Plaintiff's answer to this interrogatory.

---

[5] Please explain the reference to "Guy Allen, Esq., Abbott, Reiss & Allen, P.C., 309 West Park Avenue, Long Branch, New York 11561" in the introductory paragraph of Plaintiff's Responses to Defendants' First Set of Interrogatories or confirm that this reference is a mistake, and affirm that you have not sent documents pertaining to this case to persons who have no role in it.

<u>Interrogatory No. 5</u>:   Plaintiff's answer fails to provide the required specificity and does not identify any documents. Please correct and supplement Plaintiff's answer to this interrogatory.

<u>Interrogatory No. 6</u>:   Plaintiff has not answered this interrogatory. She has had more than enough time to do so. Please correct and supplement Plaintiff's answer to this interrogatory.

<u>Interrogatory No. 7</u>:   Plaintiff has not identified any documents. Please correct and supplement Plaintiff's answer to this interrogatory.

<u>Interrogatory No. 8</u>:   Plaintiff has not answered this interrogatory, which calls for witness information and the identification of documents relating to any investigation conducted by Plaintiff to, among other things, comply with her *Fed. R. Civ. P. 11* obligations. Please correct and supplement Plaintiff's answer to this interrogatory.

<u>Interrogatory No. 9</u>:   Plaintiff's identification of documents is entirely deficient. She has had more than enough time to supply the requested information. Please correct and supplement Plaintiff's answer to this interrogatory.

<u>Interrogatory No. 10</u>:  Plaintiff has not answered this interrogatory, which calls for witness information and the identification of documents relating to any statements Plaintiff may have obtained. Moreover, the interrogatory is properly directed and limited to the factual allegations Plaintiff has made in this case, and thus cannot arguably be construed as burdensome, overly broad, or vague. Please correct and supplement Plaintiff's answer to this interrogatory.

<u>Interrogatory No. 11</u>:  There is no good faith basis for refusing to provide the requested information regarding Plaintiff over the reasonable ten (10 year period. The interrogatory goes to Defendants' ability to conduct third-party discovery relating to pattern, credibility, and damages. Plaintiff's objections therefore are spurious. Please correct and supplement Plaintiff's answer to this interrogatory.

<u>Interrogatory Nos. 12 through 14</u>:    Plaintiff has not answered these interrogatories, which call for witness information and the identification of documents relating to pattern, credibility, and damages. Moreover, the interrogatory is properly directed and limited to the factual allegations Plaintiff has made in this case, and thus cannot arguably be construed as burdensome, overly broad, or vague. Please correct and supplement Plaintiff's answer to this interrogatory.

<u>Interrogatory No. 15</u>:  Plaintiff has not answered this interrogatory, and has had more than sufficient time now within which to do so. The burdensome objection is specious. Please correct and supplement Plaintiff's answer to this interrogatory.

<u>Interrogatory No. 16</u>:  There is no good faith basis for refusing to provide the requested information regarding Plaintiff's criminal history. Unless she has been charged repeat-

edly, your burdensome objection is improper, and there is nothing overly broad or vague about the interrogatory, which goes to Defendants' ability to conduct third-party discovery relating to pattern, credibility, and damages. Plaintiff's objections therefore are spurious. Please correct and supplement Plaintiff's answer to this interrogatory.

Interrogatory No. 17: Plaintiff has not properly answered this interrogatory under *Local Rule 26.3(c)*. Please correct and supplement Plaintiff's answer to this interrogatory.

Interrogatory Nos. 18 through 25:    There is nothing improper about any of these interrogatories, which seek the identification of persons and documents discoverable under the Federal and Local Rules. Plaintiff's refusal to identify any witnesses or documents, as even the most cursory reading of those rules reveals as mandatory, demonstrates an absence of good faith. Please correct and supplement Plaintiff's answers to these interrogatories.

Interrogatory Nos. 26 through 33:    Plaintiff's failure to state why she believes Fed. R. Civ. P. 33(a) justifies her failure to answer these interrogatories, as she is obligated to do, requires Defendants to guess. This is improper. Her citation to an inapplicable case from another jurisdiction provides no assistance. Since she asserts no other objections, we surmise that Plaintiff has refused to answer these interrogatories because she erroneously believes that the two separate defendants she has sued do not have the right to pose more than 25 interrogatories collectively. She is wrong. Please correct and supplement Plaintiff's answer to this interrogatory.

7.    Rescheduling of Depositions

As you know, all of the previously scheduled depositions were adjourned because of Plaintiff's failure to make even a good faith effort to meet her discovery obligations. We must receive Plaintiff's supplemental discovery by no later than 5:00 p.m. on Friday, May 16, 2008 so that we can take those depositions. We have set aside May 21, 22, and 23 and the entire week of June 2. I propose using the May dates for Defendants' and co-defendants' depositions of Plaintiff, and the other dates for Plaintiff's depositions of the persons she has noticed subject, as is most convenient for the parties and their counsel.

—

I think everyone will agree that we are past the point where we can agree to any additional postponements of discovery in this case. Accordingly, we look forward to receiving Plaintiff's supplementation of her discovery responses by next Friday so that we do not need to seek the Court's intervention.

Very truly yours,


Deborah Martin Norcross

cc:    Harold J. Derschowitz, Esq.