

**MARTINNORCROSS LLC**
PRINCETON ■ EDISON ■ NEW YORK

PRACTICE LIMITED TO EMPLOYMENT MATTERS AND RELATED LITIGATION

REPLY TO: 60 Marion Road West, Princeton, NJ 08540

DEBORAH MARTIN NORCROSS, ESQ.
DIRECT DIAL: (609) 249-5860
FACSIMILE: (609) 945-3912
E-MAIL: dmnorcross@martinnorcross.com

July 7, 2008

By E-Mail: numoh@umohlaw.com
Nkereuwem Umoh, Esq.
255 Livingston Street
4th Floor
Brooklyn, New York 11217

Re:   *Mann v. Plus One Holdings, Inc., et al*

Dear Uwem:

The deficiencies outlined in our May 9, 2008 letter to you remain uncorrected. Accordingly, please comply with the Court's directive of this morning by providing all of the information requested therein. Please be sure to send your responses so that they are received by us no later than the close of business on Monday, July 14, 2008. Since I will not be in New York at all next week, please send your responses and documents electronically to the extent possible, and to the Princeton address on this letter.

Specifically, and initially, you must provide full and complete verified answers to all of Defendant's First Set of Interrogatories. I hope I do not need to emphasize that we will view any continued reliance on Local Rule 33.3 or other spurious objections to avoid answering these interrogatories as non-compliance with the Court's directive.

Furthermore, in supplementing Plaintiff's document production, please be sure to include, without any limitation:

1. All documents relating to any employment sought or obtained by Plaintiff, and all income received by her, from January 2, 1998 to the present. This demand includes, but is in no way limited to, all documents received by Plaintiff from potential employers, all documents concerning her employment with the PIC Resort in Guam, and all documents concerning any other employment, whether part-time or full-time, she has had anywhere else, including over the period when she appears to have been in New Zealand.



2. Your production should include, by way of example only: applications, e-mails and other correspondence, offer letters, pay stubs, direct deposit receipts or statements, and any other documents that in any way relate to that employment or potential employment and the remuneration received by Plaintiff from that employment. In addition, provide proper records authorizations for each and every identified employment.

3. All documents concerning Plaintiff's application for, acceptance by, and intention to attend the educational program to which she refers in her June 23, 2008 Affidavit.

4. All documents relating to Plaintiff's emotional distress claims, including all documents concerning any treatment she received. <u>This request is in addition to the Court's directive to you to provide proper records authorizations</u>. You may not transfer to defendants your obligation to obtain and produce responsive documents.

5. All documents concerning all names Plaintiff ever has used and when.

6. All records concerning any application Plaintiff made for unemployment insurance, Medicaid, or other public assistance, and any benefits she received. Again, your production should include, by way of example only, any forms she completed and any records of benefits she received such as deposit receipts or statements.

7. All of Plaintiff's e-mails and other documents that in any way relate to any of the Defendants, any of her claims in this action, any investigation conducted by her or on her behalf, or as otherwise requested in our January 2, 2008 First Request for Production.

Once again, the complete list of deficiencies in Plaintiff's responses is contained in our May 9, 2008 letter. Please refer to that letter, in addition to the above, in supplementing Plaintiff's responses.

We look forward to receiving Plaintiff's complete supplementation by no later than 5:00 p.m. on Monday, July 14, 2008.

Very truly yours,

**/s/ Deborah Martin Norcross**

Deborah Martin Norcross

3 | P a g e



cc:   Harold Derschowitz, Esq. (By E-mail)
      Chide Eze, Esq. (By E-mail)