LSK&D #: 163-8001 / 1070371

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

JORDAN MANN,

                                 Plaintiff,

         -against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN
HENRIQUES, JAMIE MACDONALD DOES 1-
10 Inclusive

                             Defendants.

-------------------------------------------------------------x

**Docket No.: 07 CV 5691 (NRB)**

**NOTICE OF MOTION UNDER RULE 37(b)(2)(A) TO PRECLUDE OR UNDER RULE 37(a) TO COMPEL**

TO:    LAW OFFICE OF UWEM UMOH
        255 Livingston Street, 4th Floor
        Brooklyn, New York 11217
        Attn:  Uwem Umoh, Esq.
        numoh@umohlaw.com

        MARTIN NORCROSS, LLC
        110 Wall Street
        RCG Suite, 26th Floor
        New York, New York 10005
        Attn:  Deborah Martin Norcross, Esq.
        dmnorcross@martinnorcross.com

       PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 37, the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, s/h/i as TRUMP WORLD TOWERS, and JOHN HENRIQUES, (henceforth "TRUMP Defendants") will move before the Hon. Naomi Reice Buchwald for an order under Fed. R. Civ. P. 37(b)(2)(A) to preclude, or under Rule 37(a) to compel. In support of their motion, the TRUMP Defendants will rely upon the accompanying Certification of Harold J. Derschowitz, Esq., and Memorandum of Law.

Dated:      New York, New York
            August 28, 2008

                              Respectfully submitted,

                              LESTER SCHWAB KATZ & DWYER, LLP

                              _____
                              Harold J. Derschowitz (HJD-9910)
                              Attorneys for Defendants
                              BOARD OF MANAGERS OF TRUMP WORLD
                              TOWER CONDOMINIUM, s/h/i as "TRUMP
                              WORLD TOWERS", and JOHN HENRIQUES
                              120 Broadway
                              New York, New York  10271
                              (212)  964-6611

TO:

LAW OFFICES OF CHIDI EZE
NKEREUWEM  UMOH, ESQ.
255 LIVINGSTON STREET, 4TH FLOOR
BROOKLYN, NEW YORK  11217
Attorneys for Plaintiff
Tele No.: (718) 360-0527
E-mail: numoh@umohlaw.com

DEBORAH MARTIN NORCROSS
MARTIN NORCROSS, LLC
110 WALL STREET, RCG SUITE 26th FLOOR
NEW YORK, NEW YORK  10004
Attorneys for Defendants
PLUS ONE FITNESS and
JAMIE MACDONALD
E-Mail: dmnorcross@martinnorcross.com

**LSK&D #: 163-8001 / 1070371**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

JORDAN MANN,

                                      Plaintiff,

           -against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN
HENRIQUES, JAMIE MACDONALD DOES 1-
10 Inclusive

                               Defendants.
---------------------------------------------------------------x

**Docket No.: 07 CV 5691
(NRB)**

**CERTIFICATION IN
SUPPORT OF
DEFENDANTS' MOTION
TO PRECLUDE OR
COMPEL**

       HAROLD J. DERSCHOWITZ, ESQ., Counsel for Defendants, BOARD OF

MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, s/h/i as TRUMP WORLD

TOWERS, and JOHN HENRIQUES, (henceforth collectively "TRUMP Defendants")

hereby respectfully submits this Certification in Support of the TRUMP Defendants'

Motion to Preclude under Fed. R. Civ. P. 37(b)(2) and (c) or to compel under Fed. R.

Civ. P. 37(a):

## BACKGROUND

       1.     The plaintiff originally commenced the instant action in or around June of

2007. Subsequent thereto, plaintiff filed three (3) amendments to the Complaint. In the

plaintiff's Third Amended Complaint, dated January 22, 2008, plaintiff alleges, in her

Fifteenth Cause of Action, that the TRUMP Defendants knew plaintiff had an at-will

contract of employment with PLUS ONE and intentionally and arbitrarily procured the

breach of same by terminating plaintiff's employment therewith; that the TRUMP

Defendants terminated plaintiff's employment contract arbitrarily, in violation of a duty

owed to plaintiff by virtue of a special and confidential relationship between plaintiff and PLUS ONE; that the TRUMP Defendants, in terminating plaintiff's employment on the basis of race and national origin, acted in bad faith, self-interest, malice and personal animosity toward the plaintiff, with their actions neither justified nor taken in the interest of PLUS ONE; and that the TRUMP Defendants acted outside the boundaries of their employment and relationship with PLUS ONE and intentionally and tortiously interfered with plaintiff's contract of employment with PLUS ONE, thereby becoming liable to plaintiff for the common-law of Tortious Interference with Contractual Relations. (See plaintiff's Third Amended Complaint, Fifteenth Cause of Action, at paragraphs numbers "58" through "63"). The plaintiff does not specifically set forth any other cause of action against the TRUMP Defendants in her Third Amended Complaint. The plaintiff is seeking punitive damages against the TRUMP Defendants, based upon allegations that their actions were callous, reckless, willful and totally in disregard of plaintiff's rights.

2.    On December 7, 2007, the Court entered a scheduling order requiring service of interrogatories and document requests by January 7, 2008 and setting April 15, 2008 as the fact discovery deadline. (Exhibit "1").

3.    On January 7, 2008, the TRUMP Defendants served plaintiff with their First Set of Interrogatories (henceforth "Interrogatories") (Exhibit "2"); their First Notice to Produce Documents (henceforth "Notice") (Exhibit "3"); and their Combined Discovery Demands (henceforth "Demands") (Exhibit "4"), including a Demand for Expert Witness Information; Request for Production of Party Statements; Request for Names and Addresses of Witnesses; Notice to Take Deposition Upon Oral Examination; Request for Collateral Source Information; Demand for Employment

Record Authorizations; Demand for Production of Insurance Agreements; Request for Hospital Information; Request for Medical Information; Request for Major Medical/Blue Cross Authorizations and Demand for Income Tax Information.

4.      Plaintiff did not comply with the scheduling order.  On or about January 17, Nkereuwem (Uwem) Umoh, Esq., counsel for Plaintiff, sought leave of Court to serve belated interrogatories and document requests on the defendants.  The Court granted Plaintiff's request by Order of January 18, 2008.  (Exhibit 5).

5.      On February 6, 2008, Plaintiff's counsel served plaintiff's Response to the TRUMP Defendants' First Notice to Produce (Exhibit "6").  On February 8, 2008, plaintiff's counsel served plaintiff's Responses to the TRUMP Defendants First Set of Interrogatories (Exhibit "7").  Subsequent thereto, on February 15, 2008, plaintiff's counsel furnished "e-mails and other documents in plaintiff's possession that are between herself and defendants and pertains to defendants' grooming policies, plaintiff's job search following her termination; her massage therapy license and her taxes (Exhibit "8").

6.      The plaintiff's Response to the TRUMP Defendants' First Set of Interrogatories can scarcely be characterized as a response, insofar as only two (2) of the demands contained therein were in fact responded to (Items 22 and 23, which responses were later determined to be <u>false</u> as detailed more fully below, with plaintiff responding that she did not treat with any Health Care Provider for the injuries alleged in her Second Amended Complaint).  The remaining items were objected to as either beyond the scope of Local Civil Rule 33.3 or FRCP 33(a).  Such a purported response is deficient on its face, and at the very least, plaintiff was required to produce <u>all</u>

documentation sought therein relating to plaintiff's claim, as well as the basis of computation of her damages claim.

7.    Plaintiff's above-mentioned Response to TRUMP Defendants' First Notice to Produce was similarly deficient, with plaintiff initially indicating that she is "continuing to search for any and all e-mails" responsive to Item 1, and then merely referring to "Bates-stamped documents enclosed" in her response to numerous demands without specifying which documents were responsive to which demand.  The deficiency of the response and documents are more fully referenced in a deficiency letter sent by your affirmant to plaintiff's counsel on May 30, 2008 (Exhibit "9").  This occurred after Plaintiff's counsel sought and received defendants' consent to an extension of the discovery deadline so he could serve additional written discovery, with the Court extending the discovery deadline to June 30, 2008, extending the time to serve interrogatories and document requests to April 4, 2008, and ruling that no further extensions would be permitted. (Exhibit "10").

8.    In addition to your affirmant's deficiency letter of May 30, 2008 to plaintiff's counsel, which set forth in detail the deficiencies of plaintiff's Response to TRUMP Defendants' First Notice to Produce, the TRUMP Defendants also served a Second Set of Interrogatories (Exhibit "11"), which were proper per Local Civil Rule 33.3(c) as same were served within 30 days of the Court's discovery cut-off date of June 30, 2008, and as plaintiff had refused to attend all previously scheduled depositions.  It is also noteworthy that as of May 30, 2008, plaintiff had failed to furnish responses to the TRUMP Defendants' Combined Discovery Demands/Notices of January 7, 2008 (Exhibit "4").

9.    Subsequent to the foregoing, plaintiff's counsel sent a letter to your affirmant dated June 15, 2008 (Exhibit "12") purportedly responding to the TRUMP Defendants' deficiency letter of May 30, 2008.    Said correspondence and the documents contained therein were again insufficient and deficient, which your affirmant pointed out in a deficiency letter to plaintiff's counsel dated June 20, 2008 (Exhibit 13). Plaintiff did not furnish a response to the TRUMP Defendants' Second Set of Interrogatories, dated June 25, 2008, but instead chose to "reject" same in an e-mail response to your affirmant.  (Exhibit "14").

10.    Plaintiff's counsel had as yet failed to reveal his client's present employment status and location at that time, stating that she was "unable to be deposed in May as she is currently in Guam through this month", despite the prior discovery demands served by the TRUMP Defendants to obtain plaintiff's employment records from 5 years prior to June 16, 2006 up through and including the present.

11.    Based upon the foregoing difficulties in obtaining discovery responses from plaintiff's counsel in accordance with the Court's prior directives, your affirmant wrote to the Court on June 24, 2008, seeking a discovery conference with the Court and permission to file a motion to compel discovery and for sanctions (Exhibit "15").  Said letter reflects that defense counsel were first informed by plaintiff's counsel on June 23, 2008, that plaintiff was presently employed in Guam, as reflected in plaintiff's counsel's letter to the Court dated June 23, 2008 (Exhibit 16) and the plaintiff's affidavit of June 23, 2008 contained therein.  As set forth more fully below, plaintiff's affirmation contains the false statement that she was unable to obtain employment from the time she was terminated from PLUS ONE on June 16, 2006, until the time she obtained employment

with PIC Resort in Guam, in February of 2008, which falsity became apparent during her deposition testimony.

12.    In the above-stated letter from plaintiff's counsel to the Court dated June 23, 2008, Mr. Umoh revealed for the first time that his client was working in Guam under a one-year employment contract that did not expire until February 2009. He also revealed that Plaintiff intended to abandon her Guam position in or around August 2008 to begin classes in another country (which turned out to be Singapore).

13.    On July 7, 2008, a telephone conference was conducted with the Court. During the conference, depositions of the plaintiff were scheduled for August 5 by the PLUS ONE Defendants and for August 12 by the TRUMP Defendants.  The Court also gave Plaintiff one more week to supplement her written discovery responses, the insufficiency of which was discussed during said conference.

14.    On July 7, 2008, your affirmant wrote to plaintiff's counsel's confirming the Court's directives (Exhibit "17").

15.    On July 11, 2008, plaintiff's counsel wrote to your affirmant, in purported response to your affirmant's prior letters of June 20, 2008 and July 7, 2008 (Exhibit "18").  Once again, however, the response was insufficient, as enumerated in your affirmant's letter to the Court dated July 24, 2008 (Exhibit 19).  In particular, the authorizations provided were defective, which basically insured we would not be able to obtain plaintiff's medical records and tax returns prior to her deposition.  Moreover, plaintiff still had not provided authorizations to obtain the plaintiff's employment records from PIC Resort in Guam, nor had she provided any medical treatment records, thereby severely restricting our ability to conduct a meaningful deposition of the plaintiff on the

issue of damages.

16.    In response to the foregoing, the Court issued an Order in letter form, dated July 30, 2008, that plaintiff's counsel and plaintiff have "one additional week to remedy the specific deficiencies noted," and that the defendants may move for sanctions, including request for preclusion orders, if they remained unsatisfied with plaintiff's responses (Exhibit "20").

17.    Despite the foregoing, the discovery sought remained outstanding, and the defendants' were therefore limited in their ability to conduct a meaningful deposition of the plaintiff on August 12, 2008.

18.    At 10:06 p.m. on August 6, 2008, plaintiff's counsel sent defense counsel an e-mail stating he would not be providing any supplementation to Plaintiff's written discovery responses (Exhibit "22").

19.    Plaintiff was deposed on August 12, 2008. During the deposition, Plaintiff acknowledged she had pertinent requested discovery that she had never produced and for which she had not conducted any search. (Exhibit "21", deposition transcript of plaintiff Jordan Mann, at pgs. 38 and 39).  Based upon the inability of the plaintiff to respond directly to the questions asked, and as plaintiff had not responded to the TRUMP Defendants' written discovery demands, the deposition was concluded but not closed at 9:00 p.m. on August 12, 2008.

## SPECIFIC DEFICIENCIES IN PLAINTIFF'S DISCOVERY RESPONSES

20.    Plaintiff has failed to completely respond to any of the TRUMP Defendants discovery demands, i.e. First Notice of Produce, First and Second Set of Interrogatories, and Combined Discovery Demands/Notices.  The specific demands and deficient

responses are as follows:

        (a)    TRUMP Defendants' First Set of Interrogatories on Plaintiff.

1.    Set forth the plaintiffs present residence and her residence at the time of the commencement of the within lawsuit, if different;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

2.    Set forth the plaintiff's social security number;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

3.    Set forth by chapter, article, section and paragraph each statute, constitution, ordinance, rule or regulation, if any, which it is claimed each defendant violated;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

4.    Set forth the basis of the plaintiffs claim that defendants BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, knew that plaintiff had an at-will contract of employment with PLUS ONE, as alleged in plaintiff s Second Amended Complaint, and when said defendants were apprised of same, setting forth each such occasion, the time and location of same, and the identity of the person(s) providing such information;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

5.    Set forth the basis of the plaintiff's claim that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, intentionally and arbitrarily procured the breach of plaintiffs at-will contract of employment with PLUS ONE, as alleged in the plaintiff's Second Amended Complaint, setting forth the date, time and location of same and

identifying all persons participating in same;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

6.      Set forth the basis of the plaintiff's claim that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, terminated the plaintiff's employment with PLUS ONE, as alleged in plaintiff's Second Amended Complaint, setting forth the date, time and location of any action(s) allegedly undertaken by said defendants and the nature of said actions, and identifying all persons that were present and/or participating with regard thereto;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

7.      Set forth the basis of the plaintiff's allegation that the defendants, BOARD OF MANAGERS OF TRUMP WORLD POWER CONDOMINIUM and JOHN HENRIQUES acted in violation of a duty owed to plaintiff, and set forth the exact nature of any such duty and list all alleged violations of said duty by said defendants, including the time, date and location of same, as well as the nature of said acts;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

8.      Set forth the basis of the plaintiff's allegation that her employment was terminated on the basis of race and national origin, as alleged in the plaintiff's Second Amended Complaint;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

9.      Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in bad faith regarding the termination of the plaintiffs employment, setting forth the date, time and location of any such acts and the person(s) participating in same;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted  by Local Civil Rule 33.3

10.    Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD POWER CONDOMINIUM and JOHN HENRIQUES, acted in self-interest regarding the termination of the plaintiffs employment, setting forth the date, time and location of any such acts and the person(s) participating in same;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

11.    Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in malice regarding the termination of the plaintiff's employment, setting forth the date, time and location of any such acts and the person(s) participating in same;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

12.    Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in personal animosity regarding the termination of the plaintiffs employment, setting forth the date, time and location of any such acts and the person(s) participating in same;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

13.    Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in bad faith, self-interest, malice and personal animosity toward the plaintiff, on and prior to June 16, 2006;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

14.    Set forth in detail the nature of the special and confidential relationship between the plaintiff and defendant PLUS ONE as alleged in the plaintiff's Second Amended Complaint;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

15.    Set forth the manner in which any alleged acts by the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, towards the plaintiff, were not justified, as alleged in the plaintiff's Second Amended Complaint;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

16.    Set forth the basis for the plaintiff's allegation that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, terminated the plaintiffs employment, as alleged in plaintiffs Second Amended Complaint, and set forth the date, time and location of any such act and the persons participating in same;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

17.    Set forth the basis of the plaintiff's allegation that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted outside the boundaries of their employment and relationship with PLUS ONE, as alleged in plaintiffs Second Amended Complaint, setting forth the date, time and location of each and every such "act" alleged and the persons participating in same;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

18.    Set forth the basis of the plaintiffs claim that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, intentionally and tortuously interfered with the plaintiff's Contract of Employment with PLUS ONE, as alleged in the plaintiffs Second Amended Complaint, setting forth the date, time and location of each and every alleged act of interference with said Contract of Employment, and identifying; the persons participating in same;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

19.    Set forth the basis of the plaintiff's claim that the acts of the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, were callous, reckless, willful and in total disregard of plaintiff's rights, as alleged in the plaintiff s Second Amended Complaint, setting forth the date, time and location of each and every "act" alleged and the persons participating in same;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

20.    Set forth the basis of the plaintiff's claim to entitlement for punitive damages against the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, as alleged in the plaintiff's Second Amended Complaint;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

21.    Set forth the basis of the plaintiff's claim that any alleged acts by the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, resulted in the termination of the plaintiff's employment;

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

22.    Identify each Health Care Provider who rendered treatment to plaintiff for

the injuries/damages alleged in the plaintiff's Second Amended Complaint;

Response:

Plaintiff did not treat any Health Care Provider for the injuries alleged in her second amended complaint.

23.    Identify all documents concerning any medical treatment rendered to plaintiff for the injuries/damages alleged in plaintiff's Second Amended Complaint;

Response:

Plaintiff did not treat any Health Care Provider for the injuries alleged in her second amended complaint.

24.    Set forth whether plaintiff ever met with the defendants, JOHN HENRIQUES and BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, at any time on or prior to June 16, 2006, and if so, provide the following: The date, time and location of any such meeting(s); The participants in any such meeting(s);

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

25.    Set forth whether the plaintiff sent any written correspondence to the defendants, JOHN HENRIQUES and BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, on or prior to June 16, 2006, and if so, indicate the following: The date(s) of any such correspondence; The format of any such correspondence (i.e. letter, e-mail, facsimiles, text, etc.);The sum and substance of any such correspondence.

Response:

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3.

26.    Set forth whether the plaintiff received any written correspondence from the defendants, JOHN HENRIQUES and BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, on or prior to June 16, 2006, and if so, set forth the following:

        (a)    The date of said correspondence(s) and from whom same was received;

(b)    The type of correspondence(s) received (i.e. e-mail, facsimile, letter, text, etc.)

(c)    The sum and substance of any such correspondence.

Response:

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. PaineWebber, 168 F.R.D. 448 (D. Conn. 1996)

27.    Set forth the nature, basis, amount, and manner of computation of all monetary relief and/or damages (including but not limited to attorneys' fees) that you are seeking from the defendants, JOHN HENRIQUES and BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, and identify all documents concerning the information requested herein;

Response:

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (l7. Conn. 1996)

28.    Identify all written correspondence, including e-mails, letters, facsimiles, texts, etc., between the plaintiffs and any of the defendants in the instant action, regarding the allegations set forth in the plaintiff s Second Amended Complaint.

Response:

Plaintiff objects to this request as outside the scope of FRCP 33(a)_ See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996)

29.    Set forth whether the plaintiff kept any handwritten/typewritten records, including diaries, regarding any of the meetings, telephone calls, correspondence, etc., between plaintiff and the defendants as referenced in the plaintiff's Second Amended Complaint, and if so, identify each and every such item.

Response:

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996) 30.

30.    Set forth in detail whether any telephone conversations occurred between the plaintiff and any of the defendants in the instant action on or prior to June 16, 2006, relating to any of the allegations set forth in the plaintiffs Second Amended Complaint, and if so, provide the following details thereof: (a) The date, time and

location of said telephone call; (b) The participants in said telephone call; (c) The sum and substance of the conversation in such telephone call;

Response:

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996)

31.    Set forth whether the plaintiff was ever provided with a copy of any written manual containing "grooming requirements" of any of the defendants on or prior to June 16, 2006, and if so, set forth the date plaintiff received any such "manual", identify the person/entity that provided same to plaintiff, and attach a copy of same.

Response:

Plaintiff objects to this request as outside the scope of FRCP 33(a)_ See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996)

## BASIS FOR MOTION

21.    Plaintiff has failed to furnish even the most cursory response to any of the TRUMP Defendants' First Set of Interrogatories, instead objecting to all but two (2) of the demands as being either "outside the scope permitted by Local Civil Rule 33.3" or "outside the scope of FRCP 33(a)".  The only items which plaintiff did not object to were Item 22 (Identify each Health Care Provider who rendered treatment to plaintiff for the injuries/damages alleged in the plaintiff's Second Amended Complaint) and Item 23 (identify all documents concerning medical treatment rendered to plaintiff for the injuries/damages alleged in plaintiff's Second Amended Complaint).    Plaintiff's Response to Items 22 and 23 was identical, to wit: "Plaintiff did not treat with any Health Care Provider for the injuries alleged in her Second Amended Complaint.

22.    Plaintiff claims she experienced "emotional distress, the effects of which plaintiff continues to suffer from." Third Amended Complaint ¶57, which should have been numbered 64. She testified she experienced anger, depression, stomach cramps,

headaches and that she had experienced some or all of the symptoms before her employment with PLUS ONE. (Mann Deposition Transcript, pgs. 215-218)  The TRUMP Defendants are entitled to explore what treatment and symptoms Plaintiff experienced following her Plus One employment.  We have made multiple requests for this discovery, but have not been furnished with even <u>one</u> <u>document</u> regarding plaintiff's treatment during said time period.  We repeatedly have asked for usable authorizations. Even the Court has directed Plaintiff's counsel to provide this discovery.

23.    At the very least, plaintiff was obligated to identify all health care providers, as well as identify all documents concerning any medical treatment rendered to the plaintiff for the injuries/damages alleged which plaintiff still has not done to date.

24.    We therefore submit that Plaintiff's negligent infliction of emotional distress cause of action and any claim she has for emotional distress damages should be dismissed, and that Plaintiff should be precluded from presenting any evidence concerning any emotional or physical distress she claims to have experienced.

25.    Interrogatory requests numbered 28 (<u>Identify</u> all written correspondence including e-mails, letters, facsimiles, tests, etc. between the plaintiff and <u>any</u> of the defendants, regarding the allegations set forth in plaintiff's Second Amended Complaint; 29 (any handwritten/typewritten records, including diaries, regarding any of the meetings, telephone calls, correspondence, etc. between plaintiff and defendants as referenced in Plaintiff's Second Amended Complaint, and <u>identify</u> same); 30 (<u>Identify</u> the date, time, location and participants in any telephone conversations between plaintiff and any of the defendants on or prior to June 16, 2006, relating to any of the allegations contained in plaintiff's Second Amended Complaint); 31 (<u>Identify</u> any written manual

containing "grooming requirements" at any of the defendants given to plaintiff on or prior to June 16, 2006 and the person/entity providing same). There Interrogatories simply required plaintiff to identify documents and witnesses, and are clearly permissible under Local Civil Rule 33.3 and FRCP 33(a).

26.     Interrogatory 16 simply seeks identification of the TRUMP Defendants that allegedly terminated the plaintiff's employment, the date(s) and time(s) same occurred, and the person(s) participating in same. This is clearly not a contention interrogatory, and is not violative of Local Civil Rule 33. Similarly, Interrogatory Number 19 seeks identification of the TRUMP Defendants who allegedly, intentionally and tortiously interfered with the plaintiff's Contract of Employment with PLUS ONE, as alleged in plaintiff's Second Amended Complaint, and the date, time and location thereof and the participants in same. For the same reasons, this Item also warrants a response from plaintiff.

(b)     TRUMP Defendants' Second Set of Interrogatories on Plaintiff (which inadvertently begins at Item "8")

8.     Set forth the plaintiff's present residence and her residence at the time of the commencement of the within lawsuit, if different;

9.     Set forth the plaintiff's social security number;

10.     Set forth by chapter, article, section and paragraph each statute, constitution, ordinance, rule or regulation, if any, which it is claimed each defendant violated;

11.     Set forth the basis of the plaintiff's claim that defendants BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, knew that plaintiff had an at-will contract of employment with PLUS ONE, as alleged in plaintiff's Second Amended Complaint, and when said defendants were apprised of same, setting forth each such occasion, the time and location of same, and the identity of the person(s) providing such information;

12.     Set forth the basis of the plaintiff's claim that the defendants, BOARD OF

MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, intentionally and arbitrarily procured the breach of plaintiff's at-will contract of employment with PLUS ONE, as alleged in the plaintiff's Second Amended Complaint, setting forth the date, time and location of same and identifying all persons participating in same;

13.    Set forth the basis of the plaintiff's claim that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, terminated the plaintiff's employment with PLUS ONE, as alleged in plaintiff's Second Amended Complaint, setting forth the date, time and location of any action(s) allegedly undertaken by said defendants and the nature of said actions, and identifying all persons that were present and/or participating with regard thereto;

14.    Set forth the basis of the plaintiff's allegation that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in violation of a duty owed to plaintiff, and set forth the exact nature of any such duty and list all alleged violations of said duty by said defendants, including the time, date and location of same, as well as the nature of said acts;

15.    Set forth the basis of the plaintiff's allegation that her employment was terminated on the basis of race and national origin, as alleged in the plaintiff's Second Amended Complaint;

16.    Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in bad faith regarding the termination of the plaintiff's employment, setting forth the date, time and location of any such acts and the person(s) participating in same;

17.    Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in self-interest regarding the termination of the plaintiff's employment, setting forth the date, time and location of any such acts and the person(s) participating in same;

18.    Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in malice regarding the termination of the plaintiff's employment, setting forth the date, time and location of any such acts and the person(s) participating in same;

19.    Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in personal animosity regarding the termination of the

plaintiff's employment, setting forth the date, time and location of any such acts and the person(s) participating in same;

20.    Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in bad faith, self-interest, malice and personal animosity toward the plaintiff, on and prior to June 16, 2006;

21.    Set forth in detail the nature of the special and confidential relationship between the plaintiff and defendant PLUS ONE as alleged in the plaintiff's Second Amended Complaint;

22.    Set forth the manner in which any alleged acts by the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, towards the plaintiff, were not justified, as alleged in the plaintiff's Second Amended Complaint;

23.    Set forth the basis for the plaintiff's allegation that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, terminated the plaintiff's employment, as alleged in plaintiff's Second Amended Complaint, and set forth the date, time and location of any such act and the persons participating in same;

24.    Set forth the basis of the plaintiff's allegation that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted outside the boundaries of their employment and relationship with PLUS ONE, as alleged in plaintiff's Second Amended Complaint, setting forth the date, time and location of each and every such "act" alleged and the persons participating in same;

25.    Set forth the basis of the plaintiff's claim that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, intentionally and tortuously interfered with the plaintiff's Contract of Employment with PLUS ONE, as alleged in the plaintiff's Second Amended Complaint, setting forth the date, time and location of each and every alleged act of interference with said Contract of Employment, and identifying the persons participating in same;

26.    Set forth the basis of the plaintiff's claim that the acts of the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, were callous, reckless, willful and in total disregard of plaintiff's rights, as alleged in the plaintiff's Second Amended Complaint, setting forth the date, time and location of each and every "act" alleged and the persons participating in same;

27.    Set forth the basis of the plaintiff's claim to entitlement for punitive

damages against the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, as alleged in the plaintiff's Second Amended Complaint;

28.    Set forth the basis of the plaintiff's claim that any alleged acts by the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, resulted in the termination of the plaintiff's employment;

29.    Identify each Health Care Provider who rendered treatment to plaintiff for the injuries/damages alleged in the plaintiff's Second Amended Complaint;

30.    Identify all documents concerning any medical treatment rendered to plaintiff for the injuries/damages alleged in plaintiff's Second Amended Complaint;

31.    Set forth whether plaintiff ever met with the defendants, JOHN HENRIQUES and BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, at any time on or prior to June 16, 2006, and if so, provide the following:

    (a)    The date, time and location of any such meeting(s);

    (b)    The participants in any such meeting(s);

    (c)    The sum and substance of any matters discussed at said meeting(s);

32.    Set forth whether the plaintiff sent any written correspondence to the defendants, JOHN HENRIQUES and BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, on or prior to June 16, 2006, and if so, indicate the following:

    (a)    The date(s) of any such correspondence;

    (b)    The format of any such correspondence (i.e. letter, e-mail, facsimiles, text, etc.);

    (c)    The sum and substance of any such correspondence.

33.    Set forth whether the plaintiff received any written correspondence from the defendants, JOHN HENRIQUES and BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, on or prior to June 16, 2006, and if so, set forth the following:

    (a)    The date of said correspondence(s) and from whom same was

received;

(b)    The type of correspondence(s) received (i.e. e-mail, facsimile, letter, text, etc.)

(c)    The sum and substance of any such correspondence.

34.    Set forth the nature, basis, amount, and manner of computation of all monetary relief and/or damages (including but not limited to attorneys' fees) that you are seeking from the defendants, JOHN HENRIQUES and BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, and identify all documents concerning the information requested herein;

35.    Identify all written correspondence, including e-mails, letters, facsimiles, texts, etc., between the plaintiffs and any of the defendants in the instant action, regarding the allegations set forth in the plaintiff's Second Amended Complaint.

36.    Set forth whether the plaintiff kept any handwritten/typewritten records, including diaries, regarding any of the meetings, telephone calls, correspondence, etc., between plaintiff and the defendants as referenced in the plaintiff's Second Amended Complaint, and if so, identify each and every such item.

37.    Set forth in detail whether any telephone conversations occurred between the plaintiff and any of the defendants in the instant action on or prior to June 16, 2006, relating to any of the allegations set forth in the plaintiff's Second Amended Complaint, and if so, provide the following details thereof:

(a)    The date, time and location of said telephone call;

(b)    The participants in said telephone call;

(c)    The sum and substance of the conversation in such telephone call;

38.    Set forth whether the plaintiff was ever provided with a copy of any written manual containing "grooming requirements" of any of the defendants on or prior to June 16, 2006, and if so, set forth the date plaintiff received any such "manual", identify the person/entity that provided same to plaintiff, and attach a copy of same.

39.    Identify all documents provided or received by you to or from the Equal Opportunity Employment Commission.

27.    The plaintiff <u>never responded</u> to the TRUMP Defendants' Second Set of

Interrogatories, but simply "rejected" same in an e-mail dated June 25, 2008 (Exhibit "14"), claiming that the TRUMP Defendants did not seek leave to serve same.

## BASIS FOR MOTION

28.    In accordance with Local Civil Rule 33.3(c), and inasmuch as the discovery cut-off date at the time said Interrogatories were served was June 30, 2008 (pursuant to the Court's Amended Scheduling Order), the plaintiff was obligated to file a response to said Interrogatories seeking the claims and contentions of the plaintiff.

29.    By refusing to respond to what plaintiff deemed to be "contention" interrogatories and simultaneously refusing to produce his client for deposition purposes prior to the June 30, 2008 cut-off date, plaintiff was deliberately stonewalling discovery efforts by the TRUMP Defendants.   Accordingly, plaintiff should be precluded from introducing evidence as any of the Items demanded in the TRUMP Defendants' Second Set of Interrogatories, or in the alternative, be compelled to furnish complete responses to same.

(c)    TRUMP Defendants' First Notice to Produce to Plaintiff

30.    Despite the instant Notice to Produce having first been served on Plaintiff's counsel on January 7, 2008, plaintiff has still not fully complied with same.  In this regard, Item 1 thereof request the following: "all documents, including e-mails, letters, correspondence, facsimiles, texts, etc., referencing any communications between plaintiff and <u>any</u> of the defendants in the instant action, from the time plaintiff commenced employment with co-defendant PLUS ONE through the present;" plaintiff's purported response thereto, dated July 11, 2008, in letter form to your affirmant, simply refers to "documents Bates-stamped 189, 190 and 200".  In this regard, plaintiff has

failed to identify <u>which</u> of the Bates-stamped documents constitutes communications between plaintiff and the co-defendants and *separately* indicate which of the Bates-stamped documents previously provided constitutes communications between the plaintiff and *our clients*.

31.    Plaintiff has similarly failed to furnish a proper response to Item 2, which seeks the following: "all documents memorializing any meetings, telephone conversations or any other communications had between the plaintiff and <u>any</u> of the defendants in the instant action, from the time of the plaintiff's employment with the defendants up to and including the present".

32.    Plaintiff's most recent response to Item 2, in plaintiff's letter dated July 11, 2008, similarly fails to set forth *which* of the Bates-stamped documents referred to therein concern any of the items demanded in Item 2 of the TRUMP Defendants' Notice to Produce.

33.    Plaintiff has still failed to respond to Item 7 of the TRUMP Defendants First Notice to Produce, which seeks "<u>all documents</u> regarding any medical, hospital, psychiatric treatment and/or health care received by the plaintiff by any health care provider as a result of the claims set forth in the plaintiff's Second Amended Complaint".

34.    Plaintiff has <u>not furnished one document</u> to date regarding any medical, hospital, psychiatric treatment and/or health care received by the plaintiff as a result of the claims set forth in the plaintiff's Second Amended Complaint.

(d)    TRUMP Defendants' Combined Discovery Demands

35.    The TRUMP Defendants' Request for Hospital Information dated January 7, 2008, sought the following: "duly executed HIPAA compliant authorizations

addressed to any and all hospitals in which the plaintiff was confined allegedly as a result of the manner complained of".

36.    The TRUMP Defendants Request for Medical Information dated January 7, 2008, seeks the following: "the <u>names and addresses</u> of all physicians or any other health care providers of every description who previously consulted, treated or examined the plaintiff for each of the conditions allegedly caused by or exacerbated by the occurrence described in the Second Amended Complaint, including the date of said treatment or examination; duly executed and acknowledged HIPAA compliant <u>authorizations</u> directed to any hospitals, clinics, or other health care facilities in which the injured plaintiff herein was treated or confined due to the occurrence set forth in the Second Amended Complaint so as to permit the securing of a copy of the entire hospital record or records, including x-ray technicians' reports; duly executed and acknowledged HIPAA compliant <u>authorizations</u> to allow these defendants to obtain the complete office medical records relating to the plaintiff of each health care provider identified above; <u>copies of all medical reports</u> received from health care providers identified above. These shall include a detailed recital of the injuries and conditions of the plaintiff as to which testimony will be offered at the trial, referring to any identifying x-ray and technician reports which will be offered at the trial; duly executed and acknowledged HIPAA compliant <u>authorizations</u> to allow defendants to obtain pharmacy and drug store records with respect to any drugs prescribed for plaintiff from three (3) years prior to the occurrence described in the Second Amended Complaint to the present date and all HIPAA compliant <u>authorizations</u> for release of prescription records at all pharmacies filling prescriptions for medications and all chiropractors".

37.     Plaintiff's authorizations to obtain her records for Medicaid/NYS Department of Health, Dr. Ann Boris/St. Luke's Roosevelt Outpatient Clinic, and Retha Buck were **deficient** in that same were not notarized and therefore will not be honored by the respective facilities/entities. Moreover, despite plaintiff claiming that she received treatment from "Marlene Freedman" and "Krystal Huggins" regarding the subject matter, plaintiff claims that she is "unable to locate the addresses" for same.

38.     Moreover, plaintiff has still <u>failed to furnish any records</u> regarding treatment she received from Retha Buck, Marlene Freedman, Dr. Ann Boris or Krystal Huggins, despite the above-mentioned demands for same.

39.     In response to the TRUMP Defendants' Demand for Income Information dated January 7, 2008, which sought "copies of the income tax returns filed by the plaintiff and the W2 forms received by plaintiff and filed with the United States Government, NYS Government and NYC Government for the years 2003 to present", plaintiff furnished an authorizations to obtain her tax returns for the years 2006 and 2007 that were <u>deficient</u> in that same were not accompanied by the requisite two pieces of identification, including a photo, and accordingly would not be honored by the IRS. Moreover, plaintiff's benefit records authorization to obtain her records from the NYS Department of Labor dated July 13, 2008 and signed by the plaintiff, was not notarized and also will not be honored by the NYS Department of Labor.

40.     The TRUMP Defendants' Demand for Employment Record Authorizations, which sought authorizations for all plaintiff's employment records from five (5) years prior to the plaintiff's termination from PLUS ONE up to and including the present date, has been <u>totally ignored</u> by the Plaintiff.

41.    Furthermore, plaintiff has still failed to furnish an <u>authorization</u> to obtain her employment records and file from her <u>present employer</u>, Jiovanna Spa for Well-Being at Pacific Islands Club in Guam, including all applications for employment, physical examinations, questionnaires, payroll records and evaluations, contained in said file.

42.    Moreover, and as indicated above, at plaintiff's examination before trial, she testified as to having obtained employment between the time period that she was terminated from PLUS ONE FITNESS, June 16, 2006 until the time she commenced work for PIC Resorts in February of 2008.  In this regard, and <u>contrary</u> to plaintiff's prior discovery responses and an affidavit submitted to the Court, plaintiff testified that she worked at Lindblaid Expeditions (P. 103 of Mann transcript); Holiday Temp Services (P. 103-104 of Mann transcript); and Novel Box (P. 104-107 of Mann transcript).   No employment records from said employers or authorizations to obtain same, have been furnished by plaintiff's counsel.

## BASIS FOR MOTION

43.    Inasmuch as the plaintiff is seeking damages for emotional and physical injuries associated with her termination from employment with co-defendant PLUS ONE, as well as monetary damages for lost earnings associated therewith, the plaintiff's failure to furnish any particulars whatsoever regarding the treatment she received from her above-mentioned providers as well as plaintiff's failure to furnish her employment records from PIC Resorts in Guam and her prior employers and authorizations to obtain all of her employment records therefrom, as demanded in the TRUMP Defendants' First Notice to Produce and Combined Discovery Demands, should result in plaintiff being

precluded from offering any evidence at the time of trial to support her claims for the

emotional/physical injuries and lost earnings.

Dated:        New York, New York
              August 28, 2008

                              Respectfully submitted,

                              LESTER SCHWAB KATZ & DWYER, LLP

                              _____
                              Harold J. Derschowitz (HJD-9910)
                              Attorneys for Defendants
                              BOARD OF MANAGERS OF TRUMP WORLD
                              TOWER CONDOMINIUM, s/h/i as "TRUMP
                              WORLD TOWERS", and JOHN HENRIQUES
                              120 Broadway
                              New York, New York  10271
                              (212)  964-6611

TO:

LAW OFFICES OF CHIDI EZE
NKEREUWEM  UMOH, ESQ.
255 LIVINGSTON STREET, 4TH FLOOR
BROOKLYN, NEW YORK  11217
Attorneys for Plaintiff
Tele No.: (718) 360-0527
E-mail: numoh@umohlaw.com

DEBORAH MARTIN NORCROSS
MARTIN NORCROSS, LLC
110 WALL STREET, RCG SUITE 26th FLOOR
NEW YORK, NEW YORK  10004
Attorneys for Defendant
PLUS ONE FITNESS and
JAMIE MACDONALD
E-Mail: dmnorcross@martinnorcross.com

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **NOTICE OF MOTION UNDER RULE 37(b)(2)(A) TO PRECLUDE OR UNDER RULE 37(a) TO COMPEL** and **CERTIFICATION IN SUPPORT OF DEFENDANTS' MOTION TO PRECLUDE OR COMPEL** and **MEMORANDUM OF LAW** on Counsel for Plaintiff and Counsel for Co-Defendants PLUS ONE FITNESS and JAMIE MACDONALD on August 28, 2008 by mail as follows:

> LAW OFFICE OF UWEM UMOH
> 255 Livingston Street, 4th Floor
> Brooklyn, New York 11217
> Attn:   Uwem Umoh, Esq.
> numoh@umohlaw.com
>
> MARTIN NORCROSS, LLC
> 110 Wall Street
> RCG Suite, 26th Floor
> New York, New York 10005
> Attn:   Deborah Martin Norcross, Esq.
> dmnorcross@martinnorcross.com

_____
HAROLD J. DERSCHOWITZ (HJD-9910)