LSK&D #: 163-8001 / 964784
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JORDAN MANN,

                                    Plaintiff,

-against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN HENDRICK
JAMIE MACDONALD DOES 1-10 Inclusive

                                    Defendants.
------------------------------------------------------------x

**Docket No.: 07 CV 5691**

**FIRST SET OF INTERROGATORIES TO PLAINTIFF FROM DEFENDANTS BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM AND JOHN HENRIQUES**

Defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM s/h/i as TRUMP WORLD TOWERS, and JOHN HENRIQUES, s/h/i as JOHN HENDRICK, by their attorneys, Lester Schwab Katz & Dwyer, LLP, requests that the plaintiff, answer under oath, and in accordance with Rule 33 of the Federal Rules of Civil Procedure and Southern District Civil Rule 26.2, 26.3, 33.1 and 33.2.

## INSTRUCTIONS AND DEFINITIONS

    1.    In answering these interrogatories, plaintiff must furnish all requested information, not subject to a valid objection, that is known by, possessed by, or available to plaintiff or any of plaintiff's attorneys, consultants, representatives, agents, and all others acting on behalf of plaintiff.

    2.    If plaintiff is unable to answer fully any of these interrogatories, plaintiff must answer them to the fullest extent possible, specifying the reason(s) for plaintiff's inability to answer the remainder and stating whatever information, knowledge or belief plaintiff has concerning the unanswerable portion. An evasive or incomplete

answer may be deemed to be a failure to answer, and may render plaintiff liable for the expenses of a motion to compel a responsible or complete answer, including reasonable attorneys' fees.

3. Each sub-part of a numbered interrogatory is to be considered a separate interrogatory for the purpose of answer and objection. Plaintiff must answer separately to each sub-part, and if plaintiff objects to less than all of the sub-parts of a numbered interrogatory, then plaintiff must answer the remaining sub-parts. In addition, if plaintiff objects to an interrogatory or a sub-part thereof as calling for information which is beyond the scope of discovery, plaintiff must, nevertheless, answer the interrogatory or sub-part thereof to the extent that it is not objectionable.

4. All of the following interrogatories call for continuous answers and, as such, require supplemental answers by plaintiff in the event that, prior to the final disposition of this action, additional and relevant information comes to the attention of, or becomes available to plaintiff, plaintiff's attorneys, consultants, representatives, agents or any person acting on behalf of plaintiff. Without being requested by defendant, plaintiff must promptly amend any answer when it is discovered to have been incorrect when made, or it is discovered to be no longer true and circumstances are such that a failure to amend is in substance a knowing concealment.

5. For each interrogatory and sub-part of each interrogatory, if the information furnished in your answer is not within your personal knowledge, identify each person to whom the information is a matter of personal knowledge, if known.

6. Defendant incorporates by reference the Civil Rules for the Southern District of New York.

7. The term "Health Care Provider" shall mean any person, corporation, or entity which provides health care or professional services of any kind or description, including by way of example and not by way of limitation, physicians, dentists, pharmacists, physician's assistants, physiatrists, therapists, osteopaths, registered nurses, licensed practical nurses, optometrists, podiatrists, chiropractors, physical therapists, physical therapy assistants, clinical psychologists, psychiatric social workers, hospitals, clinics, infirmaries, medical centers, sanitariums, and nursing homes.

## INTERROGATORIES

1. Set forth the plaintiff's present residence and her residence at the time of the commencement of the within lawsuit, if different;

2. Set forth the plaintiff's social security number;

3. Set forth by chapter, article, section and paragraph each statute, constitution, ordinance, rule or regulation, if any, which it is claimed each defendant violated;

4. Set forth the basis of the plaintiff's claim that defendants BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, knew that plaintiff had an at-will contract of employment with PLUS ONE, as alleged in plaintiff's Second Amended Complaint, and when said defendants were apprised of same, setting forth each such occasion, the time and location of same, and the identity of the person(s) providing such information;

5. Set forth the basis of the plaintiff's claim that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN

HENRIQUES, intentionally and arbitrarily procured the breach of plaintiff's at-will contract of employment with PLUS ONE, as alleged in the plaintiff's Second Amended Complaint, setting forth the date, time and location of same and identifying all persons participating in same;

      6.    Set forth the basis of the plaintiff's claim that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, terminated the plaintiff's employment with PLUS ONE, as alleged in plaintiff's Second Amended Complaint, setting forth the date, time and location of any action(s) allegedly undertaken by said defendants and the nature of said actions, and identifying all persons that were present and/or participating with regard thereto;

      7.    Set forth the basis of the plaintiff's allegation that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in violation of a duty owed to plaintiff, and set forth the exact nature of any such duty and list all alleged violations of said duty by said defendants, including the time, date and location of same, as well as the nature of said acts;

      8.    Set forth the basis of the plaintiff's allegation that her employment was terminated on the basis of race and national origin, as alleged in the plaintiff's Second Amended Complaint;

      9.    Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in bad faith regarding the termination of the plaintiff's employment, setting forth the date, time and location of any such acts and the person(s) participating in same;

10. Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in self-interest regarding the termination of the plaintiff's employment, setting forth the date, time and location of any such acts and the person(s) participating in same;

11. Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in malice regarding the termination of the plaintiff's employment, setting forth the date, time and location of any such acts and the person(s) participating in same;

12. Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in personal animosity regarding the termination of the plaintiff's employment, setting forth the date, time and location of any such acts and the person(s) participating in same;

13. Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in bad faith, self-interest, malice and personal animosity toward the plaintiff, on and prior to June 16, 2006;

14. Set forth in detail the nature of the special and confidential relationship between the plaintiff and defendant PLUS ONE as alleged in the plaintiff's Second Amended Complaint;

15. Set forth the manner in which any alleged acts by the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, towards the plaintiff, were not justified, as alleged in the plaintiff's Second Amended Complaint;

16. Set forth the basis for the plaintiff's allegation that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, terminated the plaintiff's employment, as alleged in plaintiff's Second Amended Complaint, and set forth the date, time and location of any such act and the persons participating in same;

17. Set forth the basis of the plaintiff's allegation that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted outside the boundaries of their employment and relationship with PLUS ONE, as alleged in plaintiff's Second Amended Complaint, setting forth the date, time and location of each and every such "act" alleged and the persons participating in same;

18. Set forth the basis of the plaintiff's claim that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, intentionally and tortuously interfered with the plaintiff's Contract of Employment with PLUS ONE, as alleged in the plaintiff's Second Amended Complaint, setting forth the date, time and location of each and every alleged act of interference with said Contract of Employment, and identifying the persons participating in same;

19. Set forth the basis of the plaintiff's claim that the acts of the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM

and JOHN HENRIQUES, were callous, reckless, willful and in total disregard of plaintiff's rights, as alleged in the plaintiff's Second Amended Complaint, setting forth the date, time and location of each and every "act" alleged and the persons participating in same;

20. Set forth the basis of the plaintiff's claim to entitlement for punitive damages against the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, as alleged in the plaintiff's Second Amended Complaint;

21. Set forth the basis of the plaintiff's claim that any alleged acts by the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, resulted in the termination of the plaintiff's employment;

22. Identify each Health Care Provider who rendered treatment to plaintiff for the injuries/damages alleged in the plaintiff's Second Amended Complaint;

23. Identify all documents concerning any medical treatment rendered to plaintiff for the injuries/damages alleged in plaintiff's Second Amended Complaint;

24. Set forth whether plaintiff ever met with the defendants, JOHN HENDRIQUES and BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, at any time on or prior to June 16, 2006, and if so, provide the following:

    (a) The date, time and location of any such meeting(s);

    (b) The participants in any such meeting(s);

    (c) The sum and substance of any matters discussed at said meeting(s);

25. Set forth whether the plaintiff sent any written correspondence to the defendants, JOHN HENDRIQUES and BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, on or prior to June 16, 2006, and if so, indicate the following:

    (a) The date(s) of any such correspondence;

    (b) The format of any such correspondence (i.e. letter, e-mail, facsimiles, text, etc.);

    (c) The sum and substance of any such correspondence.

26. Set forth whether the plaintiff received any written correspondence from the defendants, JOHN HENRIQUES and BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, on or prior to June 16, 2006, and if so, set forth the following:

    (a) The date of said correspondence(s) and from whom same was received;

    (b) The type of correspondence(s) received (i.e. e-mail, facsimile, letter, text, etc.)

    (c) The sum and substance of any such correspondence.

27. Set forth the nature, basis, amount, and manner of computation of all monetary relief and/or damages (including but not limited to attorneys' fees) that you are seeking from the defendants, JOHN HENDRIQUES and BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, and identify all documents concerning the information requested herein;

28. Identify all written correspondence, including e-mails, letters, facsimiles, texts, etc., between the plaintiffs and _any_ of the defendants in the instant action, regarding the allegations set forth in the plaintiff's Second Amended Complaint.

29. Set forth whether the plaintiff kept any handwritten/typewritten records, including diaries, regarding any of the meetings, telephone calls, correspondence, etc., between plaintiff and the defendants as referenced in the plaintiff's Second Amended Complaint, and if so, identify each and every such item.

30. Set forth in detail whether any telephone conversations occurred between the plaintiff and <u>any</u> of the defendants in the instant action on or prior to June 16, 2006, relating to any of the allegations set forth in the plaintiff's Second Amended Complaint, and if so, provide the following details thereof:

    (a) The date, time and location of said telephone call;

    (b) The participants in said telephone call;

    (c) The sum and substance of the conversation in such telephone call;

31. Set forth whether the plaintiff was ever provided with a copy of any written manual containing "grooming requirements" of <u>any</u> of the defendants on or prior to June 16, 2006, and if so, set forth the date plaintiff received any such "manual", identify the person/entity that provided same to plaintiff, and attach a copy of same.

      32. Identify all documents provided or received by you to or from the Equal Opportunity Employment Commission.

Dated: New York, New York
       January 7, 2008

                         Respectfully submitted,

                         LESTER SCHWAB KATZ & DWYER, LLP

                         _____
                         Harold J. Derschowitz (HJD-9910)
                         Attorneys for Defendants
                         BOARD OF MANAGERS OF TRUMP WORLD
                         TOWER CONDOMINIUM, s/h/i as TRUMP
                         WORLD TOWERS, and JOHN HENDRIQUES,
                         s/h/i as JOHN HENDRICK
                         120 Broadway
                         New York, New York  10271
                         (212) 964-6611

TO:

LAW OFFICES OF UWEM UMOH
255 LIVINGSTON STREET, 4TH FLOOR
BROOKLYN, NEW YORK  11217
Attorneys for Plaintiff
Tele No.: (718) 360-0527
E-mail: numoh@umohlaw.com

DEBORAH MARTIN NORCROSS
MARTIN NORCROSS, LLC
110 WALL STREET, RCG SUITE 26th FLOOR
NEW YORK, NEW YORK  10004
Attorneys for Defendant
PLUS ONE FITNESS and
JAMIE MACDONALD
E-Mail: dmnorcross@martinnorcross.com

## CERTIFICATE OF SERVICE

I certify that I served this FIRST SET OF INTERROGATORIES TO PLAINTIFF FROM DEFENDANTS BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM AND JOHN HENRIQUES on Counsel for Plaintiff and Counsel for Co-Defendants, PLUS ONE FITNESS and JAMIE MACDONALD on January 7, 2008 by electronic mail and regular mail as follows:

LAW OFFICES OF UWEM UMOH
255 LIVINGSTON STREET, 4TH FLOOR
BROOKLYN, NEW YORK 11217
Attorneys for Plaintiff
Tele No.: (718) 360-0527
E-mail: numoh@umohlaw.com

DEBORAH MARTIN NORCROSS MARTIN NORCROSS, LLC
110 WALL STREET, RCG SUITE 26th FLOOR
NEW YORK, NEW YORK 10004
Attorneys for Defendant
PLUS ONE FITNESS and
JAMIE MACDONALD
E-Mail: dmnorcross@martinnorcross.com

_____
HAROLD J. DERSCHOWITZ (HJD-9910)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JORDAN MANN,

                              Plaintiff,

        -against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN HENDRICK
JAMIE MACDONLAD DOES 1-10 Inclusive

                            Defendants.

**Docket No.: 07 CV 5691**

**FIRST SET OF INTERROGATORIES TO PLAINTIFF FROM DEFENDANTS BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM AND JOHN HENRIQUES**

------------------------------------------------------------x


LESTER SCHWAB KATZ & DWYER, LLP

**ATTORNEYS FOR**    **Defendants**
BOARD OF MANAGERS OF TRUMP WORLD
TOWER CONDOMINIUM s/h/i as TRUMP
WORLD TOWERS, and JOHN HENRIQUES,
s/h/i as JOHN HENDRICK
120 BROADWAY
NEW YORK, N.Y. 10271-0071
(212) 964-6611
FAX: (212) 267-5916