LSK&D #: 163-8001 / 964889
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JORDAN MANN,

                              Plaintiff,

           -against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN HENDRICK
JAMIE MACDONALD DOES 1-10 Inclusive

                            Defendants.
-----------------------------------------------------------------x

Docket No.: 07 CV 5691

**DEFENDANTS' BOARD OF MANAGERS OF TRUMP TOWER CONDOMINIUM AND JOHN HENRIQUES' FIRST NOTICE TO PRODUCE TO PLAINTIFF**

Defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM s/h/i as TRUMP WORLD TOWERS, and JOHN HENRIQUES, s/h/i as JOHN HENDRICK by their attorneys, Lester Schwab Katz & Dwyer, LLP, hereby request, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that the plaintiff produce copies of or permit the undersigned to inspect and to copy each of the following documents and things:

## INSTRUCTIONS AND DEFINITIONS

1.    As used herein, the term, "document" means all handwritten, typed, printed or otherwise visually or orally reproduced materials; contracts; agreements; assignments; licenses; all other official papers and legal instruments; invoices; orders; bills; ledgers; records and files; certificates; deeds; bills of sale; certificates of title; financing statements; instruments; expense accounts; canceled checks; bank statements; bank books; receipts; disbursement journals; tax returns; check stubs; promissory notes; resumes;

address books; appointment books; telephone logs; work sheets; pictures; income statements; profit and loss statements; balance statements; annual reports; reports to shareholders, and minutes or reports of meetings of directors, officers, or executive boards or committees; deposit slips; credit card receipts; records or notations of telephone or personal conversations; conferences; intra-office communications; postcards; letters; telex; partnership agreements; articles of incorporation; catalogues; catalogue price lists; published material of any kind; sounds, tape, and video records; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes, manuals; operating or maintenance manuals; diaries; calendars or desk pads; scrapbooks; notebooks; correspondence; bulletins; circular; policies; operating procedures; forms; pamphlets; notices; statements; journals; diaries; or diary entries; postcards; letters; telegrams; reports; interoffice communications; photocopies; microfilms; microfiche; maps; deposit transcripts; drawings; blue prints; flow sheets; sketches; charts; data; specifications; fabrication sheets; photographs; negatives; any other data, information or statistics contained within any data storage modules, tapes, discs, or any other memory devices (including floppy disks and other devises to store computer information), or any other information retrievable on storage systems, including computer generated reports and printouts, information in any form which is in the actual or constructive possession, custody, care or control of plaintiff, his agents, servants, employees, attorneys or to others over whom he may exercise control.

2. The phrase "concerning" means relating to, referring to, alluding to, pertaining to, responding to, connected with, regarding, commenting on, discussing, showing, recording, illustrating, describing, mentioning, reflecting, analyzing, constituting, or evidencing.

3. The words "and" and "or" are to be constructed in the disjunctive or in the conjunctive, as necessary to bring within the scope of the request all matters that otherwise might be construed as outside the scope of that request.

4. In the following requests, if a privilege is alleged as to any information or as to any document, or if any request is not otherwise responded to in full, plaintiff shall respond specifically to the extent the request is not objected to, and shall state:

    (a) the specific ground(s) for not responding in full;

    (b) each privilege asserted (e.g., work product, attorney-client, etc.) and the factual basis that plaintiff asserts supports such claim of privilege; and

    (c) the full identity of each document for which a privilege is asserted, including the name, address, and title of its author, its addressee(s), each person to whom a copy has been sent or who received a copy, and a description of the contents of the document.

5. If it is maintained that any requested document has been destroyed, plaintiff shall set forth the contents of each document so destroyed, the date of such destruction, and the name and title of the person who authorized the destruction.

## **REQUESTS**

1. All documents, including e-mails, letters, correspondence, facsimiles, text, etc., referencing any communications between plaintiff and <u>any</u> of the defendants in the instant action, from the time plaintiff commenced employment with co-defendant PLUS ONE through the present;

2. All documents memorializing any meetings, telephone conversations or any other communications had between the plaintiff and <u>any</u> of the defendants in the instant action, from the time of the plaintiff's employment with the defendants up to and including the present;

3. All documents, including attachments/exhibits thereto, submitted by the plaintiff to the Equal Employment Opportunity Commission regarding the instant matter, and all correspondence received by plaintiff from the Equal Employment Opportunity Commission in response thereto;

4. All documents which the plaintiff received from <u>any</u> of the co-defendants in the instant action in response to and/or with regard to the plaintiff's charge of discrimination filed with the EEOC;

5. All documents in your possession regarding any of the defendants in the instant action, including but not limited to e-mails, correspondence, facsimiles, texts, handwritten notations/diaries, manuals, etc.

6.   All documents concerning any employment contracts and/or terms of employment between the plaintiff and <u>any</u> of the defendants in the instant action regarding the plaintiff's claims in the instant action;

7.   All documents regarding any medical, hospital, psychiatric, treatment and/or healthcare received by the plaintiff by any Health Care Provider as a result of the claims set forth in the plaintiff's Second Amended Complaint;

8.   The plaintiff's federal, state, and local income tax returns for the years 2005, 2006 and 2007;

9.   All documents you may offer as evidence at trial;

10.   All documents concerning any statements you have obtained concerning any of the factual allegations in this action;

11.   A copy of any statement, oral or written, in the possession of plaintiff, of any party represented by the undersigned in this action;

12.   Any photographs of the plaintiff depicting the plaintiff's hairstyle from the time she commenced her employment with co-

defendant, PLUS ONE, up to and including the date of her alleged termination of employment therewith.

Dated: New York, New York
January 7, 2008

> Respectfully submitted,
>
> LESTER SCHWAB KATZ & DWYER, LLP
>
> _____
> Harold J. Derschowitz (HJD-9910)
> Attorneys for Defendants
> BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, s/h/i as TRUMP WORLD TOWERS, and JOHN HENDRIQUES, s/h/i as JOHN HENDRICK
> 120 Broadway
> New York, New York 10271
> (212) 964-6611

TO:

LAW OFFICES OF UWEM UMOH
255 LIVINGSTON STREET, 4TH FLOOR
BROOKLYN, NEW YORK 11217
Attorneys for Plaintiff
Tele No.: (718) 360-0527
E-mail: numoh@umohlaw.com

DEBORAH MARTIN NORCROSS MARTIN NORCROSS, LLC
110 WALL STREET, RCG SUITE 26th FLOOR
NEW YORK, NEW YORK 10004
Attorneys for Defendant
PLUS ONE FITNESS and
JAMIE MACDONALD
E-Mail: dmnorcross@martinnorcross.com

## CERTIFICATE OF SERVICE

I certify that I served **DEFENDANTS' BOARD OF MANAGERS OF TRUMP TOWER CONDOMINIUM AND JOHN HENRIQUES' FIRST NOTICE TO PRODUCE TO PLAINTIFF** on Counsel for Plaintiff and Counsel for Co-Defendants, PLUS ONE FITNESS and JAMIE MACDONALD on January 7, 2008 by electronic mail and regular mail as follows:

LAW OFFICES OF UWEM UMOH
255 LIVINGSTON STREET, 4TH FLOOR
BROOKLYN, NEW YORK 11217
Attorneys for Plaintiff
Tele No.: (718) 360-0527
E-mail: numoh@umohlaw.com

DEBORAH MARTIN NORCROSS MARTIN NORCROSS, LLC
110 WALL STREET, RCG SUITE 26th FLOOR
NEW YORK, NEW YORK 10004
Attorneys for Defendant
PLUS ONE FITNESS and
JAMIE MACDONALD
E-Mail: dmnorcross@martinnorcross.com

_____
HAROLD J. DERSCHOWITZ (HJD-9910)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JORDAN MANN,

                        Plaintiff,

-against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN HENDRICK
JAMIE MACDONALD DOES 1-10 Inclusive

                        Defendants.
------------------------------------------------------------X

**Docket No.: 07 CV 5691**

**DEFENDANTS' BOARD OF MANAGERS OF TRUMP TOWER CONDOMINIUM AND JOHN HENRIQUES' FIRST NOTICE TO PRODUCE TO PLAINTIFF**

### LESTER SCHWAB KATZ & DWYER, LLP

**ATTORNEYS FOR**   Defendants
BOARD OF MANAGERS OF TRUMP WORLD
TOWER CONDOMINIUM s/h/i as TRUMP
WORLD TOWERS, and JOHN HENRIQUES,
s/h/i as JOHN HENDRICK

120 BROADWAY
NEW YORK, N.Y. 10271-0071
(212) 964-6611
FAX: (212) 267-5916