## Harold Derschowitz (x263)

| | |
|---|---|
| **From:** | Harold Derschowitz (x263) |
| **Sent:** | Friday, May 30, 2008 3:14 PM |
| **To:** | 'numoh@umohlaw.com' |
| **Cc:** | 'Deborah MartinNorcross' |
| **Subject:** | Mann v. Plus One Fitness, et al ( my file #: 163-8001 ) |
| **Attachments:** | 3592_001.pdf; 3593_001.pdf; 3594_001.pdf |

Dear Uwem: Attached hereto please find Defendants' Re-Notice of Deposition of plaintiff scheduled for June 11, 2008, at 10:00 a.m., at our office; Defendants' Second Set of Interrogatories to Plaintiff; and a Deficiency Letter regarding plaintiff's inadequate/deficient responses to defendants' First Notice to Produce. Please provide full and complete responses to the foregoing. Thank you.
Sincerely,
HAROLD J. DERSCHOWITZ, ESQ.
Lester Schwab Katz & Dwyer, LLP
120 Broadway
New York, N.Y. 10271
Tel: (212) 341-4263
Fax: (212) 267-5916

5/30/2008

**LESTER SCHWAB KATZ & DWYER, LLP**
120 BROADWAY
NEW YORK, N.Y. 10271-0071

(212) 964-6611
FAX: (212) 267-5916

HAROLD J. DERSCHOWITZ
Writer's Direct Dial: (212) 341-4263
E-Mail: hderschowitz@lskdnylaw.com

NEW JERSEY OFFICE
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

May 30, 2008

Via E-Mail (numoh@umohlaw.com) and Regular Mail
Nkereuwem Umoh, Esq.
Law Offices of Chidi Eze
255 Livingston Street, 4th Floor
Brooklyn, New York  11217

Re: <u>Jordan Mann v. Plus One Fitness, Trump World Towers, "Robert" Doe; John Henriques; Jamie MacDonald Does 1-10 Inclusive</u>
Our File No.:     163-8001

Dear Mr. Umoh:

As you are aware, we represent the defendants, Board of Managers of Trump World Tower Condominium s/h/i as Trump World Towers, and John Henriques, in the above-entitled action.

We have <u>enclosed</u> herewith defendants, Board of Managers of Trump World Tower Condominium s/h/i as Trump World Towers, and John Henriques', <u>Second Set of Interrogatories</u> to plaintiff. Please note that in accordance with Local Civil Rule 33.3(c), and inasmuch as the discovery cut-off date is June 30, 2008 (pursuant to the Court's amended scheduling order), the plaintiff is obligated to <u>fully respond</u> to the attached interrogatories seeking the claims and contentions of the plaintiff herein.

With regard to plaintiff's prior Response to our clients' First Notice to Produce, said responses are *deficient* in numerous areas, which we shall set forth further below. In this regard, please allow this letter to serve as our *deficiency letter* with regard thereto.

With regard to item "1" of the Notice to Produce, plaintiff's response does not comply with Rule 34, and in particular, plaintiff cannot simply set forth that she is "continuing to search for any and all e-mails in response to this demand." Moreover, although plaintiff furnished "additional Bates stamped documents" in e-mail correspondence dated February 7, 2008, same did not contain any specific reference as to what these documents were, and whether some or all of the documents were responsive to our clients' First Notice to Produce, and if so, which documents were responsive to which demands contained therein.

Plaintiff's response to item "2" of our clients' Notice to Produce is also deficient, insofar as plaintiff merely refers to a "CD" included with these responses, with the original CD forwarded only containing music. Although plaintiff did subsequently furnish a CD which

LESTER SCHWAB KATZ & DWYER, LLP

May 30, 2008
Page 2

purportedly was a recording of a conversation between the plaintiff and co-defendant Jamie MacDonald, after which plaintiff then amended his response to indicate that same was in fact a recording of a conversation between plaintiff and Chris Chiatto, please note that the person having the conversation with the plaintiff in said recording has still not been correctly identified by your office as set forth in our e-mail correspondence to you dated May 28, 2008. Accordingly, please correctly identify the participant in the CD recording previously furnished, as well as advising whether *any* of the Bates stamped documents previously provided by the plaintiff are responsive to item "1" and item "2" and, if so, provide and identify the page numbers of said Bates stamped documents concerning same.

Plaintiff's response to item "4" in the Notice to Produce is also deficient inasmuch as it is an improper response to merely refer to "Bates stamped documents enclosed." In this regard, plaintiff has furnished a total of 224 Bates stamped documents, and the defendants are entitled to ascertain *which* of the documents are responsive to *each* of the items demanded in the defendants' Notice to Produce.

Plaintiff's responses to items "5," "6" and "7" are similarly deficient, inasmuch as same merely refer to the "Bates stamped documents enclosed," without specifically identifying which of the documents are applicable to each of the items demanded.

Plaintiff's response to item "8" in the defendants' Notice to Produce is deficient, inasmuch as same indicates that plaintiff "awaits copies of a 2005 and 2006 tax return and will deliver them shortly thereafter." Despite almost four months having elapsed since plaintiff's initial response to defendants' Notice to Produce, these documents still remain outstanding.

Plaintiff's response to item "9" of the Notice to Produce, which demanded all documents plaintiff may offer as evidence at trial, is patently improper and deficient, and requires a full and complete response.

Plaintiff's response to item "10" of the defendants' Notice to Produce is also deficient, in that same directs defendants to the "enclosed documents," without particularizing which of said documents are responsive to the instant demand and identifying same.

Plaintiff's response to item "11" of the defendants' Notice to Produce is also deficient, in that same demanded a copy of any statement, oral or written, in the possession of plaintiff, of any party represented by our office in the instant action. Although plaintiff's response indicates that we should refer to the "CD" included in plaintiff's response, plaintiff has still failed to identify the person which she was speaking with that is the subject of said CD, but in any event, it is readily apparent that said person is not one of our clients. Accordingly, plaintiff's response to this item is incorrect, and we note plaintiff's further response that "plaintiff has no other documents memorializing any meeting or conversations between any of the defendants and plaintiff."

`Case 1:07-cv-05691-NRB    Document 27-12    Filed 08/28/2008    Page 4 of 4`

LESTER SCHWAB KATZ & DWYER, LLP

May 30, 2008
Page 3

  Finally, plaintiff's response to item "12" remains deficient, inasmuch as plaintiff has still failed to furnish any photographs of the plaintiff depicting her hairstyle from the time she commenced her employment with co-defendant up to and inclding the date of her alleged termination of employment therewith, with plaintiff simply indicating that she is "continuing to search for photographs responsive to this request...." Almost four months have elapsed since plaintiff's initial response to this demand, and we have still not been furnished with any such photographs.

  In view of the foregoing, and for the reasons stated above, plaintiff's response to defendants' First Request for Production of Documents is entirely *deficient*, and in violation of Rule 34 of the Federal Rules of Civil Procedure, in that the documents produced by plaintiff are not organized and labeled to correspond to the categories in the request. (See FRCP 34(2)(E)(i))

  Please furnish a full and complete response to our clients' First Notice to Produce, for the reasons set forth hereinabove, and furnish a full and complete response to our clients' Second Set of Interrogatories attached hereto.

  Lastly, please find attached hereto the defendants' Re-Notice of Deposition of plaintiff, Jordan Mann, for June 11, 2008, at 10:00 a.m. at our office.

  Thank you for your immediate attention to the within matter.

        Very truly yours,

        Harold J. Dersehowitz
        Of Counsel (9910)

HJD:imr
Enclosures
cc:

**Via E-Mail (dmnorcross@martinnorcross.com)**
Deborah Martin Norcross
Martin Norcross, LLC
110 Wall Street, RCG Suite, 26th Floor
New York, New York 10004
Attorneys for Defendant
Plus One Fitness and Jamie MacDonald
1027637