LSK&D #: 163-8001 / 1071694
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JORDAN MANN,

                                        Plaintiff,

**Docket No.: 07 CV 5691 (NRB)**

-against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN
HENRIQUES, JAMIE MACDONALD DOES 1-
10 Inclusive

                                      Defendants.
-----------------------------------------------------------------X

## TRUMP DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION UNDER RULE 37(b)(2)(A) TO PRECLUDE OR UNDER RULE 37(A) TO COMPEL

Of Counsel:
Harold J. Derschowitz

Lester Schwab Katz & Dwyer, LLP
120 Broadway
New York, New York 10271-0071
(212) 964-6611
Attorneys for Defendants
BOARD OF MANAGERS OF TRUMP
WORLD TOWER CONDOMINIUM, s/h/i
as "TRUMP WORLD TOWERS", and
JOHN HENRIQUES

<u>POINT I</u>

**THE TRUMP DEFENDANTS ARE ENTITLED TO THE GRANTING OF THEIR MOTION UNDER RULE 37(B)(2)(A) FOR SANCTIONS, INCLUDING PRECLUSION IN THE INSTANT MATTER**

Rule 37(b)(2)(A) states as follows:

    **(b)   Failure to Comply with a Court Order**

    **(2)   Sanctions in the District Where The Action Is Pending**

    **(A)   For Not Obeying A Discovery Order**

If a party or a party's officer, director, or managing agent - or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35 or 37(a), the court where the action is pending may issue further just orders. They may include the following:

    i. directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    ii. prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    iii. striking pleadings in whole or in part;

    iv. staying further proceedings until the order is obeyed;

    v. dismissing the action or proceeding in whole or in part;

    vi. rendering a default judgment against the disobedient party; or

    vii. Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

LESTER SCHWAB KATZ & DWYER • 120 BROADWAY • NEW YORK, N.Y. 10271-0071

As indicated in the accompanying Certification, plaintiff's counsel has disobeyed <u>numerous</u> Court Orders and directives regarding the outstanding discovery owed by the plaintiff, and in particular, regarding plaintiff's continued failure to fully respond to the TRUMP Defendants' First and Second Set of Interrogatories; First Notice to Produce; and Combined Discovery Demands. As set forth more fully in the accompanying Certification, plaintiff's counsel was directed by Judge Buchwald in a telephone conference of July 7, 2008, that he had one more week to supplement plaintiff's written discovery responses, the insufficiency of which was discussed during said conference. Subsequent thereto, the Court issued an Order, in a letter form, dated July 30, 2008, giving plaintiff's counsel and plaintiff "<u>one additional week to remedy the specific deficiencies noted</u>", with the Court referring to the written correspondences it was forwarded by the defendants, with your affirmant's letter to Court dated July 24, 2008 specifically setting forth all outstanding discovery owed to the TRUMP Defendants by the plaintiff. Plaintiff's time to comply with said discovery order came and went with no further responses being furnished by plaintiff's counsel.

It is well-settled law that a District Court has broad discretion to impose sanctions for failure to comply with its Orders pursuant to Rule 37(b). <u>Residential Funding Corp. v. DeGeorge Fin. Corp.</u>, 306 F.3d 99, 107 (2d Cir. 2002); <u>Burgie v. Euro Brokers, Inc.</u>, 2006 WL 845400, at 12 (E.D.N.Y. Mar. 30, 2006).

In <u>3801 Beach Channel, Inc. v. Shvartzman</u>, 2007 WL 879668 (E.D.N.Y. Mar. 21, 2007), the Court stated as follows: "Among the factors relevant to a court's exercise of its discretion to impose sanctions are: (1) the willfulness of the non-compliant party or the reason for the non compliance; (2) the efficacy of lesser sanctions; (3) the duration

of the non compliance, and (4) whether the non-compliant party has been warned of the consequences of non-compliance. See also, Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 852-54 (2d Cir. 1995).

It has also been held that no particular factor is dispositive, and "sanctions must be weighed in light of the full record in the case". Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979), citing Nat'l Hockey League v. Metro Hockey Club, Inc., 427 U.S. 39, 642 (1976).

In determining the willfulness of the non-compliant party or the reason for non-compliance, the courts have held that non-compliance may be deemed willful "when the court's order have been clear, when the party has understood them and when the party's non-compliance is not due to factors beyond the party's control." 3801 Beach Channel, Inc. v. Schvartzman, supra; Burgie v. Euro Brokers, Inc., supra at 12 (quoting Baba v. Japan Travel Bureau Int'l, Inc., 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996), aff'd 111 F.3d 2 (2d Cir. 1997).

In the instant action, based on the multiplicity of court orders issued, as well as the court telephone conference among the parties, with the court continuingly having to extend plaintiff's time to comply with discovery directives, there can be no dispute that the plaintiff's non-compliance with the TRUMP Defendants' above-mentioned discovery demands was anything but willful. In fact, plaintiff's deposition was conducted on August 12, 2008, without benefit of any of plaintiff's employment records since her termination from PLUS ONE and without the benefit of any medical/treatment records of the plaintiff, which records have still have not been furnished through the date of the instant motion.

Regarding the duration of non-compliance, it is pointed out that the TRUMP Defendants' First Set of Interrogatories, Notice to Produce and Combined Discovery Demands were served on plaintiff's counsel on January 7, 2008, with the TRUMP Defendants' Second Set of Interrogatories being served on plaintiff's counsel on May 30, 2008, therefore representing a <u>significant duration of non compliance</u> on the part of the plaintiff which would weigh in favor of granting the sanctions sought against the plaintiff herein.

With regard to the issue of whether the plaintiff had been warned of the consequences of non-compliance, it is respectfully submitted that during the telephone conference with the court that was conducted in the instant matter on July 7, 2008, the court in no uncertain terms directed plaintiff's counsel to furnish all outstanding discovery within one week's time, specifically indicating displeasure with plaintiff's failure to even furnish authorizations, and advised plaintiff's counsel that "<u>bad things can happen</u>" if the plaintiff does not provide said outstanding discovery.

The courts have also held that although formal warnings often precede the imposition of serious sanctions, such warnings are not an absolute precedent. <u>Daval Steel Products v. Farkerdine</u>, 951 F.2d 1357, at 1366.

Moreover, the courts have held that if a district court issues an order compelling discovery and the party subject to that order fails to comply, the court has "broad discretion to impose sanctions" and, if the misconduct is severe enough, may enter a default judgment. <u>Handwerker v. AT&T Corp.</u>, 211 F.R.D. 203, 208 (S.D.N.Y. 2002); <u>Robertson v. Doe a/k/a Al Martin</u>, 2008 WL 2519894 (S.D.N.Y. June 19, 2008).

The court in <u>Robertson</u>, <u>supra</u> stated: "When considering what sanctions to impose, a district court should consider: (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance; and (5) whether the non-compliant party has been warned of the consequences of his non-compliance.

For the foregoing reasons, the TRUMP Defendants' motion to preclude the plaintiff should be granted in its entirety, with respect to those items of the TRUMP Defendants' First and Second Set of Interrogatories, First Notice to Produce and Combined Discovery Demands, that the plaintiff has not fully responded to, in addition to an award of sanctions in the form of attorneys' fees with regard thereto.

### THE TRUMP DEFENDANTS' MOTION TO COMPEL PLAINTIFF UNDER RULE 37(A), SHOULD BE GRANTED

In the event the court declines to grant the TRUMP Defendants' motion to preclude under Rule 37(b)(2)(A), it is respectfully submitted that the TRUMP Defendants' motion to compel under Rule 37(A) should be granted in its entirety, and that the court issue an order directing plaintiff to fully respond to the TRUMP Defendants' First and Second Set of Interrogatories to the plaintiff; First Notice to Produce to the plaintiff; and Discovery Demands/Notices served upon the plaintiff.

As indicated above, the court has "broad discretion to impose sanctions" where a party moves for an Order compelling discovery due to another party's failure in cooperating in discovery. <u>Robertson</u>, <u>supra</u>. Furthermore, the willfulness of the non-compliant party, the duration of the period of non-compliance, and the warning by the

court to the non-compliant party of the consequences of his non-compliance has been amply demonstrated in the instant matter.

In <u>Robertson</u>, <u>supra</u>, where the court was considering whether to enter a default judgment against a non-compliant defendant, the court stated that non-compliance may be deemed willful "when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control."

Furthermore, the efficacy of lesser sanctions in this case will not effectuate the goals of Rule 37, inasmuch as plaintiff's counsel has shown a <u>continued pattern of refusing to obey the court's prior orders and discovery directives</u> in the instant action, with the defendants being forced to conduct plaintiff's deposition on August 12, 2008, without the benefit of much needed documentation, including but not limited to plaintiff's employment records and medical/treatment records, none of which were provided by plaintiff's counsel despite numerous demands therefore and court orders regarding same.

Lastly, the period of plaintiff's noncompliance, in the instant action was for such an extended duration that the court was forced to issue numerous orders, as well as conduct a telephone conference among the parties, to address same, all to no avail, which resulted in the defendants having to conduct plaintiff's deposition without the benefit of much needed information and documentation solely due to plaintiff's refusal to furnish same.

The court in <u>Robertson</u>, <u>supra</u>, in granting plaintiff's motion for a default judgment against the defendants due to continued non-compliance with discovery, stated as follows: "Mr. DeBanco's willful noncompliance with discovery has continued for more than two years. Such an extended period of non-compliance has prejudiced plaintiff by preventing him from reaching the merits of his cause of action. The court has issued Mr. DeBanco repeated warnings that his continued non-compliance will result in discovery sanctions. It is the firm belief of this court that lesser sanctions will not force Mr. DeBanco to comply, warranting the most severe sanction..... Mr. DeBanco's repeated refusal to comply with this Court's discovery orders warrants default judgment."

In <u>Aetna Life Insurance Company v. Licht</u>, 2005 WL 180873 (S.D.N.Y., Jan. 27, 2005), the Court considered plaintiff's motion to compel defendants to respond to discovery requests, and if they failed to do so, to strike all of the defendants' answers and defenses with prejudice and enter judgment against them in this matter, as well as seeking reasonable fees and expenses incurred in the filing of the motion. The Court stated as follows: "A party's failure to respond to movant's documents and interrogatory requests justifies the trial court in issuing a harsh punishment by striking all of the defendants' answers and defenses. 37(d); 37(b)(2)(B); see, e.g., <u>Textil RV LtdA v. Italuomo, Inc.</u>, No. 92 Civ. 526, 1994 U.S. Dist. LEXIS 1542 (S.D.N.Y. Feb. 17, 1994) (Leisure, J.) (finding that, based on the record of repeated abuses, harsh sanctions were proper). Further, a party's continued silence in this regard allows the court to enter default judgment against the non-responsive party."

7

For the same reasons as set forth by the court in <u>Robertson</u>, <u>supra</u>, it is respectfully requested that the court grant the TRUMP Defendants' motion to compel under Rule 37(a), and award sanctions in the form of attorneys' fees with regard to the instant matter.

## CONCLUSION

For the foregoing reasons, the TRUMP Defendants respectfully request their motion to preclude under Rule 37(b)(2)(A) be granted in its entirety and that plaintiff be precluded from introducing evidence as to all items of discovery which plaintiff failed to furnish in response to the TRUMP Defendants' First and Second Set of Interrogatories; First Notice to Produce; and Combined Discovery Demands, as well as imposing sanctions in the form of attorneys' fees; or in the alternative, that the TRUMP Defendants' motion to compel under Rule 37(a) be granted in its entirety and that the Court issue an Order directing plaintiff to respond forthwith to the above-mentioned outstanding discovery owed to the TRUMP Defendants, including the imposition of sanctions in the form of attorneys' fees; and for such other, further and different relief as this Court may deem just, proper and equitable.

Dated:   New York, New York
         August 28, 2008

>                            Respectfully submitted,
>
>                            LESTER SCHWAB KATZ & DWYER, LLP
>
>                            _____
>                            Harold J. Derschowitz (HJD-9910)
>                            Attorneys for Defendants
>                            BOARD OF MANAGERS OF TRUMP WORLD
>                            TOWER CONDOMINIUM, s/h/i as "TRUMP
>                            WORLD TOWERS", and JOHN HENRIQUES
>                            120 Broadway
>                            New York, New York  10271
>                            (212) 964-6611

TO:

LAW OFFICES OF CHIDI EZE
NKEREUWEM UMOH, ESQ.
255 LIVINGSTON STREET, 4TH FLOOR
BROOKLYN, NEW YORK  11217
Attorneys for Plaintiff
Tele No.: (718) 360-0527
E-mail: numoh@umohlaw.com

DEBORAH MARTIN NORCROSS
MARTIN NORCROSS, LLC
110 WALL STREET, RCG SUITE 26th FLOOR
NEW YORK, NEW YORK  10004
Attorneys for Defendant
PLUS ONE FITNESS and
JAMIE MACDONALD
E-Mail: dmnorcross@martinnorcross.com