## Harold Derschowitz (x263)

| | |
|---|---|
| **From:** | Harold Derschowitz (x263) |
| **Sent:** | Friday, June 20, 2008 3:09 PM |
| **To:** | 'chidieze@yahoo.com' |
| **Cc:** | 'Deborah MartinNorcross'; 'numoh@umohlaw.com' |
| **Subject:** | Mann v. Plus One Fitness, et al |
| **Attachments:** | #1037473-v1-DOCS-MANN_LETTER_DEFICIENCY_LETTER_TO_CHIDI_EZE.DOC |

Dr Mr. Eze: Attached hereto is correspondence setting forth the numerous deficiencies in plaintiff's most recent discovery response as contained in Mr. Umoh's letter dated June 15, 2008. Please contact the undersigned to discuss these deficiencies and advise when and if same will be remedied. Thank you.
Sincerely,
HAROLD J. DERSCHOWITZ, ESQ.
Lester Schwab Katz & Dwyer, LLP
120 Broadway
New York, N.Y. 10271
Tel: (212) 341-4263
Fax: (212) 267-5916

6/20/2008

# LESTER SCHWAB KATZ & DWYER, LLP
### 120 BROADWAY
### NEW YORK, N.Y. 10271-0071

(212) 964-6611
FAX: (212) 267-5916

**HAROLD J. DERSCHOWITZ**
Writer's Direct Dial: (212) 341-4263
E-Mail: hderschowitz@lskdnylaw.com

**NEW JERSEY OFFICE**
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

June 20, 2008

**Via E-Mail (ceze@umohlaw.com)**
Chidi Eze, Esq.
Law Offices of Chidi Eze
255 Livingston Street, 4th Floor
Brooklyn, New York 11217

     Re:    **Jordan Mann v. Plus One Fitness, Trump World Towers "Robert"
Doe; John Henriques, Jamie MacDonald Does 1-10 Inclusive**
          **Our File No.:**      **163-8001**

Dear Mr. Eze:

    As you are aware, we represent the defendants, Board of Managers of Trump World Tower Condominium, s/h/i as Trump World Towers, and John Henriques, in the above-entitled action.

    We acknowledge receipt of a letter from Uwem Umoh, Esq. dated June 15, 2008, which was received by our office on June 16, 2008, in response to my deficiency letter to your office dated May 30, 2008. We also received, in a separate envelope, certain documents which are not referenced in your letter and are merely Bates stamped "250-274." We are also in receipt of what appears to be four authorizations, all of which are *defective*, which we shall elaborate upon further below.

    We deem the above-mentioned correspondence forwarded by Mr. Umoh and the documents accompanying same, to be *insufficient* and *deficient*, and in some instances simply unexplainable.

    In first dealing with the contents of the June 15, 2008 letter itself, we note that in your response to item "1" regarding our Notice to Produce, you indicate that "plaintiff is not in possession of any communication between herself and any defendant in this action." However, in your prior discovery responses, you furnished numerous e-mails between your client and co-defendants herein. Accordingly, this response is not only insufficient, but is completely incorrect. Moreover, you must identify <u>which</u> of the Bates stamped documents constitutes communications between the plaintiff and the co-defendants, and *separately* indicate which of the Bates stamped documents previously provided constitute communications between the plaintiff and *our clients*. Moreover, please respond to item "2" of our clients' Notice to Produce

LESTER SCHWAB KATZ & DWYER, LLP

June 20, 2008
Page 2

in a similar fashion, setting forth **which** of the Bates stamped documents reference any of the items demanded in number "2" of our Notice to Produce.

With respect to item "7," you have failed to furnish **all documents** regarding any medicals, hospital, psychiatric, treatment and/or health care received by the plaintiff by any health care provider as a result of the claims set forth in the plaintiff's Second Amended Complaint. Your updated response merely identifies "Retha Buck," without indicating her specialty or providing any records regarding said treatment. Similarly, you merely indicate that the plaintiff was seen by "Marlene Friedman," through Medicaid, from June-August, 2007, but failed to furnish any documents regarding same. You have similarly failed to furnish any documents from Dr. Ann Boris regarding her treatment of the plaintiff, including but not limited to identifying her address and specialty, and have also failed to furnish any documents relating to plaintiff's counseling received from Krystal Huggins, without setting forth Ms. Huggins' address.

With regard to the purported authorizations which you forwarded to our office, please note that same were entirety **deficient** with respect to the following:

(a)     The authorization to the New York State Department of Labor, entitled "Benefits Records Authorizations," is **undated**;

(b)     The HIPAA authorization to obtain plaintiff's records from Retha Buck, is **unsigned**;

(c)     The authorization to obtain the plaintiff's records from Medicaid, New York State Department of Health, is **unsigned** and **undated**;

(d)     The authorization to obtain the plaintiff's tax returns for the years 2006 and 2007, is signed but **undated**. Moreover, it is readily apparent that numerous portions of this document have been <u>whited out, photocopied and then written</u> over where prior writings were contained, thereby not only rendering this document "suspect" but entirely useless for obtaining the records sought.

In view of the foregoing, all of the above-mentioned authorizations accompanying Mr. Umoh's letter dated June 15, 2008, are **deficient** and will not be honored by the respective facilities/entities to which they are made out. We accordingly demand that updated authorizations be furnished, same which are fully signed and dated by the plaintiff. Please also provide authorizations to obtain the records of Dr. Boris and Ms. Huggins.

LESTER SCHWAB KATZ & DWYER, LLP

June 20, 2008
Page 3

        With regard to item "8," you have indicated that plaintiff is not in possession of her taxes from 2006-2007. In this regard, and as indicated above, please furnish a properly executed authorization to obtain the plaintiff's federal, state and local income tax returns for the years 2005, 2006 and 2007.

        With regard to item "10," you have indicated that the CD disc previously produced which contains a conversation between the plaintiff and Bob Welter, is the *only* document concerning any statements you have obtained concerning any of the factual allegations in this action. We remind you that the term "document" is defined within our Notice to Produce, and request your confirmatory advices that the aforementioned CD disc constitutes the *only* document concerning any statements you have obtained concerning any of the factual allegations in this action.

        Your response to item "11" is also inconsistent with your prior discovery responses, insofar as you indicate that plaintiff is not in possession of any statement, written or oral, of any party represented in this action, yet plaintiff previously exchanged numerous e-mails containing correspondence between the plaintiff and co-defendants. Please address this obvious inconsistency immediately.

        With respect to item "12," although you have attached a picture of plaintiff's hair which you indicate was taken during the period of plaintiff's employment at Plus One, please indicate when said photograph was taken and by who.

        Lastly, you have chosen to *ignore* our clients' Second Set of Interrogatories dated May 30, 2008, which was forwarded to plaintiff's counsel along with our deficiency letter of said date. Given the June 30, 2008 discovery cut-off date, and in accordance with Local Civil Rule 33.3(c), plaintiff is obligated to fully respond to said interrogatories, seeking the claims and contentions of the plaintiff herein. Please furnish plaintiff's response to our clients' Second Set of Interrogatories immediately.

        In view of the foregoing, and in light of plaintiff's continued refusal to respond to our clients' discovery demands/interrogatories or to provide deficient responses thereto, you have left us with no alternative but to seek the Court's permission to submit a motion to compel such outstanding discovery.

        Thank you for your attention to the within matter.

                                        Very truly yours,

                                        Harold J. Derschowitz
                                        Of Counsel

LESTER SCHWAB KATZ & DWYER, LLP

June 20, 2008
Page 4


HJD:ck:jc/1037473


cc:

**Via E-Mail (dmnorcross@martinnorcross.com)**
Deborah Martin Norcross
Martin Norcross, LLC
110 Wall Street, RCG Suite, 26th Floor
New York, New York  10004
Attorneys for Defendant
Plus One Fitness and Jamie MacDonald

**Via E-Mail (numoh@umohlaw.com)**
Nkereuwem Umoh, Esq.
Law Offices of Chidi Eze
255 Livingston Street, 4th Floor
Brooklyn, New York  11217