## Harold Derschowitz (x263)

**From:** Harold Derschowitz (x263)
**Sent:** Thursday, July 24, 2008 4:32 PM
**To:** 'numoh@umohlaw.com'; 'chidieze@yahoo.com'; 'Deborah MartinNorcross'
**Subject:** Mann v. Plus One Fitness, et al ( 07 CV 5691 (NRB) )
**Attachments:** #1052887-v1-DOCS-MANN_-_LETTER_TO_COURT.DOC

Counselors: Attached hereto is a letter I just faxed to the Court this afternoon regarding the issue of the insufficiency of plaintiff's discovery responses, as per the directives of the Court during the July 7, 2008 telephone conference in this matter.
Sincerely,
HAROLD J. DERSCHOWITZ, ESQ.
Lester Schwab Katz & Dwyer, LLP
120 Broadway
New York, N.Y. 10271
Tel: (212) 341-4263
Fax: (212) 267-5916

# LESTER SCHWAB KATZ & DWYER, LLP
120 BROADWAY
NEW YORK, N.Y. 10271-0071

(212) 964-6611
FAX: (212) 267-5916

**HAROLD J. DERSCHOWITZ**
Writer's Direct Dial: (212) 341-4263
E-Mail: hderschowitz@lskdnylaw.com

**NEW JERSEY OFFICE**
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

July 24, 2008

<u>Via Fax: (212) 805-7927</u>

Hon. Naomi Reice Buchwald
United States District Judge
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>Jordan Mann v. Plus One Fitness, et al</u>
      **Civil Action No.:** 07 CV 5691 (NRB)
      **Our File No.:** 163-8001

Dear Madam Justice:

Please be advised that we represent the defendants, Board of Managers of Trump World Tower Condominium s/h/i Trump World Towers, and John Henriques, in the above-entitled action.

We have reviewed plaintiff's most recent correspondence to our office dated July 11, 2008, with hard copies of the discovery being received on July 18, 2008. This correspondence was in response to Your Honor's directives in the telephone conference of July 7, 2008 in this matter.

We regret to inform the Court that plaintiff's counsel has <u>still failed to fully comply</u> with our client's discovery demands and demand for interrogatories in the instant action. We note that the following deficiencies still remain:

1.   Plaintiff has refused to respond to our clients' Second Set of Interrogatories dated May 30, 2008, which was forwarded to plaintiff's counsel along with our deficiency letter of said date. Given the June 30, 2008 discovery cut-off date at the time said Interrogatories were served, and in accordance with Local Civil Rule 33.3(c), plaintiff is obligated to fully respond to said Interrogatories seeking the claims and contentions of the plaintiff herein. Unfortunately, plaintiff continues to use the aforesaid Local Civil Rule governing Interrogatories as a shield, maintaining that contention Interrogatories are not permissible since plaintiff will furnish said information at a deposition, and then failing to produce the plaintiff on two (2) separate deposition dates previously agreed to by all parties and in

LESTER SCHWAB KATZ & DWYER, LLP

July 24, 2008
Page 2

        contravention with the Court's discovery Orders. Plaintiff's counsel simply cannot have it both ways, and should be compelled to respond to the above-mentioned Second Set of Interrogatories, especially in view of the fact that Your Honor had directed plaintiff to furnish *all* outstanding discovery owed to the defendants during the most recent telephone conference of July 7, 2008, within seven (7) days of said date;

2.    Plaintiff's authorization to obtain her tax returns for the years 2006 and 2007, is *deficient*, as same was not accompanied by the requisite two pieces of identification, including a photo. Accordingly, this authorization will not be honored by the Internal Revenue Service;

3.    The benefits record authorization of plaintiff to obtain her records from the NYS Department of Labor dated July 13, 2008 and signed by the plaintiff, is not notarized and will therefore likely be rejected by the NYS Department of Labor;

4.    The authorizations to obtain plaintiff's records from Medicaid/NYS Department of Health, Dr. Ann Boris/St. Luke's Roosevelt Outpatient Clinic, and Retha Buck are *deficient* in that same are not notarized and will therefore not be honored by the respective facilities/entities.

5.    Plaintiff has still failed to furnish an authorization to obtain her employment records and file from her present employer, Jiivanna Spa for Well-Being at Pacific Islands Club in Guam, including all applications for employment, physical examinations, questionnaires, payroll records and evaluations, contained in said file;

6.    Despite claiming that plaintiff received treatment from "Marlene Friedman" and "Krystal Huggins" regarding the subject matter, plaintiff claims that she is "unable to locate the addresses" for same. It is plaintiff's obligation to not only furnish the addresses of said providers but to also furnish valid authorizations to obtain their records, and plaintiff has failed to do so;

7.    Plaintiff has still failed to respond to Item "1" of our client's Notice to Produce, in that plaintiff has failed to identify <u>which</u> of the Bates-stamped documents constitutes communications between plaintiff and the co-defendants, and *separately* indicate which of the Bates-stamped documents previously provided constitutes communications between the plaintiff and *our clients*. Plaintiff has similarly has failed to respond to Item "2" of our client's Notice to Produce setting forth *which* of the Bates-stamped documents reference any of the items demanded in "2" of our Notice to Produce.

LESTER SCHWAB KATZ & DWYER, LLP

July 24, 2008
Page 3

       8.       Plaintiff has still failed to furnish any records regarding treatment she received from Retha Buck, Marlene Friedman, Dr. Ann Boris or Krystal Huggins, despite our demands for same.

The above-mentioned discovery remains outstanding, despite Your Honor's directives that plaintiff furnish the parties with *all* outstanding discovery within seven (7) days of the July 7, 2008 conference. Without the benefit of said records and full discovery responses, including Interrogatories, and as discussed in the telephone conference with Your Honor, meaningful depositions of the plaintiff cannot be accomplished at this time.

In view of the foregoing, we respectfully request the Court's permission to file a motion to compel and for sanctions at this time.

We thank the Court for its attention to the within matter.

Respectfully yours,

Harold J. Derschowitz (HJD-9910)
Of Counsel

HJD:imr
cc:

Via Fax: (212) 805-4258
Hon. Deborah Freeman, Magistrate Judge

Via Fax: (718) 360-1916
and Email: numoh@umohlaw.com
and Email: chidieze@yahoo.com
Law Offices Of Chidi Eze, Esq.
255 Livingston Street, 4th Floor
Brooklyn, New York 11217
Attorneys for Plaintiff

Via Fax: (609) 945-3912
and Email: dmnorcross@martinnorcross.com
Deborah Martin Norcross, Esq.
Martin Norcross, LLC
110 Wall Street, RCG Suite 26th Floor
New York, New York 10004
Attorneys for Defendant
PLUS ONE FITNESS and JAMIE MACDONALD

1052887