UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jordan Mann, | CIVIL ACTION NO. |
| Plaintiff, | 07-CV-5691 (NRB/DF) |
| v. y | |
| Plus One Fitness; Trump World Towers; "Robert" Doe; Jamie MacDonald; Does 1 – 10 inclusive, | |
| Defendant(s). | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PRECLUDE UNDER RULE 37 (c)(1) OR, ALTERNATIVELY, TO COMPEL UNDER RULE 37(a)**

The Federal Rules of Civil Procedure, and this Court's Local Rules, were not intended as tools of obstruction. Yet that is precisely what has occurred in this case, as set forth in the accompanying certification of counsel for Plus One Holdings, Inc. s/h/a/ Plus One Fitness, and Jamie Macdonald (henceforth collectively "the Plus One Defendants"), and in a parallel motion being filed by co-defendants Board of Managers of Trump World Towers Condominiums and John Henriques (henceforth "the Trump Defendants'). For more than six months, both the Plus One Defendants and the Trump Defendants have incurred enormous unnecessary costs trying to obtain discovery that is basic to virtually any employment discrimination action, but that this Plaintiff and her lawyers have either refused to produce outright, or have represented does not exist when, in fact, it does.

Indeed, the Court has had to involve itself, through multiple letters and otherwise, repeatedly.

Plaintiff's obstructionist tactics are most blatantly revealed by what can only have been her lawyers' deliberate decision not to disclose their client's employment status and location, Guam, for close to five months, revealing it only when forced to do so in the face of requests to compel Plaintiff's deposition. Even then, they concealed that their client had decided to abandon her job in Guam to go to school in Singapore, and still have not provided anything approaching adequate discovery responses.

In most circumstances, an order compelling discovery, perhaps coupled with monetary sanctions properly, rectifies the problems created by non-disclosing parties. We respectfully submit that this more modest sanction does not satisfy here. Plaintiff's conduct and that of her counsel have been deliberate, pervasive, and without any justification whatsoever. Plaintiff is now in Singapore, not easily accessible for a continued deposition even if she now produces the written discovery she should have supplied months ago, and certainly not before Defendants must file their dispositive motions.

It is for these reasons that we request an order of preclusion under Fed. R. Civ. P. 37(c)(1)(C). If the Court decides not to impose a preclusions sanction, we then ask that Plaintiff be compelled to produce all of the subject discovery and reappear for deposition, and a reasonable extension of the summary judgment filing deadline. In either event, we also request that a monetary sanction be awarded against Plaintiff or her lawyers.

More specifically --

> "Every disclosure … and every discovery request, response, or objection must be signed by at least one attorney of record … certify[ing] that to the

> best of the person's knowledge, information, and belief formed <u>after a reasonable inquiry</u>:
>
>> (B)(ii) … not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; …

Fed. R. Civ. P. 26(g) (Emphasis added).

> If a certification violates this rule without substantial justification, the court … must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 26(g)(3).

Plaintiff's own testimony makes clear that she never made any inquiry, much less a reasonable search, for most of the responsive documents and information sought by any defendant. Plaintiff did not respond to virtually any of the Plus One Defendants discovery requests in February, ignored repeated requests for supplementation, and still has not provided anything approaching adequate responses. She has refused to provide and has withheld document authorizations, repeatedly advised that documents did not exist that did, concealed multiple post-termination employments, asserted privilege without complying with Fed. R. Civ. P. 26(b)(5), and failed to provide any timely, and in most cases any, supplementation.

All of the purported justifications asserted by Plaintiff fail to meet any good faith or substantial standard. Similarly, her extraordinary reliance on Local Rule 33.3 demonstrates not good faith, but an attempt to block proper discovery. Even if Defendants' interrogatories can be characterized as "contention," they are expressly authorized if "they are a more practical method of obtaining the information sought than

3

a request for production of documents," Local Rule 33.3(b); *see also SEC v. Morrelli,* 143 F.R.D. 42, 48 (S.D.N.Y. 1992). Where, as here, Plaintiff not has failed to produce properly requested documents and to answer interrogatories, her reliance on the local rules should be rejected.

For these reasons, we respectfully request that the Court grant the Plus One Defendants' motion and enter an order of preclusion, or alternatively to compel, and award monetary sanctions.

>Respectfully submitted,
>
>MARTINNORCROSS LLC
>110 Wall Street
>26th Floor
>New York, NY 10005
>
>-and-
>
>60 Marion Road West
>Princeton, NJ 08540
>(609) 249-5860
>(609) 945-3912 (Fax)
>dmnorcross@martinnorcross.com
>
>By:     **s/s Deborah Martin Norcross**
>
>        Deborah Martin Norcross (DN0289)

August 28, 2008

**CERTIFICATE OF SERVICE**

I certify that I served the foregoing RESPONSE on Counsel for Plaintiff and Counsel for Co-Defendants Board of Managers of Trump World Tower Condominiums and John Henriques on August 28, 2008 by electronic mail as follows:

>LAW OFFICE OF UWEM UMOH
>Counsel for Plaintiff
>255 Livingston Street, 4th Floor
>Brooklyn, NY 11217
>Attn:   Uwem Umoh, Esq.
>numoh@umohlaw.com
>
>LESTER SCHWAB KATZ & DWYER, LLP
>Counsel for Defendants Trump World Tower and John Henriques
>120 Broadway
>New York, NY 10271
>Attn:   Harold J. Derschowitz, Esq.
>hderschowitz@lskdnylaw.com

>/s/ **Deborah Martin Norcross**
>Deborah Martin Norcross (DN0289)

Dated: August 28, 2008