## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Jordan Mann, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | 07-CV-5691 (NRB/DF) |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF'S RESPONSE TO** |
| Plus One Fitness; Trump World | ) | |
| Towers; "Robert" Doe; | ) | |
| Jamie MacDonald; | ) | **DEFENDANTS** |
| Does 1 – 10 inclusive, | ) | **PLUS ONE HOLDINGS, INC.** |
| | ) | and **JAMIE MACDONALD'S** |
| Defendant(s). | ) | **DOCUMENT REQUESTS** |
| | ) | |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Carol Miller, by her attorney,

Nkereuwem Umoh, Esq., hereby responds to the Defendants' requests for Document as follows:

### GENERAL OBJECTIONS

1. Plaintiff will attempt to produce its non-privileged, non-objectionable responsive

documents. However, Plaintiff reserves its right to produce documents alter the thirty-day

time period.

2. Plaintiff shall respond to the requests as if directed only at documents within her

possession, custody or control.

3. This response is based upon documents presently available to and located by

plaintiff and is given without prejudice to plaintiff's right to produce additional

documents at a later date should they become located and available as a result of

subsequent review of its records or as a result of additional Investigation or discovery.

4. By producing or failing to produce some or all of the requested documents,

Plaintiff does not concede the relevance or materiality of any request or the subject to which it relates.

5. Plaintiff objects to all requests to the extent they seek documents protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

6. Inadvertent production of privileged Information by Plaintiff shall not constitute waiver of any applicable privilege or doctrine, Including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, privilege and/or admissibility as evidence as such objections may apply at trial or otherwise in this action.

7. Plaintiff objects to the requests to the extent they can for a duplicate production of documents previously produced to Defendants.

8. Plaintiff objects to each and every request to the extent they call for information protected by the United States Constitution and any applicable statutes, including, but not limited to, the right of privacy.

## SPECIFIC OBJECTIONS

**Request No. 1:**    All   documents   you   consulted   in   answering   Defendants'
Interrogatories.

Response to No.1:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff directs defendants the parties submissions to the EEOC.

**Request No. 2:**    All   documents   concerning   all   persons   you   believe   to   have
knowledge of any facts relating to this matter and a description of the knowlededge you believe each person has.

Response to No.2:

Page 2 of 11

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff states that she has no documents that relate to any witnesses in this matter.

**Request No. 3:**    All documents concerning any person you may call as a witness at the trial of this matter and the testimony you may elicit from that person.

Response to No.3:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff states that she has no documents that relate to any witnesses in this matter.

**Request No. 4:**    All documents concerning any experts contacted or retained by you for the purposes of this litigation, including any documents provided or received by you to or from each expert and all reports (and drafts thereof) rendered by that expert.

Response to No.4:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff states that she has not contacted any experts.

**Request No. 5:**    All documents concerning the nature, basis, amount, and manner of computation of all monetary relief and/or damages (including but not limited to attorneys' fees) you are seeking.

Response to No.5:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff refers defendants to her Revised Initial Disclosures.

**Request No. 6:**    All documents, including but not limited to electronic mail, concerning any defendant or any of the factual allegations contained in your Second Amended Complaint.

Response to No.6:

Page 3 of 11

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Plaintiff is continuing to search for electronic documents responsive to this request.

**Request No. 7:**        All documents concerning any communications you had, other than with your counsel in this action, concerning any defendant since January 1, 2006.

Response to No.7:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action

**Request No. 8:**        All documents concerning any investigation conducted by you or anyone acting on your behalf with respect to your factual claims in this action.

Response to No.8:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action

**Request No. 9:**        All documents you may offer as evidence at trial.

Response to No.9:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff refers defendants to the documents attached herein.

**Request No. 10:**        All documents concerning any statements you have obtained concerning any of the factual allegations in this action.

Response to No.10:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action

**Request No. 11:**        All documents concerning any contacts you have had, or attempts to contact you have made, with any current or former employee of Plus One or TWT or any current or former resident of the Trump World Tower condominiums regarding your claims in this case.

Response to No.11:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff is continuing to search for documents responsive to this request.

**Request No. 12:**    All documents concerning any communications you had regarding the possibility of filing, or the decision to file, this action. If your response includes communications with your counsel in this action, please provide only the information required by *Fed. R. Civ. P. 26(b)(5)* and *Local Rule 26.2.*

Response to No.12:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff refers defendants to the documents attached herein.

**Request No. 13:**    All documents concerning any person or entity you have ever charged with, or accused of, a crime.

Response to No.13:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action.

**Request No. 14:**    All electronic mail in your possession or under your control to, from, or concerning any defendant.

Response to No.14:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action.

**Request No. 15:**    All documents concerning any crime with which you ever have been charged.

Response to No.15:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Plaintiff

also objects to this request on the basis that it violates the laws of the State of New York.

**Request No. 16:**      All documents concerning your employment with Plus One.

Response to No.16:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff refers defendants to the documents attached herein.

**Request No. 17:**      All documents concerning any application for unemployment insurance benefits or other public assistance you made since the cessation of your employment with Plus One.

Response to No.17:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Withotu waiving said objection, plaintiff is continuign to search for documents responsive to this request.

**Request No. 18:**      All documents concerning any admission you believe has been made by any party in this action.

Response to No.18:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff refers defendants to the documents attached herein.

**Request No. 19:**      All documents concerning any statement against interest you believe has been made by any party in this action.

Response to No.19:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff refers defendants to the documents attached herein.

**Request No, 20:**      All documents concerning any employment (including self-employment and independent contractor activities) you have had during the past ten (10) years and the cessation of such employment.

Response to No.20:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action.

**Request No. 21**:    All documents concerning any record or document relating to the issues in this action that has been altered or destroyed, as well as the circumstances of the alteration or destruction.

Response to No.21:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff states that no documents relating to this action have been destroyed or altered.

**Request No. 22**:    All documents concerning each and every employer or potential employer you have contacted in search of employment, and any other efforts made by you to obtain employment, since the cessation of your employment with Plus One.

Response to No.22:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff states she is consituing to search for documents responsive to this request.

**Request No. 23**:    All documents concerning any physician, psychologist, social worker, counselor, or other health care professional who has treated you within the past ten (10) years and the treatment you received from that professional.

Response to No.23:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff states she is consituing to search for documents responsive to this request.

**Request No. 24**:    A documents concerning    the    information    requested    in Interrogatory No. 24 of Defendants' Interrogatories.

Response to No.1:

Page 7 of 11

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action

**Request No. 25**:    All documents concerning any civil litigation in which you ever have been a party and the disposition of that litigation.

Response to No.25:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action

**Request No. 26**:    All documents concerning any hospital or other psychiatric or medical instituion to which you have been admitted in the past ten (10) years and the treatment you received in that institution.

Response to No.26:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action

**Request No. 27**:    All documents provided or received by you to or from the Equal Employment Opportunity Commission.

Response to No.27:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff refers defendants to the documents attached herein.

**Request No. 28**:    All documents concerning the information request in Interrogatory No. 34 of Defendants' Interrogatories.

Response to No.28:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. The information sought is also outside of the FCRP.

**Request No. 29**:    Your federal, state, and local income tax returns for the years 2006

and 2007.
<u>Response to No.29:</u>

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff is continuing to search for her taxes for 2006 and 2007 and will provide them shortly.

**Request No. 30**:     All documents concerning any income earned by you since January 1, 2006.

<u>Response to No.30:</u>

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff states she is consituing to search for documents responsive to this request.

**Request No. 31**:     All documents, not previously requested, concerning any of the information sought from you in Defendants' Interrogatories.

<u>Response to No.31:</u>

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action.

**Request No. 32**:     All documents, not previously requested, concerning any of your claims in this action.

<u>Response to No.32:</u>

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action

             Dated: February 4, 2008


                              Yours, etc.




Page 9 of 11

Nkereuwem Umoh
255 Livingston Street, 4th Floor
Brooklyn, NY 11217
718-360-0527

State of New York

County of Kings

Personally appeared before me, the undersigned authority, Jordan Mann, who after

having been first duly sworn, stated on oath that the maters and facts set forth in the

above action and foregoing Responses to Document Requests are true and correct to the

best of his knowledge, information and belief.

Sworn to and subscribed before me this _____ day _____ of 2008

NKEREUWEM UMOH
Notary Public, State of New York
No. 02UM6132601
Qualified in Kings County
Commission Expires Sept. 19, 2009

**CERTIFICATE OF SERVICE**

I, Nkereuwem Umoh, attorney for plaintiff in the above styled and numbered civil action,

do hereby certify that I have this day e-mailed and delivered postage prepaid, a true and

correct copy of the above an foregoing Plaintiff's Responses to Defendants' First Set of

Document Requests to U.S. Post Office for records to the following counsel of record:

Deborah Martin Norcross, Esq.
**MARTINNORCROSS LLC**
110 Wall Street
RCG Suite, 26th Floor
New York, NY 10004
    -and-
60 Marion Road West
Princeton, NJ 08540
(609) 249-5860
(609) 945-3912 Fax

Page 10 of 11

Harold J. Derschowitz, Esq.
LESTER SCHWAB KATZ & DWYER, LLP
120 Broadway
New York, NY 10271
hderschowitz@lskdnylaw.com


Dated:  this the 4th Day of February 2008.

_____
Nkereuwem Umoh, Esq. (NU 7233)


Page 11 of 11