# UWEM UMOH
**ATTORNEY AT LAW**
255 LIVINGSTON STREET, 4th FLOOR,
BROOKLYN, N.Y. 11217
_____
TEL: 718.360.0527          EMAIL: numoh@umohlaw.com          FAX: 718.360.1916

BY EMAIL

May 16, 2008

Deborah Martin Norcross, Esq.
66 Marion Road West
Princeton, New Jersey 08540

    Re:  Jordan Mann v. Plus One Fitness et al.
        07 CV 5691(RB)

Dear Ms. Martin Norcross:

   This letter is in response to your May 9, 2008 deficiency letter, a letter I requested several weeks ago.

1.  As an initial matter, I did serve you additional discovery on April 4, 2008. It's been forwarded to you again with this email. Please let me know when to expect your response to the document requests.

2.  Plaintiff's Initial Disclosures.

  Plaintiff's Revised Initial Disclosures were tendered almost 5 months ago. Objecting at this late period when the plaintiff is seeking to set dates for depositions is clearly done in bad faith.

  However, plaintiff is not currently in possession of the addresses or telephone numbers of the witnesses listed in her initial disclosures. She also did not have the telephone number or addresses of the witnesses anytime before the initial conference with Judge Buckwald. The Federal Rules require plaintiff to turn over this information, "if known."

  The EEOC file and tape recording are at my office. Copies of the EEOC file and recorded conversation have been provided to both defendants, and I sent another copy of the recording to you today.

  Plaintiff earned $35,000 a year. She was terminated on or about January 2006 and did not work for approximately two years. She estimates her loss of income at $75,000. She also claims $105, 000 in emotional distress. A more comprehensive computation of her economic injuries will be done by an economic expert.

3.      As indicated, the recording has been sent to your office twice. I have also sent it again today.  It took me a month to respond to Mr. Derschowitz's inquiry because it took my client a month to let me know who she recorded and when the conversation took place.

4.      Plaintiff responded to your discovery demands despite her objections and as such there was not need to produce a privilege log.

5.      <u>Plaintiff's Responses to Defendant's First Request for Documents</u>

        Carol Miller and the reference to Guy Allen, Esq., Abbott, Reiss, & Allen, P.C., 309 West Park Avenue, Long Branch, New York 11561 are typographical errors.  The only plaintiff in this action is Jordan Mann, and Abbott, Reiss, Allen do not represent any of the parties in this action.

<u>Request No. 1.</u>      Plaintiff directs defendants to her submissions Bates Stamped JM 0001-0224

<u>Request No. 2</u>.      Plaintiff has turned over all documents that relate to any information any witnesses may have, specifically those Bates Stamped JM 0185-0201.

<u>Request No. 3</u>.      Plaintiff has turned over all documents that relate to any information any witnesses may have, specifically those Bates Stamped JM 0185-0201.

<u>Request No. 5</u>            Plaintiff directs defendants to her submissions Bates stamped JM 0103, 0107-0110

<u>Request No. 6</u>.      Plaintiff directs defendants to submissions Bates Stamped JM 0063, 0185-0201.

<u>Request No. 7</u>.      Plaintiff is not in possession of any document responsive to this request.

<u>Request No. 8</u>.      Plaintiff is not in possession of any document responsive to this request.

<u>Request No. 9</u>            Plaintiff refers defendants to her submissions Bates Stamped documents 0001-0224.

<u>Request No. 10.</u>      Plaintiff is not in possession of any document responsive to this request.

<u>Request No. 11</u>.      Plaintiff is not in possession of any document responsive to this request.

<u>Request No. 12.</u>      Plaintiff is not in possession of any document responsive to this request.

Request No. 13.  Plaintiff is not in possession of any document responsive to this request.

Request No. 14.  Plaintiff directs defendants to Bates Stamped Documents JM 0063, 0185-0201.

Request No. 15.  Plaintiff is not in possession of any document responsive to this request.

Request No. 16.  Plaintiff directs defendants to Bates Stamped Documents JM 0063, 0185-0226.

Request No. 17.  Plaintiff is not in possession of any document responsive to this request.

Request No. 18.  Plaintiff is not in possession of any document responsive to this request.

Request No. 19.  Plaintiff is not in possession of any document responsive to this request.

Request No. 20.  Plaintiff is not in possession of any documents that relate to her previous employment other than documents Bates Stamped JM 0103, 0107-0110.

Request No. 22.  Plaintiff directs defendants to Bates Stamped Documents JM 0063, 0208-0224.

Request No. 23.  Plaintiff is not in possession of any document responsive to this request.

Request No. 24.  Plaintiff directs defendants to Bates Stamped Documents JM 0113-114.

Request No. 25.  Plaintiff is not in possession of any document responsive to this request.

Request No. 26.  Plaintiff is not in possession of any document responsive to this request.

Request No. 28.  Plaintiff directs defendants to submissions Bates Stamped 0001-0184

Request No. 30.  Plaintiff is directs defendants to submissions Bates Stamped 0207 and 0205.

Request No. 31.  Plaintiff is not in possession of any document responsive to this request.

<u>Request No. 32</u>. Plaintiff is not in possession of any document responsive to this request.

6.     <u>Plaintiff's Responses to Defendants' First Set of Interrogatories.</u>

<u>Interrogatories Nos. 2 and 3.</u>

Plaintiff has identified witnesses to the best of her ability, and has no documents response to this interrogatory.  Please indicate what is deficient about the list of witnesses she has given.

<u>Interrogatory No 5</u>.

Plaintiff is unable to offer any more specificity to her computation.  She also objects to filing of contention interrogatories that track allegations in the pleadings

<u>Interrogatory No.  6.</u>

Plaintiff directs defendants to previous produced documents Bates Stamped JM 0185-0201

<u>Interrogatory No. 7</u>.

Plaintiff directs defendants to previous produced documents Bates Stamped JM 0001-0184.

<u>Interrogatory No. 8</u>.

Plaintiff again states that this request violates Local Rule 33.3.  The interrogatory clearly seeks to know if there have been any investigations done by any organization into plaintiff's claims.  Said request and its subparts are outside of the local rules.

<u>Interrogatory No. 9</u>.

Without an explanation of how this response is deficient, plaintiff is left to guess what defendants' are seeking.  Plaintiff directs defendants to all documents produced that are Bates Stamped JM 0001-0224.

<u>Interrogatory No. 10</u>.

Plaintiff again states that this request violates Local Rule 33.3.  The interrogatory clearly seeks to know if there have been any investigations done by any organization into plaintiff's claims.  Said request and its subparts are outside of the Local Rules.

<u>Interrogatory No. 11</u>

Plaintiff again states that this request violates Local Rule 33.3.  The interrogatory clearly seeks to know if there have been any investigations done by any organization into plaintiff's claims.  Said request and its subparts are outside of the Local Rules.

<u>Interrogatory 12-14</u>
Plaintiff again states that this request violates Local Rule 33.3.  The interrogatory clearly seeks to know if there have been any investigations done by any organization into plaintiff's claims.  Said request and its subparts are outside of the Local Rules.

<u>Interrogatory No. 15</u>.

Plaintiff directs defendants to previous produced documents Bates Stamped JM 0185-0201.

<u>Interrogatory No. 16</u>.

Plaintiff has a good faith basis for refusing to provide this information because it violates Local Rule 33.3

<u>Interrogatory No. 17</u>.

Plaintiff directs defendants to previous produced documents Bates Stamped JM 0001-0224.

<u>Interrogatory 18-25</u>.

Plaintiff has a good faith basis for refusing to provide this information because it violates Local Rule 33.3

<u>Interrogatory No 26-33</u>

Plaintiff's objections are made in good faith because both defendants served the First Set of Interrogatories together.  The language used in the First Set of Interrogatories indicates the interrogatories are being offered by both defendants. If your argument is that they get, to serve 25 each, please let me know how many have been served by each defendant so one defendant does not get to serve 49 interrogatories.

<u>Depositions</u>

Plaintiff is unable to be deposed in May as she is currently in Guam through this month.  Please offer other dates for her depositions. Thank you.

Sincerely,

/s
NKEREUWEM UMOH

Cc: Harold Derschowitz, Esq., via email.