UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X          07 CV 5691(NRB)(DF)
JORDAN MANN,
                Plaintiff,

                -against-

PLUS ONE FITNESS; TRUMP WORLD TOWERS;     MEMORANDUM OF LAW
"ROBERT" DOE; JOHN HENRIQUES,
JAMIE MACDONALD, DOES 1-10

                Defendants.
------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

      This memorandum of law in submitted on behalf of the plaintiff, Jordan Mann ("plaintiff") in opposition to Plus One Inc, ("Plus One") and Trump World Towers' ("Trump"), motion to preclude or compel and for sanctions. This memorandum of law is also offered in support of plaintiff's cross-motion for an order (1) pursuant to Rule 37(b)(2)(A) provides precluding the defendants from relying on a training document labeled Exhibit L and any of plaintiff's testimony at her deposition in reference to that document. Plaintiff also seeks preclusion of any documents that relate to plaintiff's name change.

      Defendants' motion must be denied and Plaintiff's motion granted because Plaintiff's objections were made in good faith as the defendants' failed to serve interrogatories compliant with Local Civil Rule 33.3, Federal Rules of Civil Procedure and the Orders of this Court. Also, the Plus One defendants failed to turn over documents pursuant to their Rule 26 obligations.

## PROCEDURAL AND FACTUAL BACKGROUND

      The factual and procedural background of this matter is set forth in the affirmation of Nkereuwem Umoh, annexed as Exhibit A, to which the court is respectfully referred.

1

# ARGUMENT

## POINT ONE

### THE DEFENDANTS' INTERROGATORIES FAILED TO COMPLY WITH LOCAL RULE 33.3, FRCP AND THE COURT'S ORDER

The Defendants' interrogatories failed to comply with Local Rule 33.3, FRCP and the court's order and thus plaintiff's objections were proper.

Although Fed.R.Civ.P. 33 permits each party to serve up to twenty-five (25) interrogatories concerning any matter that is a permissible subject of discovery under Fed.R.Civ.P. 26(b)(1), Local Civil Rule 33. 3 places the following substantial additional limits on the use of interrogatories in this District:

> (a) Unless otherwise ordered by the court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents....
>
> (b) During discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the court.
>
> (c) At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the court has ordered otherwise.

Plus One and Trump defendants each served first sets of interrogatories that numbered 34 and 32 respectfully, a clear violation of the FRCP that allows only 25 to be served without leave of court. Plaintiff responded to the first 25 and objected to the rest. Plus One Defendants found the objection improper and made a vague argument about each individual defendant (i.e. Macdonald and Plus One) were entitled to serve 25 interrogatories each. Such as argument

2

should be seen as disingenuous and accordingly must fail for several reasons: (1) The defendants did not designate which defendant was serving the interrogatory, making it difficult for plaintiff to know if one defendant was serving just one (1) and another was serving forty-nine (49); (2) all defendants have been represented by the same law firms, and have jointly filed and responded to all motions since that time and have brought all previous motions together. See, generally, McCarthy v. Paine Webber Group, Inc. 168 F.R.D. 448 D.Conn., 1996.

However, the defendants do not argue that interrogatories were a more practical method of obtaining the information sought, that the interrogatories were permitted by Court Order or that the interrogatories constitute contention interrogatories served at the conclusion of discovery. Though Trump Defendants seeks to rely on Local Rule 33.3(c) as permission to serve the interrogatories 30 days before the end of discovery, their attorney failed to obtain leave of Court to serve greater than 25 permitted under the federal rules. They also failed to obtain leave to serve interrogatories after the April 4, 2008 deadline set forth in this Court's March 25, 2008 Order. Accordingly, the second set of interrogatories are subject to the limitation set forth on paragraph (a) of Local Civil Rule 33. 3.

An examination of the interrogatories show that they violate the FRCP and plaintiff's objections were proper.

### Trump Defendants' Interrogatories
#### a. First Set of Interrogatories

All but Nos. 22 and 23 of Trump Defendants' First Set of Interrogatories are compliant with Local Civil Rule 33.3. Plaintiff directs the court to Trump Defendants' Exhibit 2 for a copy of the interrogatories served on plaintiff.

3

Trump defendant's motion to preclude plaintiff from offering any evidence in support of her emotional distress claims must fail because, though plaintiff objected to interrogatory 22 and 23, she did comply with the defendants' request for medical treatment information by issuing several authorizations that are HIPAA compliant.  Plaintiff is not—nor has she ever been-- in possession of any of her medical records and thus is unable to provide them to the defendants.  Despite the defendants' claims that the authorizations would be rejected, they have failed to produce any letter from a medical provider rejecting said authorization.  Plaintiff has indicated that she will **not** use any documentation from her treatment with Dr. Marlene Freidman or Crystal Huggins[1] to support her claims for emotional distress because she is unable to locate the addresses of phone numbers for these individuals.

    b. <u>Second Set of Interrogatories</u>

In regards to the Trump Defendants second set of interrogatories, the defendants failed to request leave to serve an additional 32 interrogatories, bringing their total to 64.  They also served these interrogatories on May 30, 2008, even though the scheduling order entered into by the parties clearly designated April 4, 2008 as the cut-off date for interrogatories.  Also, the Trump Defendants do not argue that all other discovery had been concluded, as the deposition of the plaintiff had not been conducted, and as such contention depositions were not allowed pursuant to Local Civil Rule 33.3.

    <u>**Plus One Defendants' Interrogatories**</u>

---

[1] Plaintiff has indicated on several occasions that Ms. Huggins is her pastor and plaintiff has no documentation of their meetings.  Moreover, she will not seek to support her claims for emotional distress with any of her sessions with her pastor or Dr. Freidman.

4

## INTERROGATORY NO. 23

Identify each and every physician, psychologist, social worker, counselor, or other health care professional who has treated you within the last ten (10) years and specifically identify:

    a.    the dates of any consultation, examination and/or periods of treatment;

    b.    the purpose of each such consultation, examination and/or periods of treatment;

    c.    whether any written report or memorandum was prepared by such individual concerning the consultation, examination and/or treatment; and

    d.    identify all documents concerning the information requested in this interrogatory.

## ANSWER

Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3

<u>Plus One's Response: Interrogatory Nos. 18 through 25</u>: There is nothing improper about any of these interrogatories, which seek the identification of persons and documents discoverable under the Federal and Local Rules. Plaintiff's refusal to identify any witnesses or documents, as even the most cursory reading of those rules reveals as mandatory, demonstrates an absence of good faith. Please correct and supplement Plaintiff's answers to these interrogatories.

The information sought--the dates, the purpose of the visit, whether a written report was prepared--are outside the scope permitted by Local Civil Rule 33.3 and as such plaintiff's objection is proper. Nevertheless, plaintiff has provided the names of these doctors as well as authorizations to obtain their records. See Exhibit M.

## INTERROGATORY NO. 26

Have you been admitted to any hospital or other psychiatric or medical institution in the past ten (10) years? If so, please state:

    a.    the full name and address of each such hospital or other institution;

5

     b.     the dates of your confinement to each such hospital or other institution;

     c.     the reason for your confinement in such hospital or other institution; and

     d.     identify all documents concerning the information requested in this interrogatory.

## ANSWER

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996).

Plus One's Response: Interrogatory Nos. 26 through 33: Plaintiff's failure to state why she believes Fed. R. Civ. P. 33(a) justifies her failure to answer these interrogatories, as she is obligated to do, requires Defendants to guess. This is improper. Her citation to an inapplicable case from another jurisdiction provides no assistance. Since she asserts no other objections, we surmise that Plaintiff has refused to answer these interrogatories because she erroneously believes that the two separate defendants she has sued do not have the right to pose more than 25 interrogatories collectively. She is wrong. Please correct and supplement Plaintiff's answer to this interrogatory.

This interrogatory is defendants' twenty-sixth. Interrogatory beyond the twenty-five permitted by the FRCP were properly objected to as Plus One Defendants did not seek leave of the court to serve more than twenty-five. Moreover, the interrogatory also violates Local Civil Rule 33.3 because it seeks information outside of the names of witnesses, computation of damages or the existence of documents.

## INTERROGATORY NO. 20

Identify each and every employment (including self-employment and independent contractor activities) you have had during the past ten (10) years, listing the current or last known address and telephone number of each employer, and state the following:

     a.     the dates of each such employment;

     b.     the job title(s) held by you and the duties performed during each such employment;

     c.     your rate(s) of pay (include bonuses, if any) and any employee benefits received by you during each such employment;

    d.    the reasons for the termination or conclusion of each such employment, if applicable, including but not limited to a statement as to whether the severance of such employment was voluntary or involuntary; and

    e.    identify all documents concerning the information requested in this Interrogatory.

## ANSWER

Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3

<u>Plus One's Response: Interrogatory Nos. 18 through 25</u>: There is nothing improper about any of these interrogatories, which seek the identification of persons and documents discoverable under the Federal and Local Rules. Plaintiff's refusal to identify any witnesses or documents, as even the most cursory reading of those rules reveals as mandatory, demonstrates an absence of good faith. Please correct and supplement Plaintiff's answers to these interrogatories.

The information sought--the dates, the purpose of the visit, whether a written report was prepared--are outside the scope permitted by Local Civil Rule 33.3 and as such plaintiff's objection is proper. Nevertheless, plaintiff has provided the names of these doctors as well as authorizations to obtain their records. See Exhibit M.

## INTERROGATORY NO. 22

Identify each and every employer or potential employer that you contacted in search of employment, and describe any other efforts made by you to obtain employment, since the cessation of your employment with Plus One. For each such employer or potential employer, state:

    a.    the date of each contact;

    b.    the exact nature of each potential employment;

    c.    the rate or range of pay for each potential employment;

    d.    whether you were offered employment, and if so, the nature and/or title of the job offered;

7

  e. whether you rejected such offer, and if so, the date of, and reason for, each rejection; and

  f. attach a copy of each and every document that reflects or relates to the information requested in this Interrogatory.

### ANSWER

Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3.

  <u>Plus One's Response: Interrogatory Nos. 18 through 25</u>: There is nothing improper about any of these interrogatories, which seek the identification of persons and documents discoverable under the Federal and Local Rules. Plaintiff's refusal to identify any witnesses or documents, as even the most cursory reading of those rules reveals as mandatory, demonstrates an absence of good faith. Please correct and supplement Plaintiff's answers to these interrogatories.

Again, the information sought--the dates, the purpose of the visit, whether a written report was prepared--are outside the scope permitted by Local Civil Rule 33.3 and as such plaintiff's objection is proper. Nevertheless, plaintiff has provided her tax returns for 2004 and 2005, the years before her termination. Plaintiff has also turned over to defendants all her pay stubs of from her employment at PIC Resort. See Plus One Exhibit 24.

### INTERROGATORY NO. 18

State whether you have applied for unemployment compensation benefits or other public assistance since the cessation of your employment with Plus One. If the answer is in the affirmative, identify the agency or agencies to which such application was made and state with respect to each:

  a. the date of the application;

  b. any and all rulings by said agency;

  c. the weekly benefit rates;

  d. the period for which benefits were received;

  e. the total amount received; and

    f. identify each and every document that reflects or relates to the information requested in this Interrogatory.

### ANSWER

Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3

The information sought--the dates, the purpose of the visit, whether a written report was prepared--are outside the scope permitted by Local Civil Rule 33.3 and as such plaintiff's objection is proper. Nevertheless, plaintiff has provided the names of these doctors as well as authorizations to obtain their records. See Exhibit M.

Like the defendants' deficiency letters, they fail to cite any law in support their assertions that plaintiff has failed to properly respond to these interrogatories. They have barely sought to defend the merits of these requests, and only provided case law to support their application for sanctions. Bare requests to respond to interrogatories, without a detailed reason why said interrogatories are deficient, are improper.

Though plaintiff objected to the interrogatories, despite the problematic nature of them, she responded to them to the best of her ability. She also responded to interrogatories and requests that were not even made in documents served on plaintiff, but made via their deficiency letters. I submit that these acts show plaintiff's responses were sufficient and made in good faith. See Clean Earth Remediation and Construction Services, Inc., v. American International Groupd Inc., 245 F.R.D. 137(2007) ("Notwithstanding its objections, plaintiff went on to respond to the interrogatories by providing the information that is permissibly sought pursuant to Local Civil Rule 33. 3(a). Accordingly, given the problematic nature of the interrogatories themselves and the fact the plaintiff did provide the information that was within the scope of

9

Local Civil Rule 33. 3(a),….I conclude that plaintiff's answers to Interrogatories are sufficient.")

Accordingly, this Court should find that the plaintiff's objections and responses to defendants' interrogatories were made in good faith.

### POINT 2
### PLAINTIFF HAS COMPLIED WITH DEFENDANTS' DOCUMENT REQUESTS
#### Documents pertaining to Plaintiff's emotional distress claims

Defendants' motion to preclude or compel should fail because plaintiff is under no obligation to turn over documents not in her possession.

Here, despite the statements by the defendants, they have failed to establish that plaintiff is in possession of the documents they seek. Plaintiff stated in her deposition that she is not in possession of any medical records of her treatment. However she gave them medical records to obtain these records and it is unclear whether the authorizations have been rejected.

Plus One Defendants has excluded the last sentence of everyone of plaintiff's February 4, 2008 response to Request No. 23 where she states "Without waiving said objection plaintiff states she is continuing to search for documents responsive to this request."

**Request No. 23**:   All documents concerning any physician, psychologist, social worker, counselor, or other health care professional who has treated you within the past ten (10) years and the treatment you received from that professional.

Response to No.23:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff states she is continuing to search for documents responsive to this request.

10

As plaintiff has indicated to the defendants on numerous occasions, she is not in possession of any medical records responsive to this claim.  However, plaintiff has provided the defendants with authorizations to obtain these records. See Exhibit M.

**Request No. 26**:   All documents concerning any hospital or other psychiatric or medical instituion to which you have been admitted in the past ten (10) years and the treatment you received in that institution.

Response to No.26:

Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action

As stated above, the plaintiff is not in possession of any medical records responsive to this claims.  However, plaintiff has provided the defendants with authorizations to obtain records of her medical treatment from providers to saw in the last (10) years. See Exhibit M.

It is also unclear whether why the defendants seek to preclude or compel documents that have obviously been previously produces.  All documents, memorializing conversation between the plaintiff and the defendants have been produced, such as a tape recorded conversation between herself and Bob Wexler, a voicemail by Mike Murray and various emails Bates Stamped 189, 190, 200.   See Trump Defendants' Exhibit certification ¶30.

In regards to plaintiff's income information the defendants likewise assert that the authorizations are deficient because it was not accompanied by "the requisite two pieces of

identification." However, they have failed to provide any supporting document that two forms of identification are needed, or that plaintiff's authorizations were rejected.

### Documents pertaining to plaintiff's Pre- and Post –Plus One Employment

Defendants are not entitled to plaintiff's entire employment records dating 10 years prior to when this action was filed, up until the present. Evidence, other than plaintiff's income (which was provided through her tax returns and W-2 forms) are inadmissible character evidence under Fed. R. Evid. 404(b). See <u>Zubulake v. UBS Warburg LLC</u>, 382 F. Supp 2d 536 (S.D.N.Y. 2005.)

> **Request No, 20**: All documents concerning any employment (including self-employment and independent contractor activities) you have had during the past ten (10) years and the cessation of such employment.
>
> Response to No.20:
>
> Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action.
>
> **Request No. 22**: All documents concerning each and every employer or potential employer you have contacted in search of employment, and any other efforts made by you to obtain employment, since the cessation of your employment with Plus One.
>
> Response to No.22:
>
> Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff states she is continuing to search for documents responsive to this request.

As Plus One Defendants' counsel's own certification states, these documents were provided to the defendants.  Contrary to her certification that plaintiff had this document and failed to turn them over since January, the dates on the emails indicate they were received on June 20, 3008 and turned over to the defendants shortly thereafter.  More importantly, defendants; motion to compel, preclude and for sanctions must fail as Ms. Norcross's certification clearly states that plaintiff served these documents on defendants months ago, making the motion to compel or preclude moot.

Here, outside of the names of witnesses, computation of damages or the existence of documents. Ms. Norcross relies on plaintiff's deposition on page 38 of her transcript to make the argument that plaintiff never bothered to search for any documents responsive to her demands. However, her question to plaintiff was vague as to when did or did not search storage.  It is also vague as to what subject matter Ms. Norcross is referring to (plaintiff's employment with Plus One or **anything** discussed in her complaint).  The question also fails to inquire of plaintiff had anyone else go through her storage on her behalf while she was away. In effect, the snippet of the transcript quoted by Ms Norcross is too vague to reveal what she seeks to prove: that plaintiff failed to search for documents responsive to their requests.  The contrary is actually the case, in that plaintiff has produced documents that go beyond what was requested by the defendants, such as documents pertaining to her change of name and her schooling post Plus One.

The defendants have given no foundation that warrants plaintiff granted them access to her entire employment file for 5-10 years prior to the commencement of this action, other than they requested these records.  As plaintiff is claiming lost wages, the defendants are entitled to evidence of her earnings, which is germane to this action and were provided with plaintiff's

13

entire pay stubs from PIC Resort, as well as her tax returns for the years 2004 and 2005. See Exhibit O and Plus One's Exhibit 24. The request for plaintiff's entire employment records dating back 5-10 years and her employment at PIC are overbroad.

### Discovery Requests Concerning Mitigation

Plaintiff complied with all requests for unemployment insurance benefits or public assistance benefits and as such defendants' motion to compel or preclude that information must fail as it is moot. The request is listed below:

> **Request No. 17**: All documents concerning any application for unemployment insurance benefits or other public assistance you made since the cessation of your employment with Plus One.
>
> Response to No.17:
>
> Plaintiff objects to this Request for Production on the ground that it is overly broad, unduly burdensome, and seeks privileged information not reasonably calculated to lead to the discovery of evidence relevant to the subject matter involved in this action. Without waiving said objection, plaintiff is continuing to search for documents responsive to this request.

Plaintiff was and is not in possession of any such documents and served duly executed authorizations on the defendants to obtain said information. See Exh__. Despite the defendants' assertions that plaintiff's authorizations would be rejected, they have failed to offer evidence that it indeed was rejected by the respective organizations.

## POINT 3
## PLAINTIFF'S CROSS MOTION TO PRECLUDE

Plaintiff's Exhibit L should be precluded from being used in any capacity because of defendants' failure to turn over the documents in their initial disclosures, then surrespeciously attempted to use said documents during plaintiff's deposition.

14

Exclusion under Rule 37(c)(1) is a form of a sanction, designed to encourage compliance with the disclosure requirements of the Rules and the Court." Schanzer v. United Technologies Corp., 120 F.Supp.2d 200, 206 (D.Conn.2000). Rule 37(c)(1) prevents a party who fails to disclose that information without substantial justification from using that evidence at trial, unless the failure to disclose is harmless Lore v. City of Syracuse Not Reported in F.Supp.2d, 2005 WL 3095506 N.D.N.Y.,2005.  A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. The court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (c) and may include informing the jury of the failure to make the disclosure.  Fed.R.Civ.P. 37(c)(1)

The document is dated April 26, 2006, long before this action was filed and should have been turned over as part of defendants' initial disclosures.  Here, the defendants' failure to disclose clearly harmed the plaintiff because she was questioned about a document that she had not been given to opportunity to see prior to her depositions.  Plaintiff's responses are transcribed on pages 154 to160 of her deposition transcript. The Exhibit and the testimony Plus One's defendants' sought to elicit was to establish that plaintiff had been given training that told her that when she had difficult residents that plaintiff was to a variety of actions, one of which was to call her manager. Defense counsel for Plus One reasons for not turning over the documents was that it was "nervy" for plaintiff, who according to her had failed to turn over various documents,

15

had the audacity to seek these documents. Though bad faith is not a requirement for the court to preclude documents, counsel for Plus One's reasons were in bad faith as they offered no reasons other than plaintiff's alleged failure to turn over documents they sought. Schiller v. City of New York Not Reported in F.Supp.2d, 2007 WL 735010 S.D.N.Y.,2007 states: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir.2006) (quoting Softel, Inc. v. Dragon Medical & Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir.1997).

Plaintiff also seeks the preclusion of Plaintiff's Exhibit N as character evidence not germane to this action. No formal requests for information pertaining to plaintiff's name change were made, and though plaintiff produced documents that pertain to her name change, she did so subjection to an objection as to their relevance. Pursuant to Fed. R. Evid. 404(b), character evidence may be excluded were its function is not germane to the action. Here, plaintiff's change of name, or reasons she changed her name have no bearing on whether or not the defendants were justified in terminating her.

Accordingly, we request that defendants' Exhibit L and N. be precluded from use by the defendants for any motion or trial.

## POINT 4

**PLAINTIFF'S RESPONSES AND OBJECTIONS WERE IN GOOD FAITH AND AS SUCH SANCTIONS ARE NOT WARRANTED**

Defendants' motions for sanctions should be denied as plaintiff's objections were all made in good faith, nor was there an abuse of the judicial process here. The record also indicates that plaintiff, despite being out of the district, has complied with the discovery requests of the defendants to the best of her ability and pursuant to her duties on the Local Civil Rules and the FRCP.

The defendants have failed to show that any discovery disputes are as a result of intentional or gross negligent on the part of the plaintiff, or her counsel. Moreover, the record clearly shows that plaintiff had a good faith basis for her objections.

Dated: Brooklyn, New York
September 8, 2008

_____s/_____
NKEREUWEM UMOH, ESQ. (NU 7233)
Attorney for Plaintiff
255 Livingston Street
Brooklyn, New York 11217
(718) 360-0527

TO:   Harold Derschowitz, Esq.
      Lester, Schwab, Katz and Dwyer, LLP
      120 Broadway
      New York, NY 10271

Deborah Martin Norcross, Esq.

60 Marion Road West

Princeton, NJ 08540