UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JORDAN MANN,

                                         Plaintiff,

            -against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN HENDRICK
JAMIE MACDONALD DOES 1-10 Inclusive

                                    Defendants.
----------------------------------------------------------------x

**Docket No.: 07 CV 5691**

**PLAINTIFF'S RESPONSE TO MANAGERS OF TRUMP TOWER CONDOMINIUM AND JOHN HENRIQUES' FIRST NOTICE TO PRODUCE TO PLAINTIFF**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Jordan Mann, by her attorney, Nkereuwem Umoh, Esq., hereby responds to the Defendants' requests for Document as follows:

## GENERAL OBJECTIONS

1. Plaintiff will attempt to produce its non-privileged, non-objectionable responsive documents. However, Plaintiff reserves its right to produce documents alter the thirty-day time period.

2. Plaintiff shall respond to the requests as if directed only at documents within her possession, custody or control.

3. This response is based upon documents presently available to and located by plaintiff and is given without prejudice to plaintiff's right to produce additional documents at a later date should they become located and available as a result of subsequent review of its records or as a result of additional Investigation or discovery.

4. By producing or failing to produce some or all of the requested documents, Plaintiff does not concede the relevance or materiality of any request or the subject to which it relates.

5. Plaintiff objects to all requests to the extent they seek documents protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

6. Inadvertent production of privileged Information by Plaintiff shall not constitute waiver of any applicable privilege or doctrine, Including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, privilege and/or admissibility as evidence as such objections may apply at trial or otherwise in this action.

7. Plaintiff objects to the requests to the extent they can for a duplicate production of documents previously produced to Defendants.

8. Plaintiff objects to each and every request to the extent they call for information protected by the United States Constitution and any applicable statutes, including, but not limited to, the right of privacy.

## SPECIFIC OBJECTIONS

1. All documents, including e-mails, letters, correspondence, facsimiles, text, etc., referencing any communications between plaintiff and <u>any</u> of the defendants in the instant action, from the time plaintiff commenced employment with co-defendant PLUS ONE through the present;

**Response:**

Plaintiff is continuing to search for any and all emails response to this demand.

2. All documents memorializing any meetings, telephone conversations or any other communications had between the plaintiff and <u>any</u> of the defendants in the

instant action, from the time of the plaintiff's employment with the defendants up to and including the present;

**Response:**

Plaintiff directs the defendants to the CD included with these responses. Plaintiff has no other documents memorializing any meeting or conversations between any of the defendants and plaintiff.

      3. All documents, including attachments/exhibits thereto, submitted by the plaintiff to the Equal Employment Opportunity Commission regarding the instant matter, and all correspondence received by plaintiff from the Equal Employment Opportunity Commission in response thereto;

**Response:**

Plaintiff directs the Bates Stamped documents enclosed.

      4. All documents which the plaintiff received from <u>any</u> of the co-defendants in the instant action in response to and/or with regard to the plaintiff's charge of discrimination filed with the EEOC;

**Response:**

Plaintiff directs defendants to the Bates Stamped documents numbered _____.

5. All documents in your possession regarding any of the defendants in the instant action, including but not limited to e-mails, correspondence, facsimiles, texts, handwritten notations/diaries, manuals, etc.

**Response:**

Plaintiff directs the Bates Stamped documents enclosed.

6. All documents concerning any employment contracts and/or terms of employment between the plaintiff and <u>any</u> of the defendants in the instant action regarding the plaintiff's claims in the instant action;

**Response:**

Plaintiff directs the Bates Stamped documents enclosed.

7. All documents regarding any medical, hospital, psychiatric, treatment and/or healthcare received by the plaintiff by any Health Care Provider as a result of the claims set forth in the plaintiff's Second Amended Complaint;

**Response:**

Plaintiff directs the Bates Stamped documents enclosed.

8. The plaintiff's federal, state, and local income tax returns for the years 2005, 2006 and 2007;

**Response:**

Plaintiff has not filed her 2007 taxes. Plaintiff awaits copies of her 2005 and 2006 tax returns and will deliver them shortly thereafter.

9. All documents you may offer as evidence at trial;

**Response:**

Plaintiff has not yet determined the documents she may use at trial. She reserves the right to supplement this response.

10. All documents concerning any statements you have obtained concerning any of the factual allegations in this action;

**Response:**

Plaintiff directs the defendants to the CD included with these responses. Plaintiff also directs defendants to the enclosed documents.

11. A copy of any statement, oral or written, in the possession of plaintiff, of any party represented by the undersigned in this action;

**Response:**

Plaintiff directs the defendants to the CD included with these responses. Plaintiff has no other documents memorializing any meeting or conversations between any of the defendants and plaintiff.

12. Any photographs of the plaintiff depicting the plaintiff's hairstyle from the time she commenced her employment with co-

defendant, PLUS ONE, up to and including the date of her alleged termination of employment therewith.

**Response:**

Plaintiff is continuing to search for photographs responsive to this request and reserves the right to supplement this response.

Dated: Brooklyn, NY
       February 6, 2008

                                    Respectfully submitted,

                                    Nkereuwem Umoh
                                    255 LIVINGSTON STREET, 4TH FLOOR
                                    BROOKLYN, NEW YORK  11217
                                    Attorneys for Plaintiff
                                    Tele No.: (718) 360-0527
                                    E-mail: numoh@umohlaw.com

TO:
Harold J. Derschowitz
Attorneys for Defendants
BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, s/h/i as TRUMP WORLD TOWERS, and JOHN HENDRIQUES, s/h/i as JOHN HENDRICK
120 Broadway
New York, New York  10271
(212)  964-6611


DEBORAH MARTIN NORCROSS
MARTIN NORCROSS, LLC
110 WALL STREET, RCG SUITE 26th FLOOR
NEW YORK, NEW YORK  10004
Attorneys for Defendant
PLUS ONE FITNESS and
JAMIE MACDONALD
E-Mail: dmnorcross@martinnorcross.com