UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

JORDAN MANN,

                                    Plaintiff,

           -against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN HENDRICK
JAMIE MACDONALD DOES 1-10 Inclusive

                                 Defendants.

-----------------------------------------------------------------x

**Docket No.: 07 CV 5691**

**DEMAND FOR EXPERT WITNESS INFORMATION**

1. State the name and address of every expert retained or employed by you in anticipation of this litigation or preparation for trial whom you expect to call as a witness at the trial:

    (a)    The subject matter on which the expert is expected to testify;

    (b)    The substance of the facts and opinions to which the expert is expected to testify;

    (c)    A summary of the grounds for each such opinion;

    (d)    A brief chronological resume of the witness' educational background and professional background, including the associations or societies of which the expert is a member, and as to medical personnel, the name and addresses of all hospitals on whose staffs such experts are or where such medical experts have courtesy privileges or act as consultants;

    (e)    Whether such named expert will testify as an expert at the trial of this case.

**1. Response to No. 1:**

Plaintiff has not retained an expert at this time.

      2. With respect to any and all proposed medical expert witnesses, indicate:

      (a)     The area of expertise;

      (b)     Education background, including the names and addresses of each medical school attended;

      (c)     The names and addresses of each hospital to which an internship and residency was served and dates thereof;

      (d)     The names and addresses of each hospital/medical facility in which privileges of admitting patients are extended, and the nature of the privilege;

      (e)     The state or states in which this individual was licensed to practice medicine;

      (f)     Each state in which this individual is actively engaged in the practice of medicine;

      (g)     Societies which expert is a member of and date of each membership;

      (h)     The present board certifications and\or qualifications, if any, and the dates given to each proposed expert witness;

      (i)     The subject matter on which each expert is expected to testify, including each alleged departure from good and accepted medical practice to which said expert will testify;

      (j)     The substance of those facts and opinions to which each expert is expected to testify, including a summary of his or her grounds for each opinion.

**2. Response to No. 2:**

Plaintiff anticipates retaining a medical expert but has not retained one at this time.

      3. If you expect to call an economist or actuary, state:

      (a)     A specific description of the losses for which such calculations will be made (i.e., present value of the loss

        of future earnings, present value of loss of second job earnings, present value of future medical expenses, etc.)

(b)      The undiscounted amount of such loss;

(c)      The present value of the dollar amount of such loss;

(d)      The discount rate applied by such person to determine present value and the reason for such rate;

(e)      The number of years involved in such discounting process and opinions and facts on which the economist bases the determination of that number of years;

(f)      With regard to testing concerning a growth of future income on an annual or other basis at a projected rate of income greater than the income earned by the plaintiff when last employed, state the growth rate for such income as estimated by such person, the opinions and facts on which that estimate is based, and specifying the publication or matter in writing with sufficient specificity to permit its identification and location by defendant;

(g)      Specify each factor other than those which have been noted above, which the person has used in calculating the net amount of the present value of the loss and identify specifically the source material and page number on which such person bases his opinion or draws the facts on which he relied;

(h)      With regard to any information secured from any text, publication, graph, chart or study other than as already designated above upon which the expert relied in reaching his conclusions, describe or designate such publication or matter in writing with sufficient specificity to permit its identification and location by defendants;

(i)      In detail, state precisely the manner in which the person reached his or her conclusions, showing the mathematical calculations involved;

(j)      With regard to any report, memoranda, or any other matter in writing showing in whole or in part the expert's conclusions or the facts upon which such conclusions were based, state the date of such writing and the names and addresses of person(s) having copies of it.

**3. Response to No. :**

Plaintiff has not retained an economic expert and reserves the right to do so at a later date. Plaintiff will also provide the finding and report of the economic expert pursuant to the FRCP. Plaintiff also reserves the right to supplement or amend this response.

    4. State the names and addresses and qualifications of all expert witnesses and other persons known to you to have made studies or analysis as to the cause of the alleged injury involved herein.

**4. Response to No. 4:**

Plaintiff anticipates retaining an economic expert but has not retained one at this time and as such is unable to state the address and qualification of said expert.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
JORDAN MANN,

                    Plaintiff,

    -against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN HENDRICK
JAMIE MACDONALD DOES 1-10 Inclusive

                    Defendants.
-----------------------------------------------------------------x

**Docket No.: 07 CV 5691**

**REQUEST FOR PRODUCTION OF PARTY STATEMENTS**

**Response:**

Plaintiff has included an electronic copy of recorded statements of Jamie MacDonald.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

JORDAN MANN,

                              Plaintiff,

-against-

PLUS ONE FITNESS; TRUMP WORLD TOWERS "ROBERT" DOE; JOHN HENDRICK JAMIE MACDONALD DOES 1-10 Inclusive

                              Defendants.

-----------------------------------------------------------------x

**Docket No.: 07 CV 5691**

**REQUEST FOR NAMES AND ADDRESSES OF WITNESSES**

      1. All witnesses to the occurrences complained of and alleged in the plaintiff's Second Amended Complaint;

Robert "Doe."

John Henriques.

Jamie MacDonald.

Heather Davis.

Tom Nizsczak.

Bob Welter.

Chris Ciatto.

Michael Motta.

Chris Garcia.

      2. All witnesses regarding the nature and duration of the alleged condition(s) which form the basis of the plaintiff's Second Amended Complaint.

Robert "Doe."

John Henriques.

Jamie MacDonald.

Heather Davis.

Tom Nizsczak.

Bob Welter.

Chris Ciatto.

Michael Motta.

Chris Garcia.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
JORDAN MANN,

                        Plaintiff,

      -against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN HENDRICK
JAMIE MACDONALD DOES 1-10 Inclusive

                       Defendants.
----------------------------------------------------------------x

**Docket No.: 07 CV 5691**

**REQUEST FOR COLLATERAL SOURCE INFORMATION**

      1. All documents, bills, invoices, receipts or cancelled checks concerning indemnification, payment and/or reimbursements, in whole or in part, which plaintiff has received from collateral sources, including but not limited to insurance, disability benefits, social security, workers compensation, employee benefit programs, or any other source, for the cost of medical care, custodial care, rehabilitation services, loss of earnings and other economic loss which the plaintiff will claim as special damages in this action or which plaintiff will claim were incurred as a result of the occurrence alleged in this action;

**Response**:

Plaintiff received no medical care in response to the damages suffered during her employment with the defendants.

2. Where reimbursement was or is pursuant to a policy of any type, state the name of the policy holder, the policy number, and the name of the insurer of the policy; a list of claims submitted pursuant to the policy, and the amount of money received pursuant to each claim;

**Response**:

Plaintiff received no medical care in response to the damages suffered during her employment with the defendants.

3. Duly executed and acknowledged written HIPAA compliant authorizations directed to all persons, firms, or organizations which have reimbursed plaintiff for costs of medical care, custodial care, rehabilitation services, loss of earnings or other economic loss or other costs or to whom such claims have been submitted to obtain copies of the policies under which said payments or claims were made, copies of all checks and other indicia of payment, and copies of any claims submitted for payment.

**Response**:

Plaintiff received no medical care in response to the damages suffered during her employment with the defendants.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
JORDAN MANN,

                              Plaintiff,

          -against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN HENDRICK
JAMIE MACDONALD DOES 1-10 Inclusive

                             Defendants.
-----------------------------------------------------------------x

**Docket No.: 07 CV 5691**

**DEMAND FOR EMPLOYMENT RECORD AUTHORIZATIONS**

      **PLEASE TAKE NOTICE**, that pursuant to the Federal Rules of Civil Procedure, you are hereby required to furnish to the undersigned HIPAA compliant authorizations for all employment records referable to the plaintiff for five (5) years prior to the date of the incident to the present.

**Response:**

Plaintiff objects to this demand as being vague. Plaintiff is unaware of HIPAA compliant authorizations for employment records. Without waiving said objection, plaintiff states that 5 years prior to the date of the incident the only employer she worked for was Plus One. Fitness.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

JORDAN MANN,

          Plaintiff,

   -against-

PLUS ONE FITNESS; TRUMP WORLD TOWERS "ROBERT" DOE; JOHN HENDRICK JAMIE MACDONALD DOES 1-10 Inclusive

          Defendants.

----------------------------------------------------------------x

**Docket No.: 07 CV 5691**

**DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS**

  **PLEASE TAKE NOTICE,** that demand is hereby made upon plaintiff, JORDAN MANN, pursuant to Federal Rules of Civil Procedure 26, to produce and permit defendants or the undersigned attorneys of these defendants to inspect and copy the contents of:

  1. Each and every primary, contributing, umbrella and excess insurance policy affording coverage to the plaintiff and co-defendants on the date of loss.

**Response**:

Plaintiff is unaware of any such insurance coverage.


  2. Each and every primary, contributing umbrella and excess insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment.

**Response**:

Plaintiff is unaware of any such insurance coverage.

3. Each and every insurance agreement in which the insurer is or may be obligated to defend this action.

**Response**:

Plaintiff is unaware of any such insurance coverage.

4. A copy of the policy of insurance affording coverage to co-defendants PLUS ONE and JAMIE MACDONALD.

**Response**:

Plaintiff is unaware of any such insurance coverage.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
JORDAN MANN,

                              Plaintiff,

          -against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN HENDRICK
JAMIE MACDONALD DOES 1-10 Inclusive

                             Defendants.
----------------------------------------------------------------x

**Docket No.: 07 CV 5691**

**REQUEST FOR HOSPITAL INFORMATION**

**PLEASE TAKE NOTICE** that demand is hereby made upon the attorney for the plaintiff, that within thirty (30) days, he serve upon the undersigned duly executed HIPAA compliant authorizations addressed to any and all hospitals at which the plaintiff was confined allegedly as a result of the matter complained of.

**Response**:

Plaintiff was not confined to any hospital as a result of the matter complaint of herein.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
JORDAN MANN,

                                                Plaintiff,

               -against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN HENDRICK
JAMIE MACDONALD DOES 1-10 Inclusive

                                              Defendants.
----------------------------------------------------------------x

**Docket No.: 07 CV 5691**

**REQUEST FOR MEDICAL INFORMATION**

      **PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure, you are hereby required to serve and deliver upon the undersigned and all parties to the action, the following:

      1. The names and addresses of all physicians or other health care providers of every description who have previously consulted, treated or examined the plaintiff for each of the conditions allegedly caused by, or exacerbated by the occurrence described in the Second Amended Complaint, including the date of such treatment or examination.

**Response**:

Plaintiff did not consult a physician or health care provider.

2. Duly executed and acknowledged HIPAA compliant authorizations directed to any hospitals, clinics or other health care facilities in which the injured plaintiff herein was treated or confined due to the occurrence set forth in the Second Amended Complaint so as to permit the securing of a copy of the entire hospital record or records, including x-ray technicians' reports.

**Response**:

Plaintiff did not consult a physician or health care provider

3. Duly executed and acknowledged HIPAA compliant authorizations to allow this defendant to obtain the complete office medical records relating to the plaintiff of each health care provider identified in (1) above.

**Response**:

Plaintiff did not consult a physician or health care provider

4. Copies of all medical reports received from health care providers identified in (1) above. These shall include a detailed recital of the injuries and conditions of the plaintiff as to which testimony will be offered at the trial, referring to any identifying those x-ray and technicians' reports which will be offered at the trial.

**Response**:

Plaintiff did not consult a physician or health care provider

5. Duly executed and acknowledged HIPAA compliant authorizations to allow defendant to obtain pharmacy or drug store records with respect to any drugs prescribed for plaintiff from three (3) years prior to the occurrence described in the Second Amended Complaint to the present date.

**Response**:

Plaintiff objects to this demand as unduly burdensome and not reasonably calculated to lead to relevant information.

6. All HIPAA compliant authorizations for release of prescription records at all pharmacies filling prescriptions for medications and all treating chiropractors.

**Response**:

Plaintiff objects to this demand as vague, unduly burdensome and not reasonably calculated to lead to relevant information.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
JORDAN MANN,

                                                Plaintiff,

                -against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN HENDRICK
JAMIE MACDONALD DOES 1-10 Inclusive

                                                Defendants.
-----------------------------------------------------------------x

Docket No.: 07 CV 5691

**REQUEST FOR MAJOR MEDICAL/BLUE CROSS AUTHORIZATIONS**

      **PLEASE TAKE NOTICE** that demand is hereby made upon the attorney for the plaintiff, that within thirty (30) days, said attorney serve upon the undersigned duly executed authorizations properly addressed to those companies or entities providing Major Medical Coverage and/or Blue Cross Coverage or any similar or like coverage relative to expenses incurred for

medical care and treatment rendered to the plaintiff for the years 2003 to the present, and continuing.

**Response**:

Plaintiff objects to this demand as unduly burdensome and not reasonably calculated to lead to relevant information. Without waiving said objection, plaintiff will take this request under advisement and requests authorization forms for Major Medical Coverage and/or Blue Cross Coverage.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
JORDAN MANN,

                                      Plaintiff,

                -against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN HENDRICK
JAMIE MACDONALD DOES 1-10 Inclusive

                                  Defendants.
----------------------------------------------------------------x

**Docket No.: 07 CV 5691**

**DEMAND FOR INCOME TAX INFORMATION**

**PLEASE TAKE NOTICE,** that pursuant to the Federal Rules of Civil Procedure, plaintiffs are hereby required to produce for discovery, inspection and photostating, at the offices of the undersigned, 120 Broadway, New York, New York on the 30th day of January, 2008, at 10:00 a.m., in the forenoon of that day, the following documents:

1. Copies of the income tax returns filed by plaintiff and the W2 forms received by plaintiff and filed with the United States Government, New York State Government and the New York City Government for the years 2003 to present.

**Response**:

Plaintiff objects to this demand as unduly burdensome. A request for tax records from 2003 is too far back to be reasonably calculated to lead to relevant information. However, without waiving said objection, plaintiff states she has not filed taxes for 2007, and will provide authorizations for defendants to obtain taxes from 2006.

Dated: Brooklyn, NY
February 6, 2008

                                                              Respectfully submitted,
                                                              _____/s_____
                                                              Nkereuwem Umoh
                                                              255 LIVINGSTON STREET, 4TH FLOOR
                                                              BROOKLYN, NEW YORK  11217
                                                              Attorneys for Plaintiff
                                                              Tele No.: (718) 360-0527
                                                              E-mail: numoh@umohlaw.com

TO:
Harold J. Derschowitz
Attorneys for Defendants
BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, s/h/i as TRUMP WORLD TOWERS, and JOHN HENDRIQUES, s/h/i as JOHN HENDRICK
120 Broadway
New York, New York  10271
(212)  964-6611


DEBORAH MARTIN NORCROSS
MARTIN NORCROSS, LLC
110 WALL STREET, RCG SUITE 26th FLOOR
NEW YORK, NEW YORK  10004
Attorneys for Defendant
PLUS ONE FITNESS and

JAMIE MACDONALD
E-Mail: dmnorcross@martinnorcross.com