UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                    )
Jordan Mann,                        )   CIVIL ACTION NO.
                                    )
       Plaintiff,               )   07-CV-5691 (NRB/DF)
                                    )
v.                                  )
                                    )   **PLAINTIFF'S RESPONSES TO**
Plus One Fitness; Trump World       )
Towers; "Robert" Doe;               )
Jamie MacDonald;                    )   **DEFENDANTS PLUS ONE**
Does 1 – 10 inclusive,              )   **HOLDINGS, INC. and JAMIE**
                                    )   **MACDONALD FIRST SET**
       Defendant(s).            )   **OF INTERROGATORIES**
                                    )
_____

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Jordan Mann, by her attorney, Nkereuwem Umoh, Esq., hereby submits the following answers and responses to Defendant's first set of interrogatories by serving the written answers and responses thereto at the offices of defendants' attorneys, Deborah Martin Norcross, 309 West Park Avenue, Long Beach, NY 11561.

## GENERAL OBJECTIONS

    1.    Plaintiff objects to any Interrogatory and Requests that purports to impose upon Plaintiff any obligations not expressly set forth in the Federal Rules of Civil Procedure or the Local Civil Rules for the Southern District of New York.

    2.    Plaintiff objects to these Interrogatories and Requests to the extent that

they may be construed to seek information protected from disclosure by applicable 1egal privileges, including but not limited to the attorney-client privilege and work-product privilege. Privileged information will not be provided. Moreover, the inadvertent identification or production of any material protected by any privilege shall not constitute a waiver thereof, or of any other ground for objecting to discovery of such material, its subject matter or information contained therein or Plaintiff's right to object to the use of such material during any later proceeding.

      3.     Plaintiff objects to these Interrogatories and Requests to the extent they require the disclosure of confidential information. To the extent confidential information is otherwise relevant, responsive and/or subject to disclosure or production in response, it will be provided subject to, and after the parties have executed, an appropriate Stipulation of Confidentiality and Nondisclosure.

      4.     Plaintiff objects to these Interrogatories and Requests to the extent they are overly broad and unduly burdensome, outside the temporal scope of this action, request information that is not material and necessary in the prosecution or defense of this action and/or seek the identification of "all," "each" or "every" person(s) or document(s) concerning a particular subject.

      5.     Plaintiff objects to these Interrogatories and Requests to the extent they state assumptions of law and fact, which Plaintiff neither admits nor denies. The provision of any information or identification of documents by Plaintiff may not be construed as and is not an admission as to any of the facts or assumptions stated in any

Interrogatory or Requests.

6.      Plaintiff does not concede that any of its responses to these Interrogatories and or Requests will be admissible evidence at a trial of or other hearing in this action. Plaintiff does not waive any objection, on any ground, whether or not asserted herein, to the use of any such response at any trial or hearing.

7.      Plaintiff states that these responses are accurate as of the date made. These responses are given without prejudice to using or relying on at any trial or hearing subsequently discovered information or documents, or information or documents omitted from these responses, and Plaintiff reserves the right to supplement or amend these objections and responses as provided by the Federal Rules of Civil Procedure and to produce additional documents, facts and evidence at any trial or hearing and to object on appropriate grounds to introduction of any evidence included in these responses.

8.      Plaintiff objects to these Interrogatories and Requests to the extent that they seek any information or document that is not in Plaintiff's possession, custody or control or that is already in the possession, custody or control of Defendants or their counsel.

9.      The provision of any response or identification of any document is not and should not be deemed to be a waiver by Plaintiff of the above General Objections and any specific objection set forth in the responses.

### INTERROGATORY NO. 1

Please identify each person, other than your counsel in this action, who assisted in preparing your answers to these interrogatories, and provide the interrogatory numbers each person assisted in answering. Identify all documents concerning the information requested in this interrogatory.

### ANSWER

Plaintiff received no help in preparing her answers for these interrogatories.

### INTERROGATORY NO. 2

Please identify each person you believe has knowledge of any facts relating to this matter and give a detailed description of the knowledge you believe each person has. Identify all documents concerning the information requested in this interrogatory.

### ANSWER

Plaintiff refers defendants to the plaintiff's Rule 26 disclosure and the list of witnesses therein.  Plaintiff is continuing to search for witnesses, if any, responsive to this particular interrogatory and will respond accordingly.

Freddy Nicholas

Mike Murray

### INTERROGATORY NO. 3

Please identify each person you may call as a witness at the trial of this matter, and state with particularity the testimony to be given by that witness and the facts underlying or supporting that testimony. Identify all documents concerning the information requested in this interrogatory.

*ANSWER*

Plaintiff refers defendants to the plaintiff's Rule 26 disclosure and the list of witnesses therein. Plaintiff is continuing to search for witnesses, if any, responsive to this particular interrogatory and will respond accordingly.

*INTERROGATORY NO. 4*

Please identify any and all experts contacted or retained by you for the purposes of this litigation. For each such expert, please state his/her area of expertise and identify all reports rendered by such expert(s), as well as all documents received from, or provided to, such expert(s). If any reports rendered by such expert(s) were oral, please state the contents of the same in full.

*ANSWER*

No expert has been retained at this time.

*INTERROGATORY NO. 5*

For each separate count in your complaint, please state with particularity the nature, basis, amount, and manner of computation of all monetary relief and/or damages (including but not limited to attorneys' fees) you are seeking. Identify all documents concerning the information requested in this interrogatory.

*ANSWER*

Plaintiff claims $175,000.00 as economic and emotional damages. Plaintiff claims loss of income from 2006 to the present, totally approximately $70,000. She also claims emotional distress at $105,000.

### *INTERROGATORY NO. 6*

Please identify all documents, including but not limited to electronic mail, concerning any defendant or any of the factual allegations contained in your Second Amended Complaint.

### *ANSWER*

Plaintiff is continuing to search for documents responsive to this interrogatory,.

### *INTERROGATORY NO. 7*

Please identify each individual or entity, other than your counsel in this action, with whom you have had any communication concerning any defendant since January 1, 2006. Identify all documents concerning the information requested in this interrogatory.

### *ANSWER*

Equal Employment Opportunity Commission.

### *INTERROGATORY NO. 8*

Has any investigation been conducted by you or by anyone acting on your behalf with regard to your factual claims in this action? If so, as to each investigation state;

a.	the date and reason for such investigation;

b.	whether any record or report was made of it;

c.	the name, address, and telephone number of the person or organization conducting the investigation; and

d.    identify all documents concerning the information requested in this interrogatory.

*ANSWER*

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

### *INTERROGATORY NO. 9*

Please identify all documents you may offer as evidence at trial.

*ANSWER*

Plaintiff's employment file.

Plaintiff's EEOC complaint and defendant's position statement.

Plaintiff is continuing to search for documents responsive to this interrogatory.

### *INTERROGATORY NO. 10*

Have you obtained a statement from any person concerning any of the factual allegations in this action?   If yes, state:

a.    the name and address of the person who gave the statement and the date the statement was obtained;

b.    if written, whether signed by the person;

c.    if oral, the name and address of the person who obtained the statement, the date the statement was obtained, and a complete description of the contents of the statement; and

d.    identify all documents concerning the information requested in this interrogatory.

*ANSWER*

Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3

*INTERROGATORY NO. 11*

Please state your residential address(es) over the past ten (10) years and provide the dates during which you resided at each address.

*ANSWER*

Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3

*INTERROGATORY NO. 12*

Please state whether you have contacted, or attempted to contact, any current or former employee of Plus One or TWT, or any current or former resident of the Trump World Tower condominiums, regarding this case. If so, please identify each person you contacted or attempted to contact and state the date of each such contact or attempt to contact. Please also identify all documents concerning the information requested in this interrogatory.

*ANSWER*

Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3

*INTERROGATORY NO. 13*

Please describe any and all communications you have had regarding the possibility of filing, or the decision to file, a legal action against Plus One or TWT. Identify the date(s) and participants in each communication. Please identify all documents concerning the information requested in this interrogatory. If your response includes communications with your counsel in this action, please provide only the information required by *Fed. R. Civ. P. 26(b)(5)* and *Local Rule 26.2* as to those communications.

## *ANSWER*

Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3

## *INTERROGATORY NO. 14*

Please state whether you have ever charged another person or entity with a crime. If yes, please describe the charge in detail, state the date and complaint or docket number, the name and location of each court where the prosecution or conviction took place, and a full description of any and all pleas or verdicts entered and sentences imposed. Identify all documents concerning the information requested in this interrogatory.

## *ANSWER*

Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3

## *INTERROGATORY NO. 15*

Please identify all electronic mail in your possession or under your control to, from, or concerning any defendant.

## *ANSWER*

Plaintiff objects to this request have overbroad. However, she is continuing to search for any responsive to this interrogatory.

### INTERROGATORY NO. 16

Please state whether you have ever been charged with a crime. If yes, please describe the charge in detail and state the date and docket number of each prosecution or conviction, the name and location of each court where the prosecution or conviction took place, and a full description of any and all pleas or verdicts entered and sentences imposed. Identify all documents concerning the information requested in this interrogatory.

### ANSWER

Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3

### INTERROGATORY NO. 17

Please identify all documents concerning your employment with Plus One.

### ANSWER

Plaintiff's submissions to the EEOC.

Plaintiff's employment file.

### INTERROGATORY NO. 18

State whether you have applied for unemployment compensation benefits or other public assistance since the cessation of your employment with Plus One. If the answer is in the

affirmative, identify the agency or agencies to which such application was made and state with respect to each:

a.	the date of the application;

b.	any and all rulings by said agency;

c.	the weekly benefit rates;

d.	the period for which benefits were received;

e.	the total amount received; and

f.	identify each and every document that reflects or relates to the information requested in this Interrogatory.

### *ANSWER*

Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3

### *INTERROGATORY NO. 19*

If you contend that any party to this action has, at any time, made any admissions or statements against interest, state:

a.	the date of the admission;

b.	the name and address of the person making it;

c.	the name and address of the person or persons to whom it was made;

d.	set forth the nature of the admission or statement against interest in detail;

e.	state whether it was reduced to writing;

f.	the place where the admission or statement against interest was made;

g.     names and addresses of the persons present when it was made; and

h.     identify all documents concerning the information requested in this interrogatory.

### *ANSWER*

Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3

### *INTERROGATORY NO. 20*

Identify each and every employment (including self-employment and independent contractor activities) you have had during the past ten (10) years, listing the current or last known address and telephone number of each employer, and state the following:

a.     the dates of each such employment;

b.     the job title(s) held by you and the duties performed during each such employment;

c.     your rate(s) of pay (include bonuses, if any) and any employee benefits received by you during each such employment;

d.     the reasons for the termination or conclusion of each such employment, if applicable, including but not limited to a statement as to whether the severance of such employment was voluntary or involuntary; and

e.     identify all documents concerning the information requested in this Interrogatory.

### *ANSWER*

Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3

## *INTERROGATORY NO. 21*

Please state whether any record or document, including but not limited to telephone records and electronically stored information, that relates to any issue in this action has been altered or destroyed. If so:

a.  identify and describe the record or document;

b.  describe in detail the nature of the alteration or the manner of destruction;

c.  provide the date of the alteration or destruction;

d.  identify each person who participated in or authorized the alteration or destruction; and

e.  identify all documents concerning the information requested in this interrogatory.

## *ANSWER*

Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3

## *INTERROGATORY NO. 22*

Identify each and every employer or potential employer that you contacted in search of employment, and describe any other efforts made by you to obtain employment, since the cessation of your employment with Plus One. For each such employer or potential employer, state:

a.  the date of each contact;

b. the exact nature of each potential employment;

c. the rate or range of pay for each potential employment;

d. whether you were offered employment, and if so, the nature and/or title of the job offered;

e. whether you rejected such offer, and if so, the date of, and reason for, each rejection; and

f. attach a copy of each and every document that reflects or relates to the information requested in this Interrogatory.

### *ANSWER*

Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3

### *INTERROGATORY NO. 23*

Identify each and every physician, psychologist, social worker, counselor, or other health care professional who has treated you within the last ten (10) years and specifically identify:

a. the dates of any consultation, examination and/or periods of treatment;

b. the purpose of each such consultation, examination and/or periods of treatment;

c. whether any written report or memorandum was prepared by such individual concerning the consultation, examination and/or treatment; and

d. identify all documents concerning the information requested in this interrogatory.

### *ANSWER*

Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3

### *INTERROGATORY NO. 24*

Please state your full name, present address, your date and place of birth, your Social Security number, your driver's license number and, if you have ever been known by any other name, please state all the names by which you have been known, the dates of use of each such name, and the reasons for any change of name. Identify all documents concerning the information requested in this interrogatory.

### *ANSWER*

Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3

### *INTERROGATORY NO. 25*

If you have ever been a party in any civil legal action, including workers' compensation and administrative claims, state: the date and place of each such matter; whether you were the plaintiff, defendant, charging party, or other; the name of the forum; the parties involved, the docket number; the names of attorneys representing each party; a description of the nature of each such matter; the disposition of each such matter; whether there was an appeal and, if so, the result thereof including the name and citation of each case reported; and the amount of any settlement or judgment obtained in each such matter. Identify all documents concerning the information requested in this interrogatory.

### *ANSWER*

Plaintiff objects to this Interrogatory as being overly broad, unduly burdensome, vague and outside the scope of Local Civil Rule 33.3.

## INTERROGATORY NO. 26

Have you been admitted to any hospital or other psychiatric or medical institution in the past ten (10) years? If so, please state:

a. the full name and address of each such hospital or other institution;

b. the dates of your confinement to each such hospital or other institution;

c. the reason for your confinement in such hospital or other institution; and

d. identify all documents concerning the information requested in this interrogatory.

### ANSWER

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996).

## INTERROGATORY NO. 27

Please identify any and all witnesses to the alleged incident you describe in paragraphs 21 through 23 of your Second Amended Complaint. If none, so state.

### ANSWER

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996)

## INTERROGATORY NO. 28

Please identify any and all witnesses to the alleged incident you describe in paragraph 25 of your Second Amended Complaint. If none, so state.

### ANSWER

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996)

### INTERROGATORY NO. 29

Please identify any and all witnesses to the alleged incident you describe in paragraphs 26 through 28 of your Second Amended Complaint. If none, so state.

### ANSWER

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996)

### INTERROGATORY NO. 30

Please identify any and all witnesses to the alleged incident you describe in paragraph 29 of your Second Amended Complaint. If none, so state.

### ANSWER

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996)

### INTERROGATORY NO. 31

Please identify any and all witnesses to the alleged incident you describe in paragraph 30 of your Second Amended Complaint. If none, so state.

### ANSWER

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996)

### *INTERROGATORY NO. 32*

Please identify any and all witnesses to the alleged incident you describe in paragraph 31 your Second Amended Complaint. If none, so state.

#### *ANSWER*

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996)

### *INTERROGATORY NO. 33*

Identify all documents provided or received by you to or from the Equal Employment Opportunity Commission.

#### *ANSWER*

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996)

### *INTERROGATORY NO. 34*

Do you allege that any defendant acted as or on the behalf of a governmental entity? If yes, state which defendant acted on behalf of which governmental entity, and identify all documents concerning that allegation.

#### *ANSWER*

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996)

Dated: February 4, 2008

                Yours, etc.

                Nkereuwem Umoh
                255 Livingston Street, 4th Floor
                Brooklyn, NY 11217
                718-360-0527

State of New York

County of Kings

Personally appeared before me, the undersigned authority, Jordan Mann, who after having been first duly sworn, stated on oath that the maters and facts set forth in the above action and foregoing Answers to Interrogatories are true and correct to the best of his knowledge, information and belief.

                _____

Sworn to and subscribed before me this _____ day _____of 2008

### **CERTIFICATE OF SERVICE**

I, Nkereuwem Umoh, attorney for plaintiff in the above styled and numbered civil action, do hereby certify that I have this day e-mailed, postage prepaid, a true and correct copy of

the above an foregoing Plaintiff's Responses to Defendants' First Set of Interrogatories to

U.S. Post Office for records to the following counsel of record:

Deborah Martin Norcross, Esq.
**MARTINNORCROSS LLC**
110 Wall Street
RCG Suite, 26th Floor
New York, NY 10004
    -and-
60 Marion Road West
Princeton, NJ 08540
(609) 249-5860
(609) 945-3912 Fax

Harold J. Derschowitz, Esq.
LESTER SCHWAB KATZ & DWYER, LLP
120 Broadway
New York, NY 10271
hderschowitz@lskdnylaw.com


Dated:  this the 4th Day of February 2008.

                                        _____
                                        Nkereuwem Umoh, Esq. (NU 7233)