UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Jordan Mann, | ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) ) | 07-CV-5691 (NRB/DF) |
| v. | ) ) ) | DECLARATION IN |
| Plus One Fitness; Trump World Towers; "Robert" Doe; Jamie MacDonald; Does 1 – 10 inclusive, | ) ) ) ) | FURTHER SUPPORT OF DEFENDANTS' MOTION TO PRECLUDE OR COMPEL |
| Defendant(s). | ) ) ) | |

DEBORAH MARTIN NORCROSS, ESQ., counsel for Defendants Plus One Holdings, Inc., s/h/a/ Plus One Fitness, and Jamie Macdonald (henceforth collectively "Plus One Defendants"), respectfully submits this certification in further support of the Plus One Defendants' motion to preclude or compel under Fed. R. Civ. P. 37(b)(2) and (c) and 37(a).

## INTRODUCTION

Requests have been submitted to the Court seeking rejection of Plaintiff's untimely opposition papers or, alternatively, a two day extension of time to respond to them given that Plaintiff filed her papers late, and in the middle of the night, knowing that defense counsel would be engaged in depositions in this case (those depositions also having been untimely sought) and thus unable to review or respond to them. In the absence of a ruling as to those requests, and reserving their right to supplement if permitted, the Plus One Defendants respectfully submit this brief response rather than allow the most egregious of Plaintiff's misrepresentations to go unremarked.

## PLAINTIFF'S OPPOSITION IS UNTIMELY AND SHOULD BE DISREGARDED

1. The Plus One Defendants filed their motion on August 28, 2008. Under Local Rule 6.1(a), Plaintiff's opposition, if any, was due seven (7) calendar days later, on September 4, 2008.

2. Plaintiff did not file any opposition papers, or request an extension of time to do so, before her time had expired.

3. Plaintiff did not communicate with counsel for any defendant at all regarding the motions.

4. On September 5, the day after Plaintiff's papers were due but not submitted, counsel for co-defendants submitted a written request that the Court treat the motion as unopposed.

5. On September 9, 2008, following the deposition of a defense witness by Plaintiff, her counsel announced that he had made *ex parte* contact with the Court on Friday, September 5, to request an extension and that said extension had been granted. Counsel was unable to identify the person with whom he allegedly spoke, and no written confirmation from either counsel or the Court regarding the alleged extension has been received.

6. Since Plaintiff failed to file a timely opposition, and since no record of any request for an extension having been made or granted has been provided, the Plus One Defendants respectfully submit that Plaintiff's opposition should be disregarded and defendants' motions to preclude should be granted.

## PLAINTIFF'S "CROSS-MOTION" IS IMPROPER

7. In her untimely opposition, Plaintiff purports to assert a cross-motion regarding a portion of a "powerpoint" document used as an exhibit in her deposition. The Court cannot

consider this cross-motion because Plaintiff never complied with any of the pre-motion discovery dispute resolution requirements mandated by Fed. R. Civ. P. 37 and Local Rule 37.2.

8. Fed. R. Civ. P. 37(a)(1) provides: "The motion must contain a certification that the movant has in good faith conferred … in an effort to obtain [disclosure or discovery] …. Plaintiff provided no such certification, and could not have done so because her lawyer made no effort to satisfy this requirement.

9. Local Rule 37.2 provides: "No motion under Rules 26 through 37 inclusive … shall be heard unless counsel for the moving party has first requested an informal conference with the court …" Plaintiff made no such request.

10. Accordingly, Plaintiff's cross-motion is improper and must be rejected.

## PLAINTIFF'S MISREPRESENTATIONS

Plaintiff attempts to deflect the Court's attention from her own serious disregard for her discovery obligations and the rules of this Court by making multiple inaccurate assertions in both her counsel's affirmation and memorandum. The most egregious of these inaccuracies are corrected as follows:

11. In ¶3 of Plaintiff's counsel's certification, he seeks preclusion of documents he claims defendants did not produce during discovery. The only documents not produced have been documents the need for which could not have been known at the time of initial disclosures and which were never requested by Plaintiff.

12. In ¶4 of Plaintiff's counsel's affirmation, he states that efforts to meet and confer have been rebuffed. This assertion is untrue, as counsel has made no such efforts at all.

13. In ¶8 of counsel's affirmation, he states that defendants "refused to accept plaintiff's interrogatories and document requests." This assertion is untrue. To the contrary, after counsel failed to comply with the initial scheduling order, defendants agreed not to, and did not, oppose her request for an extension.

14. In ¶9, counsel denies advising Plus One to accept the documents produced to co-defendants as responsive also to Plus One's requests. This assertion is untrue, because that is what counsel advised. The remainder of that paragraph makes no sense to this declarant, except that the multiple demonstrable conferences and written communications that have occurred in this case over discovery put the lie to any argument Plaintiff may assert that she did not have ample opportunity to raise any discovery concerns she may have had.

15. Given the inordinate number of conferences and letters, and e-mails, exchanged among counsel and the Court, counsel's claim in ¶11 that defendants did not meet and confer cannot be credited.

16. Although entirely immaterial to the motions before the Court, counsel did not serve additional discovery on April 4 as he states in ¶13, even though your declarant consented to his request for an extension of time to permit him to do so. He did serve them on May 16; they were responded to on June 6 (not June 15 as counsel states).

17. Counsel's statement in ¶16 that he informed defense counsel on June 10 that Plaintiff was working in Guam is simply untrue. Moreover, there has never been a single instance where this declarant has failed to respond to a call received from Plaintiff's counsel.

18. Your declarant did not, as counsel states in ¶19, make any request for an extension of the discovery deadline. As the Court knows, my request was for a scheduling courtesy

relating solely to the filing deadline for dispositive motions necessitated by my preexisting vacation plans and Plaintiff's repeated failure to comply with discovery and deposition deadlines, her concealment of her residence and employment in Guam, and the Court's relaxing of the rules to permit Plaintiff to be deposed after the close of discovery when she would be in New York.

19. The inaccuracy of counsel's assertions in ¶21 -- which also are immaterial to the subject motions -- can easily be ascertained by the deposition transcript itself at page 295, attached in whole as Exhibit 21 to the August 28, 2008 affirmation of Harold Derschowitz. This declarant sought an off-the-record discussion – not with the deponent but with counsel – to avoid embarrassing counsel on the record. Counsel's characterization of this entirely standard practice among experienced litigators defies credulity.

20. For the reasons set forth above, in the Plus One Defendants' previous submissions, and in the affirmation and memorandum of law of our co-defendants which we incorporate by reference in support of the Plus One Defendants' motion, your declarant respectfully submits that Plaintiff's untimely opposition, and her untimely and improper cross-motion, should be disregarded, and that the motion of the Plus One Defendants should be granted.

I certify under the penalties of perjury that the foregoing is true and correct to the best of my knowledge.

    Respectfully submitted,

    **/s/ Deborah Martin Norcross**

    Deborah Martin Norcross (DN0289)

Dated: September 10, 2008

7 | P a g e

**CERTIFICATE OF SERVICE**

I certify that on the 10th day of September, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Nkereuwem Inyang Umoh, Esq.
Chidi Eze, Esq.
Attorneys for Plaintiff
255 Livingston Street, 4th Floor
Brooklyn, NY 11217
numoh@numohlaw.com


Harold J. Derschowitz, Esq.
LESTER SCHWAB KATZ & DWYER, LLP
Attorneys for Defendants Board of Managers of Trump World Tower Condominium and John Henriques
120 Broadway
New York, NY 10271
hderschowitz@lskdnylaw.com

By:   **/s/ Deborah Martin Norcross**
Deborah Martin Norcross (DN0289)

September 10, 2008