UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JORDAN MANN,

            Plaintiff,

      -against-

PLUS ONE FITNESS; TRUMP WORLD TOWERS
"ROBERT" DOE; JOHN HENRIQUES, JAMIE
MACDONALD, DOES 1-10

           Defendants.
------------------------------------------------------------------------X

Index No.: 07 CV 5691(NRB)(DF)

**CERTIFICATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO PRECLUDE OR COMPEL AND IN SUPPORT OF HER MOTION TO PRECLUDE**

NKEREUWEM UMOH, an attorney duly licensed to practice law in the United States District Court of the Southern District of New York, affirms the following under penalties of perjury based upon a review of the file and upon information and belief.

1. I'm an attorney admitted to practice in the State of New York and am the attorney for the Plaintiff in this action.

2. I'm familiar with the relevant facts and circumstances in this matter from discussions with my client and documents maintained in my office.

3. I submit this certification in support of plaintiff Jordan Mann's opposition to Defendants' motion to preclude or compel and their motion for sanctions. This affirmation is also submitted to preclude defendants' from using documents they failed to produce during the course of discovery.

4. This motion is necessary because all efforts by plaintiff's to meet and confer with the defendants have been rebuffed.

1

5. By way of background, this action was commenced by Jordan Mann on June 2007. It stems from her employment at Plus One Inc, ("Plus One") and Trump World Towers ("Trump"). Plaintiff alleges in her Third Amended Complaint that Plus One and Trump unlawfully terminated her based on her race. An initial conference was held in this matter on December 7, 2008, where a scheduling order was entered into. Said Order set a discovery deadline of April 15, 2008. Interrogatories and document requests were to be served by January 7, 2008.

6. On January 7, 2008 defendants Trump served 32 interrogatories as well as several document requests on plaintiff. Trump's interrogatories are attached as Trump Defendants' Exhibit 2 and document requests are attached as Exhibit 3. Their combined discovery demands ("demands") are attached as Exhibit 4. Plaintiff's responses to these discovery requests are attached as plaintiff's Exhibit 2, 3, and 4 respectfully.

7. On January 7, 2008 defendants Plus One served 34 interrogatories and several document requests on plaintiff. See Plus One defendants' Exhibit 1 and Exhibit 2. Plaintiff's responses are attached as Plaintiff's Exhibit 5 and 6 respectfully.

8. I failed to serve plaintiff's interrogatories and document requests by January 7, 2008 and the defendants refused to accept plaintiff's interrogatories and document requests. I sought and was granted leave by this Court to serve the defendants with plaintiff's discovery requests on January 18, 2008.

9. On February 4, 2006 I served responses to Plus One's first set of interrogatories and document requests. I never advised Plus One to accept documents produced to Trump Defendants as responsive to Plus One Defendants discovery requests.

Plus One's Exhibit 6 fails to support that contention. The Exhibit does reference Ms. Norcross's resistance to any communications between the undersigned and counsel for Trump, hampering any effort to meet and confer over discovery disputes. See also Exhibit P, which followed plaintiff's attempts to meet and confer with counsel for Trump. Ms. Norcross objected to any conversations with Mr. Derschowitz on the basis that there are cross claims between the parties. However, co-defendants continued to confer amongst themselves.

10. On February 5, 2008, counsel for Plus One Defendants, Ms. Norcross, emailed me with her concerns regarding plaintiff's responses to Plus One Defendants' interrogatories and document requests. Ms. Norcross demanded "full and complete responses" to defendants' requests. Her email did not detail the specific objections to plaintiff's responses. See Plaintiff's Exhibit G.

11. On February 6, 2008, I wrote to counsel for Plus One reminding her of the parties' duties o meet and confer regarding any discovery disputes. I also requested a deficiency letter. However, counsel or Plus One took this request as "as evidence of an intent to obstruct discovery and to improperly inflate the costs of litigation to these two defendants." See Exhibit H. No effort was made by any of the defendants to meet and confer regarding the discovery disputes other than emails demanding plaintiff's response.

12. On March 25, 2008 I sought an extension to serve additional discovery. All the parties needed the discovery to enable us to conduct the depositions of plaintiff and defendants. Discovery was extended to June 30, 2008.

13. On April 4, 2008 I serve additional discovery demands on Plus One. However, they failed to respond to these demands on time. Counsel for Plus One falsely states that plaintiff's counsel did not meet the extended date we set in the scheduling order when she is well aware of ample evidence to the contrary. Attached as Exhibit I are emails exchanged between the parties. They reference plaintiff's discovery demands that were served on April 4, 2008, and that Plus One missed the deadline and serve their responses on June 15, 2008.

14. On May 9, 2008, **three months** after the undersigned requested a deficiency letter, counsel for Plus One served plaintiff with one. However, the letter failed to specify how plaintiff's responses were deficient. The merely called for plaintiff to immediately respond to the discovery demands. For example:

> Interrogatory No. 15: Plaintiff has not answered this interrogatory, and has had more than sufficient time now within which to do so. The burdensome objection is specious. Please correct and supplement Plaintiff's answer to this interrogatory.
>
> Interrogatory No. 16: There is no good faith basis for refusing to provide the requested information regarding Plaintiff's criminal history. Unless she has been charged repeatedly, your burdensome objection is improper, and there is nothing overly broad or vague about the interrogatory, which goes to Defendants' ability to conduct third-party discovery relating to pattern, credibility, and damages. Plaintiff's objections therefore are spurious. Please correct and supplement Plaintiff's answer to this interrogatory.

15. Because of these discovery disputes, the defendants adjourned the depositions of the parties.[1]

---

[1] Defendants for the first time concede that they had adjourned or cancelled previous depositions, not plaintiff in a unilateral act, as previously represented to the Court. They also admit that part of the reason they sought this adjournment was to accommodate Trump Defendants to allow them to turn over outstanding discovery, not solely, plaintiff's purported refusal to respond to discovery requests.

16. Plaintiff's counsel also informed the defendants in May that she was in Guam. And during our June 10, 2008 conference we informed the defendants that she plaintiff was working in Guam. The correspondence from Mr. Eze and the undersigned are not contradictory but rather complement each other.  Mr. Eze explains that the deposition cannot go forward, as I do in my email to the defendants.  Mr. Eze also asks for the defendants to call him back because they are issues concerning the case that he wishes to discuss with them.  However, as is the practice of defendants, they never called him back.  I wrote to the defendants to let them know that plaintiff cannot appear because she is out of the district. See Plus One's Exhibit 11.

17. Throughout the discovery period, the plaintiff turned over various documents to the defendants, such as plaintiff's 2004 and 2005 taxes, See Exhibit her pay stubs from her employment at the PIC resort.  See Exhibit J and Plus One's Exhibit 24.

18.  May 30, 2008 Trump served the plaintiff with a second set of interrogatories that numbered 31 in total.  Plaintiff rejected these interrogatories because they were untimely pursuant to the scheduling order, and at 31, brought the total number of interrogatories served to 63.  The interrogatories were also served before all other discovery had been completed, in violation of Local Civil Rule 33.3.

19. On July 9, 2008 Counsel for Plus One requested an extension of the discovery schedule to allow her to serve dispositive motions 30 days after the close of fact discovery.  Said motion was granted, allowing defendants to serve summary judgment motions by September 30, 3008.  Fact discovery thus ended on August 30, 2008.

20. By August 4, 2008 Plaintiff had turned over turned over authorizations to all treating facilities and other relevant organizations. It is unclear whether the defendants' merely assume that they will not be able to obtain the records based on the authorizations given to them or said authorizations have actually been rejected. The defendants have failed to attach any proof, such as a rejection letter, indicating that the authorizations are deficient. Attached as Exhibit K is a letter received from Doctor Retha Buck in response to an authorization send to her office. The authorization plaintiff used only differs in that in directs all records to me sent to the undersigned. Plaintiff is awaiting the medical records.

21. Plaintiff's deposition was held on August 12, 2008. During the depositions, counsel for Plus One engaged in improper conduct by launching personal attacks against the undersigned, and attempting several times to have off the record conversations with plaintiff despite my objections and directing the Court reporter to cease transcribing during certain conversations, again over plaintiff's objections. Plus One's counsel only stopped when I began to tape record the conversation. Counsel for Plus One also refused to give plaintiff break down of the hours they planned to depose her for and stated she was entitled to use the hours that co-defendants didn't use.

22. However, despite counsel's behavior, plaintiff allowed the deposition to go forward. Ms. Norcross concluded, stating that the deposition may have to be reopened pending the resolution of this motion. No mention was made of any allegedly obstructive conduct on the part of plaintiff's counsel as reason to call plaintiff back. The deposition began at 10:00am and concluded at 9:00pm.

6

WHEREFORE, plaintiff respectfully request that the Honorable Court grant this motion in its entirety and grant such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
       September 8, 2008

                              _____s/_____
                              NKEREUWEM UMOH, ESQ. (NU 7233)
                              Attorney for Plaintiff
                              255 Livingston Street
                              Brooklyn, New York 11217
                              (718) 360-0527

TO:    Harold Derschowitz, Esq.
         Lester, Schwab, Katz and Dwyer, LLP
         120 Broadway
         New York, NY 10271

         Deborah Martin Norcross, Esq.
         60 Marion Road West
         Princeton, NJ 08540