UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| _____ ) | | |
| Jordan Mann, ) | | CIVIL ACTION NO. |
| ) | | |
| Plaintiff, ) | | 07-CV-5691 (NRB/DF) |
| ) | | |
| v. ) | | |
| ) | | **PLAINTIFF'S RESPONSES TO** |
| Plus One Fitness; Trump World ) | | |
| Towers; "Robert" Doe; ) | | |
| Jamie MacDonald; ) | | **DEFENDANTS TRUMP WORLD TOWER** |
| Does 1 – 10 inclusive, ) | | **and JOHN HENRIQUES'S FIRST SET** |
| ) | | **OF INTERROGATORIES** |
| Defendant(s). ) | | |
| ) | | |
| _____ | | |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Jordan Mann, by her attorney, Nkereuwem Umoh, Esq., hereby submits the following answers and responses to Defendant's first set of interrogatories by serving the written answers and responses thereto at the offices of defendants' attorneys, Harold Derschowitz, 120 Broadway, New York, NY 10271.

## GENERAL OBJECTIONS

1.     Plaintiff objects to any Interrogatory and Requests that purports to impose upon Plaintiff any obligations not expressly set forth in the Federal Rules of Civil Procedure or the Local Civil Rules for the Southern District of New York.

2.     Plaintiff objects to these Interrogatories and Requests to the extent that they may be construed to seek information protected from disclosure by applicable 1egal privileges,

including but not limited to the attorney-client privilege and work-product privilege. Privileged information will not be provided. Moreover, the inadvertent identification or production of any material protected by any privilege shall not constitute a waiver thereof, or of any other ground for objecting to discovery of such material, its subject matter or information contained therein or Plaintiff's right to object to the use of such material during any later proceeding.

3.     Plaintiff objects to these Interrogatories and Requests to the extent they require the disclosure of confidential information. To the extent confidential information is otherwise relevant, responsive and/or subject to disclosure or production in response, it will be provided subject to, and after the parties have executed, an appropriate Stipulation of Confidentiality and Nondisclosure.

4.     Plaintiff objects to these Interrogatories and Requests to the extent they are overly broad and unduly burdensome, outside the temporal scope of this action, request information that is not material and necessary in the prosecution or defense of this action and/or seek the identification of "all," "each" or "every" person(s) or document(s) concerning a particular subject.

5.     Plaintiff objects to these Interrogatories and Requests to the extent they state assumptions of law and fact, which Plaintiff neither admits nor denies. The provision of any information or identification of documents by Plaintiff may not be construed as and is not an admission as to any of the facts or assumptions stated in any Interrogatory or Requests.

6.       Plaintiff does not concede that any of its responses to these Interrogatories and or Requests will be admissible evidence at a trial of or other hearing in this action. Plaintiff does not waive any objection, on any ground, whether or not asserted herein, to the use of any such response at any trial or hearing.

7.       Plaintiff states that these responses are accurate as of the date made. These responses are given without prejudice to using or relying on at any trial or hearing subsequently discovered information or documents, or information or documents omitted from these responses, and Plaintiff reserves the right to supplement or amend these objections and responses as provided by the Federal Rules of Civil Procedure and to produce additional documents, facts and evidence at any trial or hearing and to object on appropriate grounds to introduction of any evidence included in these responses.

8.       Plaintiff objects to these Interrogatories and Requests to the extent that they seek any information or document that is not in Plaintiff's possession, custody or control or that is already in the possession, custody or control of Defendants or their counsel.

9.       The provision of any response or identification of any document is not and should not be deemed to be a waiver by Plaintiff of the above General Objections and any specific objection set forth in the responses.

# INTERROGATORIES

1. Set forth the plaintiff's present residence and her residence at the time of the commencement of the within lawsuit, if different;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

2. Set forth the plaintiff's social security number;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

3. Set forth by chapter, article, section and paragraph each statute, constitution, ordinance, rule or regulation, if any, which it is claimed each defendant violated;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

4. Set forth the basis of the plaintiff's claim that defendants BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, knew that plaintiff had an at-will contract of employment with PLUS ONE, as alleged in plaintiff's Second Amended Complaint, and when said defendants were apprised of same, setting forth each such occasion, the time and location of same, and the identity of the person(s) providing such information;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

5. Set forth the basis of the plaintiff's claim that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, intentionally and arbitrarily procured the breach of plaintiff's at-will contract of employment with PLUS ONE, as alleged in the plaintiff's Second Amended Complaint, setting forth the date, time and location of same and identifying all persons participating in same;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

6. Set forth the basis of the plaintiff's claim that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, terminated the plaintiff's employment with PLUS ONE, as alleged in plaintiff's Second Amended Complaint, setting forth the date, time and location of any action(s) allegedly undertaken by said defendants and the nature of said actions, and identifying all persons that were present and/or participating with regard thereto;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

7. Set forth the basis of the plaintiff's allegation that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES,

acted in violation of a duty owed to plaintiff, and set forth the exact nature of any such duty and list all alleged violations of said duty by said defendants, including the time, date and location of same, as well as the nature of said acts;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

       8.    Set forth the basis of the plaintiff's allegation that her employment was terminated on the basis of race and national origin, as alleged in the plaintiff's Second Amended Complaint;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

       9.    Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in bad faith regarding the termination of the plaintiff's employment, setting forth the date, time and location of any such acts and the person(s) participating in same;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

10. Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in self-interest regarding the termination of the plaintiff's employment, setting forth the date, time and location of any such acts and the person(s) participating in same;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

11. Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in malice regarding the termination of the plaintiff's employment, setting forth the date, time and location of any such acts and the person(s) participating in same;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

12. Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in personal animosity regarding the termination of the plaintiff's employment, setting forth the date, time and location of any such acts and the person(s) participating in same;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

13. Set forth each and every instance in which the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted in bad faith, self-interest, malice and personal animosity toward the plaintiff, on and prior to June 16, 2006;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

14. Set forth in detail the nature of the special and confidential relationship between the plaintiff and defendant PLUS ONE as alleged in the plaintiff's Second Amended Complaint;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

15. Set forth the manner in which any alleged acts by the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, towards the plaintiff, were not justified, as alleged in the plaintiff's Second Amended Complaint;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

16. Set forth the basis for the plaintiff's allegation that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, terminated the plaintiff's employment, as alleged in plaintiff's Second Amended Complaint, and set forth the date, time and location of any such act and the persons participating in same;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

17. Set forth the basis of the plaintiff's allegation that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, acted outside the boundaries of their employment and relationship with PLUS ONE, as alleged in plaintiff's Second Amended Complaint, setting forth the date, time and location of each and every such "act" alleged and the persons participating in same;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

18. Set forth the basis of the plaintiff's claim that the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, intentionally and tortuously interfered with the plaintiff's Contract of Employment with PLUS ONE, as alleged in the plaintiff's Second Amended Complaint, setting forth the date, time and

location of each and every alleged act of interference with said Contract of Employment, and identifying the persons participating in same;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

19. Set forth the basis of the plaintiff's claim that the acts of the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, were callous, reckless, willful and in total disregard of plaintiff's rights, as alleged in the plaintiff's Second Amended Complaint, setting forth the date, time and location of each and every "act" alleged and the persons participating in same;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

20. Set forth the basis of the plaintiff's claim to entitlement for punitive damages against the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, as alleged in the plaintiff's Second Amended Complaint;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

21. Set forth the basis of the plaintiff's claim that any alleged acts by the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM and JOHN HENRIQUES, resulted in the termination of the plaintiff's employment;

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

22. Identify each Health Care Provider who rendered treatment to plaintiff for the injuries/damages alleged in the plaintiff's Second Amended Complaint;

**Response:**

Plaintiff did not treat any Health Care Provider for the injuries alleged in her second amended complaint.

23. Identify all documents concerning any medical treatment rendered to plaintiff for the injuries/damages alleged in plaintiff's Second Amended Complaint;

**Response:**

Plaintiff did not treat any Health Care Provider for the injuries alleged in her second amended complaint.

24. Set forth whether plaintiff ever met with the defendants, JOHN HENDRIQUES and BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, at any time on or prior to June 16, 2006, and if so, provide the following:

(a) The date, time and location of any such meeting(s);
(b) The participants in any such meeting(s);

    (c)  The sum and substance of any matters discussed at said meeting(s);

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

  25. Set forth whether the plaintiff sent any written correspondence to the defendants, JOHN HENDRIQUES and BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, on or prior to June 16, 2006, and if so, indicate the following:

    (a)  The date(s) of any such correspondence;

    (b)  The format of any such correspondence (i.e. letter, e-mail, facsimiles, text, etc.);

    (c)  The sum and substance of any such correspondence.

**Response:**

Plaintiff objects to this interrogatory as outside of the scope permitted by Local Civil Rules 33.3

  26. Set forth whether the plaintiff received any written correspondence from the defendants, JOHN HENRIQUES and BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, on or prior to June 16, 2006, and if so, set forth the following:

    (a)  The date of said correspondence(s) and from whom same was received;

    (b)  The type of correspondence(s) received (i.e. e-mail, facsimile, letter, text, etc.)

    (c)  The sum and substance of any such correspondence.

**Response:**

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996)

27. Set forth the nature, basis, amount, and manner of computation of all monetary relief and/or damages (including but not limited to attorneys' fees) that you are seeking from the defendants, JOHN HENDRIQUES and BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, and identify all documents concerning the information requested herein;

**Response:**

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996)

28. Identify all written correspondence, including e-mails, letters, facsimiles, texts, etc., between the plaintiffs and <u>any</u> of the defendants in the instant action, regarding the allegations set forth in the plaintiff's Second Amended Complaint.

**Response:**

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996)

29. Set forth whether the plaintiff kept any handwritten/typewritten records, including diaries, regarding any of the meetings, telephone calls, correspondence, etc., between

plaintiff and the defendants as referenced in the plaintiff's Second Amended Complaint, and if so, identify each and every such item.

**Response:**

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996)

30. Set forth in detail whether any telephone conversations occurred between the plaintiff and <u>any</u> of the defendants in the instant action on or prior to June 16, 2006, relating to any of the allegations set forth in the plaintiff's Second Amended Complaint, and if so, provide the following details thereof:

    (a)    The date, time and location of said telephone call;

    (b)    The participants in said telephone call;

    (c)    The sum and substance of the conversation in such telephone call;

**Response:**

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996)

31. Set forth whether the plaintiff was ever provided with a copy of any written manual containing "grooming requirements" of <u>any</u> of the defendants on or prior to June 16, 2006, and if so, set forth the date plaintiff received any such "manual", identify the person/entity that provided same to plaintiff, and attach a copy of same.

**Response:**

Plaintiff objects to this request as outside the scope of FRCP 33(a).  See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996)

32. Identify all documents provided or received by you to or from the Equal Opportunity Employment Commission.

**Response:**

Plaintiff objects to this request as outside the scope of FRCP 33(a). See McCarthy v. Paine Webber, 168 F.R.D. 448 (D. Conn. 1996)

Dated: Brooklyn, NY
       February 6, 2008

                          Respectfully submitted,

                          Nkereuwem Umoh
                          255 LIVINGSTON STREET, 4TH FLOOR
                          BROOKLYN, NEW YORK  11217
                          Attorneys for Plaintiff
                          Tele No.: (718) 360-0527
                          E-mail: numoh@umohlaw.com

TO:
Harold J. Derschowitz
Attorneys for Defendants
BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, s/h/i as TRUMP WORLD TOWERS, and JOHN HENDRIQUES, s/h/i as JOHN HENDRICK
120 Broadway
New York, New York  10271
(212)  964-6611


DEBORAH MARTIN NORCROSS
MARTIN NORCROSS, LLC
110 WALL STREET, RCG SUITE 26th FLOOR
NEW YORK, NEW YORK  10004
Attorneys for Defendant
PLUS ONE FITNESS and
JAMIE MACDONALD
E-Mail: dmnorcross@martinnorcross.com

State of New York

County of Kings

Personally appeared before me, the undersigned authority, Jordan Mann, who after having been first duly sworn, stated on oath that the maters and facts set forth in the above action and foregoing Responses to Document Requests are true and correct to the best of his knowledge, information and belief.

_____

Sworn to and subscribed before me this _____ day _____of 2008

## **CERTIFICATE OF SERVICE**

I, Nkereuwem Umoh, attorney for plaintiff in the above styled and numbered civil action, do hereby certify that I have this day e-mailed and delivered postage prepaid, a true and correct copy of the above foregoing Plaintiff's Responses to Defendants' First Set of Document Requests and Interrogatories and Discovery demands to the following counsel of record:

Deborah Martin Norcross, Esq.
**MARTINNORCROSS LLC**
110 Wall Street
RCG Suite, 26th Floor
New York, NY 10004
   -and-
60 Marion Road West
Princeton, NJ 08540
(609) 249-5860
(609) 945-3912 Fax

Harold J. Derschowitz, Esq.
LESTER SCHWAB KATZ & DWYER, LLP
120 Broadway

New York, NY 10271
hderschowitz@lskdnylaw.com