LSK&D #: 163-8001 / 1079504
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JORDAN MANN,

                        Plaintiff,

-against-

PLUS ONE FITNESS; TRUMP WORLD TOWERS "ROBERT" DOE; JOHN HENRIQUES, JAMIE MACDONALD DOES 1-10 Inclusive

                        Defendants.
------------------------------------------------------------------x

**Docket No.: 07 CV 5691 (NRB)**

**DECLARATION IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO PRECLUDE OR COMPEL**

     Harold J. Dershowitz, Esq., counsel for the defendants, BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, s/h/i as "TRUMP WORLD TOWERS", and JOHN HENRIQUES (henceforth collectively "TRUMP Defendants"), hereby respectfully submits this Certification in further support of the TRUMP Defendants' motion to preclude under Fed. R. Civ. P. 37(b)(2) and (c) or to compel under Fed. R. Civ. P. 37(a).

## BACKGROUND

     1.    The TRUMP Defendants previously served and filed with the Court, on August 28, 2008, a motion to preclude or compel plaintiff. Despite plaintiff's failure to timely oppose said motion, or to request an extension of time from adverse counsel or the Court prior to the expiration of the four (4) day period within which to oppose said motion under Local Rule 6.1(a), plaintiff's counsel nevertheless filed opposition papers and a cross-motion with the Court in the late evening hours of September 8, 2008, a full three (3) days <u>after</u> his time to oppose same had expired. Although your affirmant wrote to the Court on September 5, 2008, at the end of the business day, advising that we had

yet to receive opposition papers to our motion or any request from plaintiff's counsel for an extension to submit same, and had requested that the Court grant the TRUMP Defendants' motion as "unopposed" as a result thereof (see **Exhibit "1"**), we did not hear back from the Court or from plaintiff's counsel with regard thereto.  Nevertheless, in the late evening hours of September 8, 2008, plaintiff's counsel filed not only opposition papers but a cross-motion to preclude as well.  Your affirmant then wrote to the Court on the morning of September 9, 2008, again requesting that the TRUMP Defendants' motion be granted as "unopposed" based upon plaintiff's failure to timely oppose same, or in the alternative, that if the Court was nevertheless going to accept the plaintiff's opposition papers and cross-motion, that your affirmant be provided an extension of time to oppose/reply to same, up to and including September 12, 2008. (See **Exhibit "2"**.

2.   Having not heard back from the Court with regard to your affirmant's letters of September 5 and September 9, 2008, your affirmant hereby submits the instant declaration in further support of the TRUMP Defendants' motion to preclude or compel, and respectfully requests that the Court accept same.

### THE TRUMP DEFENDANTS' MOTION TO PRECLUDE OR COMPEL SHOULD BE GRANTED AS "UNOPPOSED" DUE TO PLAINTIFF'S FAILURE TO TIMELY OPPOSE SAME

3.   As indicated above, the TRUMP Defendants filed their motion to preclude with the Court on August 28, 2008.  Pursuant to Local Rule 6.1(a), "(2) any opposing affidavits and answering Memoranda of Law shall be served within **four business days** after service of the moving papers."  (Emphasis added.)

4.   Based on the above-mentioned time requirements as set forth in the Local Civil Rules, plaintiff's opposition papers had to be filed with the Court by no later than

<u>September 4, 2008</u>.  (This calculation is based on the four (4) business days <u>following</u> service of the TRUMP Defendants' motion upon the plaintiff's motion, namely August 29, September 2, 3 and 4, 2008.)  During the aforesaid time period, your affirmant's office was not contacted by plaintiff's counsel, either by telephone or in writing (including e-mail), seeking an extension of time in which to oppose said motion, nor were we informed that plaintiff had sought any such extension from co-defendants' counsel or the Court during said time period.  Accordingly, as the end of business day of September 5, 2008 approached, and as we had still not received any communication from plaintiff's counsel seeking such an extension or providing an explanation as to why counsel's opposition papers had not been timely served, your affirmant wrote to the Court before the end of business day on September 5, 2008, requesting that the TRUMP Defendants' motion be granted as "unopposed" due to plaintiff's failure to timely file opposition papers or to seek a request for an extension prior to the expiration of said time period.  (See **Exhibit "1"**).

5. Despite the foregoing, and with still no communication, either verbal or written, from plaintiff's counsel with regard to the status of the TRUMP Defendants' motion to preclude or compel and the plaintiff's failure to timely oppose same, your affirmant's office was served with plaintiff's opposition papers and cross-motion in the late evening hours of September 8, 2008, <u>three (3) days after</u> plaintiff's time had expired to serve same.  In response thereto, your affirmant wrote to the Court on the early morning of September 9, 2008, once again requesting that the TRUMP Defendants' motion to preclude or compel be granted "unopposed" and requesting that plaintiff's opposition papers and cross-motion be disregarded by the Court as untimely.  (See

**Exhibit "2"**).  We have not received any response from the Court to our aforesaid letters of September 5 and September 8, 2008.

6. It was not until the deposition of defendant John Henriques had been completed on September 9, 2008, that plaintiff's counsel advised that he had in fact engaged in an *"ex parte"* conversation with a person at the Court whose name he could not identify, on Friday, September 5, 2008, to request an extension of time to oppose the defendants' motions, and that said extension had been granted.  We have not received any confirmation from the Court, written or otherwise, that this was in fact the case.

7. In addition to the questionable circumstances surrounding the purported extension, there can be no dispute that the plaintiff should not have been permitted to conduct an "ex parte" conversation with the Court concerning the seeking of an extension of time to oppose the defendants' motions, inasmuch as same is not only in violation of the Court Rules, but plaintiff was also required to have requested the extension <u>first</u> from movants' respective counsel prior to contacting the Court with regard thereto.  Moreover, one must question the motivation of plaintiff's counsel in not only failing to apprise adverse counsel that the Court purportedly granted his request for an extension of time to oppose the instant motion on September 5, 2008, but thereafter purposefully filing the opposition papers and cross-motion in the late evening hours of September 8, 2008, knowing full well that depositions of two (2) witnesses for the defendants were scheduled the next day, thereby insuring that the defendants' respective opposition papers could not be filed with the Court on September 9, 2008.

8.  In view of the plaintiff's failure to timely file opposition papers to the TRUMP Defendants' motion to preclude and compel, and plaintiff's failure to request an extension of time to oppose same prior to the expiration of the four (4) day time period under Local Rule 6.1(a), it is respectfully requested that the plaintiff's opposition papers and cross-motion be rejected by the Court as untimely, and that the TRUMP Defendants' motion to preclude or compel be granted as "unopposed."

### PLAINTIFF'S CROSS-MOTION IS IMPROPER AND MUST BE REJECTED BY THE COURT

9.  In addition to the untimely filing of plaintiff's opposition papers, plaintiff's counsel also attempted to submit a "cross-motion" seeking preclusion of certain materials produced at the plaintiff's deposition.  Such motion practice is blatantly improper and procedurally defective on its face, as plaintiff never complied with the pre-motion discovery dispute resolution requirements pursuant to Fed. R. Civ. P. 37 and Local Rule 37.2.  In this regard, we note that Fed R. Civ. P. 37(a)(1) provides as follows: "The motion must contain a certification that the movant has in good faith conferred … in an effort to obtain (disclosure or discovery) …"  It is readily apparent that plaintiff's counsel did not even attempt to satisfy this requirement, and provided no such certification in his moving papers that he had done so.

10.  Moreover, Local Rule 37.2 provides as follows:  "No motion under Rules 26 through 37 inclusive … shall be heard unless counsel for the moving party has first requested an informal conference with the Court …"  Once again, plaintiff made no such request, nor did his moving papers indicate that same was even attempted.

11.  In view of the foregoing, plaintiff's cross-motion is procedurally improper and defective, and must be rejected in its entirety.

**RESPONSE TO PLAINTIFF'S OPPOSITION PAPERS**

12.     Plaintiff's counsel continues to maintain that the TRUMP Defendants' first and second set of interrogatories are beyond the scope of Local Civil Rule 33.3 or FRCP 33(a), and makes much mention of the fact that the total number of demands set forth when adding up both the first and second set of interrogatories comes to a total of 63.  However, as indicated in your affirmant's original moving papers, plaintiff only responded to two (2) of the original set of the TRUMP Defendants' first set of interrogatories, while refusing entirely to respond to the TRUMP Defendants' second set of interrogatories.  Most importantly, plaintiff has failed to indicate that the items demanded in the TRUMP Defendants' first and second set of interrogatories, ***are identical***.  Therefore, plaintiff's attempt to total up the interrogatory numbers is simply a smokescreen, as plaintiff was clearly obligated to respond to defendants' second set of interrogatories served on May 30, 2008.  As set forth more fully in the TRUMP Defendants' motion to preclude or compel, the TRUMP Defendants' second set of interrogatories were clearly proper under Local Civil Rule 33.3(c), inasmuch as the discovery cut-off date at the time said interrogatories were served was June 30, 2008 (pursuant to the Court's amended Scheduling Order).  It is clearly disingenuous for plaintiff to claim that your affirmant needed to seek permission from the Court to serve a second set of interrogatories, when same was clearly permitted from the aforesaid Local Civil Rule 33.3(c), and especially since the sole reason for having to serve said second set of interrogatories was the plaintiff's failure to complete Court-Ordered discovery, including depositions (which presumably would have responded to the "contention" interrogatories prior thereto).

13. Lastly, plaintiff's counsel's claims that he is not required to furnish medical records or employment records (from the time of plaintiff's termination from Plus One to date) is <u>completely without merit</u>. Plaintiff is not only claiming to have suffered injury and emotional damages but lost earnings as well (see plaintiff's third amended complaint). Accordingly, plaintiff's continued failure to furnish medical records and employment records, in addition to failing to provide appropriate medical authorizations and <u>any</u> employment authorizations, must result in the plaintiff's preclusion from offering evidence as to any medical or emotional injuries she might have sustained or any lost earnings claim regarding employment in the instant action.

14. For the foregoing reasons, it is respectfully requested that the TRUMP Defendants' motion to preclude or compel be granted in its entirety, and that plaintiff's opposition papers and cross-motion be deemed "untimely" and disregarded by the court

I certify under the penalties of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:   New York, New York
         September 11, 2008

Respectfully submitted,

LESTER SCHWAB KATZ & DWYER, LLP

_____/S/_____
Harold J. Derschowitz (HJD-9910)
Attorneys for Defendants
BOARD OF MANAGERS OF TRUMP WORLD
TOWER CONDOMINIUM, s/h/i as "TRUMP
WORLD TOWERS", and JOHN HENRIQUES
120 Broadway
New York, New York  10271
(212) 964-6611

TO:

**Via E-mail: numoh@umohlaw.com**
LAW OFFICES OF CHIDI EZE
NKEREUWEM UMOH, ESQ.
255 LIVINGSTON STREET, 4TH FLOOR
BROOKLYN, NEW YORK  11217
Attorneys for Plaintiff
Tele No.: (718) 360-0527

**Via E-Mail: dmnorcross@martinnorcross.com**
DEBORAH MARTIN NORCROSS
MARTIN NORCROSS, LLC
110 WALL STREET, RCG SUITE 26th FLOOR
NEW YORK, NEW YORK  10004
Attorneys for Defendant
PLUS ONE FITNESS and
JAMIE MACDONALD

<u>Declaration of Service</u>

I served the annexed **DECLARATION IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO PRECLUDE OR COMPEL** by e-mail on the following persons on September 11, 2008:

**<u>Via E-mail: numoh@umohlaw.com</u>**
LAW OFFICES OF CHIDI EZE
NKEREUWEM UMOH, ESQ.
255 LIVINGSTON STREET, 4TH FLOOR
BROOKLYN, NEW YORK  11217

**<u>Via E-Mail: dmnorcross@martinnorcross.com</u>**
DEBORAH MARTIN NORCROSS
MARTIN NORCROSS, LLC
110 WALL STREET, RCG SUITE 26th FLOOR
NEW YORK, NEW YORK  10004

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 11, 2008.

_____/S/_____
STACY STANFORD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JORDAN MANN,

                                    Plaintiff,

                -against-

PLUS ONE FITNESS; TRUMP WORLD
TOWERS "ROBERT" DOE; JOHN
HENRIQUES, JAMIE MACDONALD DOES 1-
10 Inclusive

                                Defendants.
----------------------------------------------------------------x

**Docket No.: 07 CV 5691 (NRB)**

**DECLARATION IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO PRECLUDE OR COMPEL**

**LESTER SCHWAB KATZ & DWYER, LLP**

**ATTORNEYS FOR**    **Defendants**
**BOARD OF MANAGERS OF TRUMP WORLD TOWER CONDOMINIUM, S/H/I AS "TRUMP WORLD TOWERS", AND JOHN HENRIQUES**

120 BROADWAY
NEW YORK, N.Y. 10271-0071
(212) 964-6611
FAX:  (212) 267-5916